IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| RALPH E KROLIK, M.D., | No. CV 05-315-PHX-FJM |
| Plaintiff, | **ORDER SETTING RULE 16 SCHEDULING CONFERENCE** |
| v. | |
| UNITED STATES MEDICAL LICENSING EXAMINATION, et al, | |
| Defendants. | |

Pursuant to Local Rule Civil 16.2 governing differentiated case management, this action, which commenced on January 27, 2005, is designated a **standard track** case. Accordingly,

**IT IS HEREBY ORDERED:**

Pursuant to Rule 16, Federal Rules of Civil Procedure, a Pretrial Scheduling Conference is set for **September 16, 2005 at 3:00 p.m.** in Courtroom 506, Fifth Floor, Sandra Day O'Connor U.S. District Courthouse, 401 W. Washington Street, Phoenix, Arizona. Counsel are directed to Rule 16 for the objectives of this conference. Counsel may appear by telephone.

**IT IS FURTHER ORDERED** that all parties are directed to meet at least 21 days before the scheduling conference, in accordance with Rule 26(f), Federal Rules of Civil Procedure, to discuss the following matters:

1. The possibility of consent to trial before a United States Magistrate Judge pursuant to 28 U.S.C. §636(c).

2. Any matters relating to jurisdiction, venue or



joinder of additional parties;

    3.   The nature and bases of their claims and defenses and the possibilities for a prompt settlement or resolution of the case;

    4.   A schedule of all pretrial proceedings, including any evidentiary hearings pursuant to Rule 702, Federal Rules of Evidence;

    5.   Arrangements for Initial Disclosures in compliance with Rule 26(a)(1) of the Federal Rules of Civil Procedure. Initial Disclosures shall be made at the initial Rule 26(f) case management meeting or within 10 days after the meeting;

    6.   The subjects on which discovery may be needed and when discovery should be completed.

    **IT IS FURTHER ORDERED** that at the Rule 26(f) Case Management Meeting, the parties shall develop a **PROPOSED CASE MANAGEMENT PLAN**. This plan shall include individually numbered <u>brief</u> statements concerning:

    1.   The nature of the case, setting forth in <u>brief</u> statements (no more than one-half page each side) the factual and legal basis of plaintiff's claims and defendant's defenses;

    2.   A brief skeletal list of the elements of proof necessary for <u>each</u> count of the Complaint and each affirmative defense (no more than two pages);

    3.   The factual and legal issues genuinely in dispute (no more than one page each side);

    4.   The jurisdictional basis of the case, citing specific statutes. Specify the place of incorporation and principal place of business of corporations, and the states of

citizenship of all members of unincorporated entities including partnerships, LLCs, etc.;

5. Parties, if any, which have not been served, as well as parties which have not filed an answer or other appearance, including fictitious parties. Unless counsel can otherwise show cause, an order shall accompany the joint report dismissing any party which has not been served, fictitious or unnamed parties, or seeking default judgment against any non-appearing party;

6. The names of parties not subject to the Court's jurisdiction;

7. Whether there are dispositive or partially dispositive issues to be decided by pretrial motions, and the legal issues about which any pretrial motions are contemplated;

8. Whether the case is suitable for reference to a United States Magistrate Judge for settlement conference;

9. The status of related cases pending before other judges of this Court or before other courts;

10. A statement of when initial disclosures were made or will be made;

11. Proposed dates for:
   (a) Last day to file motions to amend the complaint and to join additional parties.
   (b) Disclosure of expert testimony by plaintiff under Rule 26(a)(2), Fed. R. Civ. P.
   (c) Disclosure of expert testimony by defendant under Rule 26(a)(2), Fed. R. Civ. P.
   (d) Disclosure of rebuttal expert testimony.
   (e) Disclosure of all witnesses, exhibits and other

          matters under Rule 26(a)(3), Fed. R. Civ. P.
- (f) Closure of all discovery.
- (g) Last day to file dispositive motions.
- (h) The lodging of a joint proposed pretrial order (about 120 days after last day to file dispositive motions).
- (i) The final pretrial conference (on a Friday at 3:00 p.m. about one week after lodging proposed pretrial order and two weeks before trial).
- (j) Firm trial date (second Tuesday of month at 9:00 a.m.);

    12. The estimated length of trial, and any suggestions for shortening the trial;

    13. Whether a jury trial has been requested and whether the request for a jury trial is contested. If the request for a jury trial is contested, the Proposed Case Management Plan shall set forth the reasons that a trial by jury is in dispute.

**IT IS FURTHER ORDERED** that counsel shall <u>jointly file</u> their Proposed Case Management Plan with the Clerk of the Court **not less than five (5) days** before the Pretrial Scheduling Conference. No extensions of time will be granted.

**IT IS FURTHER ORDERED** that it is the responsibility of counsel for the Plaintiff(s) to initiate the communications necessary to prepare the joint Proposed Case Management Plan. Once contacted by counsel for Plaintiff(s), counsel for Defendant(s) shall act expeditiously to participate in the preparation of the Case Management Plan.

**IT IS FURTHER ORDERED** that the Court, after consultation

with counsel and the parties, will enter a Rule 16(b) Scheduling Order concerning, inter alia, discovery, the filing of a pretrial order, the holding of a Final Pretrial Conference, and the setting of a trial date. To the extent that the Court's Rule 16 Scheduling Order differs from the parties' Proposed Case Management Plan, the provisions of the Court's Order shall supersede the parties' Proposed Case Management Plan and shall control the course of this action unless modified by subsequent Order of this Court. The parties and their counsel are all cautioned that the deadlines set in the Rule 16 Scheduling Order shall be strictly enforced. No extensions will be granted due to case processing problems, discovery disputes or settlement negotiations.

DATED this 10th day of May, 2005.

Frederick J. Martone
United States District Judge