IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ralph E. Krolik,<br><br>        Plaintiff,<br><br>vs.<br><br>National Board of Medical Examiners,<br><br>        Defendant. | No. 05-CV-0315-PHX-FJM<br><br>**ORDER** |

Before the court are Defendant's Motion to Dismiss Counts Two and Three pursuant to Rule 12(b)(6) (doc. 14), Plaintiff's Response (doc. 17), Plaintiff's Motion for Leave to Amend his Complaint (doc. 18), Defendant's Response (doc. 19), and Plaintiff's Reply (doc. 22).

Plaintiff alleges he obtained a medical degree from the School of Medicine at the American University of the Caribbean. Plaintiff's Complaint ¶ 10. In order to be permitted to practice medicine in the United States, a graduate of a foreign medical school must pass Steps 1 and 2 of the United States Medical Licensing Examination (USMLE). *Id.* at ¶ 20. Plaintiff alleges that he suffers from Attention Deficit/Hyperactivity Disorder (ADHD) and seeks reasonable accommodations in connection with his registration for the USMLE. *Id.* at ¶ 11. Defendants denied his request. *Id.* at ¶ 12.

**Motion to Dismiss**

The National Board of Medical Examiners (NBMA) moves to dismiss counts two and three of Plaintiff's complaint for failure to state a claim. NBMA argues that count two, age discrimination under the Age Discrimination in Employment Act, 29 U.S.C. §§ 623 *et seq.,* should be dismissed because Plaintiff alleges no employment action by the NBME and because he fails to allege that he exhausted his administrative remedies. NBMA moves to dismiss count three, discrimination under the Rehabilitation Act, because the complaint fails to allege any "program or activity" of the NBME that receives "federal financial assistance" as required by 29 U.S.C. § 794.

Plaintiff concedes that count two should be dismissed, but without prejudice. Plaintiff also concedes that count three fails to allege that NBME received federal financial assistance, but seeks leave to amend. We will grant Defendant's motion to dismiss.

**Motion to Amend the Compliant**

Plaintiff seeks leave to amend his complaint to add allegations to meet the pleading requirements of the Rehabilitation Act claim, to delete dismissed defendants from the caption, and to change his ADEA claim to a 42 U.S.C. § 1983 claim for violation of the Fourteenth Amendment.

Defendant does not oppose an amendment to the Rehabilitation Act count. Nor does Defendant oppose an amendment to the caption. But Defendant does contend that Plaintiff's proposed age discrimination claim based on the Fourteenth Amendment and § 1983 is futile. Defendant argues that outside of the employment context, age-related classifications are presumptively rational, and that it is rational for NBME to seek evidence of the purported disability in an applicant's school records.

To state a claim under the Equal Protection Clause, a plaintiff "must plead intentional unlawful discrimination or allege facts that are at least susceptible of an inference of discriminatory intent." *Monteiro v. Tempe Union High Sch. Dist.*, 158 F.3d 1022, 1026 (9th Cir. 1998). Plaintiff pleads that "NBMA's actions and policy in denying Krolik reasonable accommodations to take the USMLE Step 1 and Step 2 tests are intentional discrimination

- 2 -

with deliberate indifference to a strong likelihood that a violation of federally protected rights will result from the implementation of the challenged policy." Plaintiff's Proposed Amended Complaint ¶ 16. Plaintiff alleges that because of his age, he could not show an ADHD diagnosis in elementary school records, and thus the policy is discriminatory. But in response to Defendant's assertion that it does not expect a diagnosis for a condition that was not labeled at the time, but only evidence of the disability, Plaintiff asserts only that there was evidence of disability. This is not an age discrimination claim. Accordingly, Plaintiff's motion for leave to allege a claim of age discrimination under 42 U.S.C. § 1983 is denied on grounds of futility.

**IT IS THEREFORE ORDERED, GRANTING** Defendant's Motion to Dismiss Counts Two and Three (doc. 14).

**IT IS FURTHER ORDERED, GRANTING** Plaintiff's Motion to Amend his Complaint as to count 3 (the Rehabilitation Act claim) but **DENYING** it as to count 2 (the § 1983 age claim)(doc. 18). Plaintiff shall file an amended complaint with a caption that deletes dismissed defendants and asserts only counts one and three.

DATED this 25th day of July, 2005.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge