INDEX OF EXHIBITS TO
OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION

EXHIBIT 1          Declaration of Joseph Abram Doane

EXHIBIT 2          Report of Michael Gordon, Ph.D.

EXHIBIT 3          Declaration of Joseph E. Bernier, Ph.D.

EXHIBIT 4          Record of Examination

# EXHIBIT 1

**OSBORN**
**MALEDON**

A PROFESSIONAL ASSOCIATION
ATTORNEYS AT LAW

The Phoenix Plaza
21st Floor
2929 North Central Avenue
Phoenix, Arizona 85012-2794

P.O. Box 36379
Phoenix, Arizona 85067-6379

Telephone      602.640.9000
Facsimile      602.640.9050

1   Diane M. Johnsen, 007634
    John L. Blanchard, 018995
2   Ronda R. Fisk, 022100
    OSBORN MALEDON, P.A.
3   2929 North Central Avenue, Suite 2100
    Phoenix, Arizona  85012-2794
4   (602) 640-9000
    Email:  djohnsen@omlaw.com
5   Email:  jblanchard@omlaw.com
6   Email:  rfisk@omlaw.com

7
    Attorneys for National Board of Medical Examiners,
8   Federation of State Medical Boards of the United States, Inc.,
    Educational Commission for Foreign Medical Graduates
9

10

11              IN THE UNITED STATES DISTRICT COURT

12                  FOR THE DISTRICT OF ARIZONA

13
    Ralph E. Krolik, M.D.,                    )   No. CV05-0315 PHX FJM
14                                            )
                   Plaintiff,                 )
15                                            )   **DECLARATION OF JOSEPH**
    vs.                                       )   **ABRAM DOANE IN SUPPORT**
16                                            )   **OF DEFENDANT'S**
    United States Medical Licensing           )   **OPPOSITION TO MOTION**
17  Examination, a joint program of the       )   **FOR PRELIMINARY**
    Federation of State Medical Board of the  )   **INJUNCTION**
18  U.S., Inc., and the National Board of     )
    Medical Examiners, Federation of the      )
19  State Medical Board of the U.S., Inc.,    )
    National Board of Medical Examiners,      )
20  Educational Commission for Foreign        )
    Medical Graduates,                        )
21                                            )
                   Defendants.                )
22

23          I, Joseph Abram Doane, having been duly sworn, hereby depose and state:

24          1.      I am Manager, Disability Services and ADA Compliance Officer,

25  Testing Programs, at the National Board of Medical Examiners ("NBME").  I make

26

1    this declaration based on my personal knowledge except where stated to be on
2    information or belief.

3        2.     As Manager, Disability Services and ADA Compliance Officer, Testing
4    Programs, my duties include, among other things, operational responsibility for the
5    subunit that deals with test accommodations processing and decision making.

6        3.     The NBME, together with the Federation of State Medical Boards, has
7    created and established the United States Medical Licensing Examination
8    ("USMLE"). The USMLE is an examination, the results of which are used by
9    individual state medical licensing authorities to assess the qualifications of candidates
10   for medical licenses. The examination is designed to screen out unqualified
11   individuals. Consequently, it tests minimum knowledge and skills; an examinee can
12   pass the test by answering correctly about 60-70% of the questions.

13       4.     The USMLE is an integral component of each state's effort to ensure
14   that only competent and qualified individuals are licensed to practice medicine. All
15   fifty states rely on the USMLE to identify those who are qualified to enter the
16   profession and those who are not qualified to become physicians. The NBME takes
17   its role as the testing organization for medical licensure seriously. Maintaining the
18   integrity of the testing process is a critical part of the NBME's obligation to protect
19   the public safety.

20       5.     There are three phases of the USMLE, known as "Steps." Step 1
21   assesses whether an applicant can understand and apply important concepts of the
22   sciences basic to the practice of medicine, with special emphasis on the principles and
23   mechanisms underlying health, disease and modes of therapy. Step 2 consists of
24   separate clinical knowledge ("CK") and clinical skills ("CS") components. Step 3 is
25   often taken after receipt of a medical degree, usually during or after the first year of

26

2

1  residency training.  A medical residency must be completed before one is licensed to
2  practice medicine.  Passage of all three Steps is accepted by all U.S. medical licensing
3  authorities to satisfy the examination requirements for licensure as a physician.

4        6.     I am told that Dr. Ralph E. Krolik is a graduate of the American
5  University of the Caribbean Medical School.  As a graduate of a foreign (non-U.S.
6  and non-Canadian) medical school, Dr. Krolik must take and pass Steps 1 and 2 of the
7  USLME in order to become eligible to be certified by the Educational Commission of
8  Foreign Medical Graduates ("ECFMG") to obtain a medical residency.

9        7.     Steps 1 and 2 are offered year-round at Test Centers operated around the
10  world by Thomson Prometric ("Prometric"), the NBME's test-delivery vendor.
11  Eligible registrants must select a three-month period during which they wish to take
12  the exam.  Upon completion of the registration process and a confirmation of the
13  individual's eligibility to take the exam, NBME sends to each registrant a Scheduling
14  Permit, which specifies the three-month eligibility period during which the registrant
15  must complete the examination.  It is then the registrant's responsibility to contact
16  Prometric to schedule a test date at his or her preferred Prometric center during that
17  three-month period.  If a registrant is unable to take the examination within his or her
18  eligibility period, extensions are available to take the test during the contiguous three-
19  month eligibility period.

20        8.     The NBME is responsible for ensuring that Steps are administered
21  under standard conditions in order to ensure the integrity and meaning of the scores
22  and in order to protect the public's interest in the medical licensure process.  For this
23  reason, the NBME is responsible for ensuring that no examinee or group of examinees
24  receives unfair advantage over another.

25

26

1031051v3

9.    With respect to Steps 1 and 2, it is also the responsibility of the NBME to ensure that persons with disabilities as defined by the Americans with Disabilities Act ("ADA") receive reasonable accommodations when they take the test.  The purpose of providing reasonable and appropriate accommodations is to afford registrants with disabilities equal, not preferential, access to the examination process. The public thus should have the benefit of the skills of qualified physicians who may be disabled, but should not be subject to treatment by unqualified physicians.

10.   The NBME website provides detailed instructions and guidelines for registrants to follow when applying for accommodations.  Registrants for the Steps who believe they are disabled and seek reasonable accommodations are required to complete an "Examinee's Request for Accommodation" ("Request") regarding the nature of their disability, the type of accommodation sought and history of prior accommodations.  In addition, they are required to provide to NBME documentation from qualified experts describing the disability and explaining the appropriateness of the type of accommodations requested.

11.   The Disability Services Office of the NBME reviews requests for test accommodation for the USMLE.  A staff of seven employees of the NBME processes requests in a timely manner and responds to telephone inquiries.

12.   Upon receipt of the required information from the registrant for test accommodations for Step 1 or Step 2, NBME consults with outside experts with expertise in the diagnosis and treatment of the disability described by the registrant, to assist it in determining whether the registrant's submission supports the diagnosis of a disability as defined by the ADA and the accommodations requested.  Once completed, a request from a registrant claiming multiple disabilities will be forwarded to an expert in each of the appropriate fields.  For example, if a registrant requests test

4

1    accommodations claiming both a Learning Disorder and adult Attention

2    Deficit/Hyperactivity Disorder ("ADHD"), the registrant's materials usually would be

3    referred to a consultant with expertise in Learning Disorders and to one with expertise

4    in diagnosing and treating ADHD.

5          13.    The expert reviews each assigned case and writes a detailed report with

6    recommendations to the NBME as to whether the documentation meets the diagnostic

7    criteria and whether the requested accommodations are appropriate.  Based on the

8    review and recommendation of its experts, and on internal review, NBME either

9    grants or denies the request for accommodations or requests additional information.

10         14.    The NBME has created an open and flexible process whereby an

11   individual may submit additional material for consideration.  As a result, registrants

12   are encouraged to submit their requests for accommodations early so that there is time

13   for submission and review of additional information if needed.  Registrants whose

14   requests lack sufficient data are informed that the NBME will accept additional

15   information and will re-review the file for a subsequent test administration.

16         15.    From September 1995 through Fall 2004, Dr. Krolik unsuccessfully

17   took Step 1 of the USMLE seven times (September 27, 1995; October 15, 1996; June

18   10, 1997; October 14, 1997; June 9, 1998; October 20, 1998; and July 29, 1999).

19   During this same time period, he unsuccessfully took Step 2 (CK) of the USMLE six

20   times (August 27, 1996; March 4, 1997; March 3, 1998; August 25, 1998; March 2,

21   1999; and October 31, 2000).

22         16.    Dr. Krolik first requested testing accommodations in connection with

23   the USMLE in September 1998.  At that time, the ECFMG  reviewed and determined

24   the outcome of applications for accommodations filed by students and graduates of

25   foreign medical schools, such as Dr. Krolik.  Since 1999, the NBME, on behalf of

26

1031051v3

USMLE, has assumed responsibility for reviewing and determining accommodation applications filed by students and graduates of foreign medical schools.

17.     A true and correct copy of the application that Dr. Krolik sent to the ECFMG, dated September 10, 1998, is attached hereto as Exhibit A.  I understand from the file that Dr. Krolik withdrew that application before it was acted upon.

18.     According to file materials, Dr. Krolik shortly thereafter renewed his application for accommodations under the ADA.  Over the next few months, documentation submitted in support of Dr. Krolik's application consisted of two letters from a psychiatrist, Dr. Gayle Wurzlow, dated September 11, 1998, and December 16, 1998, and a handwritten letter from Dr. Krolik dated September 10, 1998.  The ECFMG requested that Dr. Krolik's documentation be reviewed by two separate psychologists, Michael Gordon, Ph.D., and Kevin Murphy, Ph.D.  Dr. Gordon and Dr. Murphy each concluded that Dr. Krolik's documentation failed to adequately support a diagnosis of ADHD and that the documentation did not evidence significant functional impairment.  Each therefore recommended that Dr. Krolik's request be declined.  By letter dated February 23, 1999, the ECFMG declined to grant Dr. Krolik's request for testing accommodations.  A true and correct copy of the February 23, 1999 letter is attached hereto as Exhibit B.

19.     According to the file, on or about March 10, 1999, the ECFMG received a letter dated March 9, 1999, from Dr. Krolik's current counsel, Pete V. Domenici, Jr.  A true and correct copy of Mr. Domenici's letter is attached hereto as Exhibit C.  In his letter, Mr. Domenici asserted that Dr. Krolik's rights had been violated and that the ECFMG might be liable for actual and consequential damages for declining Dr. Krolik's request.  He further requested that the ECFMG "rectify" its decision to deny Dr. Krolik's request for accommodations.

1031051v3

1       20.    According to the file, Dr. Krolik early in 1999 also submitted a request

2  under the ADA to take Step 1 of the USMLE using paper and pencil, instead of the

3  standard administration by computer.  The NBME on behalf of USMLE responded to

4  Dr. Krolik by asking for more information.  In response to the request by the NBME

5  on behalf of USMLE for more information, Dr. Krolik sent by facsimile a handwritten

6  letter dated April 9, 1999, in which he said there was "no other documentation that

7  will or can be furnished" with respect to his accommodation request.  A true and

8  correct copy of Dr. Krolik's April 9, 1999 letter is attached hereto as Exhibit D.  Dr.

9  Krolik closed his letter by saying he did not want to postpone taking Step 1 of the

10  USMLE, and that he would proceed with his examination as previously scheduled.

11  Referring to his claimed attention deficit disorder, he said he would "let the legal

12  system decide the outcome of my ADD."  In response to Dr. Krolik's April 9, 1999

13  letter, the USMLE sent him a letter dated April 13, 1999, acknowledging Dr. Krolik's

14  statement that he would not be providing any additional information.  A true and

15  correct copy of the NBME's April 13, 1999 letter on behalf of the USMLE is attached

16  here to as Exhibit E.

17       21.    On or about May 14, 1999, as additional evidence in support of his

18  ADHD diagnosis, Dr. Krolik submitted some of his early school report cards, which

19  he said had recently been found among his deceased parents' papers.  His May 14,

20  1999 letter noting the report cards asked for "special testing" for an upcoming Step 1

21  examination based on "ADD."  In the same letter, Dr. Krolik said that he was filing a

22  "vigorous official complaint" with the U.S. Department of Labor under the ADA.  A

23  true and correct copy of Dr. Krolik's May 14, 1999 letter is attached hereto as Exhibit

24  F.

25

26

1031051v3

22.     In response to Dr. Krolik's May 14, 1999 letter and its receipt of his report cards, the NBME conducted a re-review of Dr. Krolik's request for accommodations. As part of this request, it sought and obtained a second report from Dr. Gordon, who concluded that Dr. Krolik still had not provided evidence that ADHD symptoms persist and were impairing. By letter dated June 18, 1999, the USMLE notified Dr. Krolik that after a thorough re-review of his request for test accommodations, including the report cards, his request for accommodations was denied.

23.     In April 2001, USMLE received a letter and report dated April 3, 2001, by Grant Butterbaugh, Ph.D., in support of a request by Dr. Krolik for testing accommodations. Although the USMLE's procedures require that an applicant must register for an examination in order to have his application for accommodations reviewed, according to the file, Dr. Krolik asked that his request for accommodations be ruled upon before he registered. The USMLE responded by letter dated April 25, 2001, saying that it would begin review of his accommodation request once Dr. Krolik registered for an examination. According to the file, Dr. Krolik did not provide additional information, and did not register for any USMLE Step during 2001. Therefore, no action was taken by USMLE at that time with respect to Dr. Krolik's documentation.

24.     In 2003, Dr. Krolik filed another Request for accommodations under the ADA in connection with his application to take Steps 1 and 2 of the USMLE. A true and correct copy of his Request, dated November 3, 2003, is attached hereto as Exhibit G. Dr. Krolik also sent by facsimile a signed statement, which the NBME received on November 5, 2003. A true and correct copy of that statement is attached hereto as Exhibit H. Also in support of his Request, the NBME received a letter dated

8

1031051v3

1    September 18, 2003, from Dr. Wurzlow (along with another copy of her December
2    16, 1998 letter) and Dr. Butterbaugh's letter and report dated April 3, 2001.

3        25.    In response to Dr. Krolik's documentation, the NBME sent a letter to
4    Dr. Krolik dated November 10, 2003, in which it informed Dr. Krolik that the
5    information submitted on his behalf was incomplete. A true and correct copy of the
6    NBME's November 10, 2003 letter is attached hereto as Exhibit I. The NBME
7    subsequently received a revised letter dated December 19, 2003, and report from Dr.
8    Butterbaugh on behalf of Dr. Krolik's application.

9        26.    Dr. Krolik's documentation indicated that he sought special
10   accommodations under the ADA based on a claimed substantial impairment due to
11   ADHD and on a separate Learning Disability related to reading. Therefore, NBME
12   referred Dr. Krolik's documentation to Dr. Gordon (for his recommendation as to the
13   claimed ADHD) and to Joseph E. Bernier, Ph.D (for his recommendation as to the
14   claimed Learning Disability).

15       27.    In a report dated January 15, 2004 (see Exhibit D to the Gordon Report),
16   Dr. Gordon concluded that Dr. Krolik's documentation failed to offer any convincing
17   evidence of either early or current impairment associated with ADHD, and
18   recommended that Dr. Krolik's request for accommodations based on ADHD be
19   denied.

20       28.    In a report dated January 12, 2004 (see Exhibit B to the Bernier
21   Declaration), Dr. Bernier concluded that based on the documentation provided by and
22   on behalf of Dr. Krolik, Dr. Krolik was not a functionally impaired reader, and that he
23   suffered no Learning Disability connected with reading. Dr. Bernier recommended
24   that Dr. Krolik's request for accommodations based on a reading Learning Disability
25   be denied.

26

9

29.     By letter dated February 2, 2004, the NBME informed Dr. Krolik that it was unable to provide him with the testing accommodations he had requested. Based on the recommendations of Drs. Gordon and Bernier, NBME concluded that the documentation provided by and on behalf of Dr. Krolik did not demonstrate significant impairment compared with the average person in the general population, as the ADA requires. A true and correct copy of the NBME's February 2, 2004 letter is attached hereto as Exhibit J.

30.     By letter dated March 3, 2004, Dr. Krolik told the USMLE that he was "appealing" the denial of his request for accommodation, and said he would within a few weeks have further documentation to submit in support of his request for accommodations. A true and correct copy of Dr. Krolik's March 3, 2004 letter is attached as Exhibit K. USMLE responded to Dr. Krolik by letter dated March 5, 2004. In its letter, USMLE told Dr. Krolik that it would review his petition for reconsideration along with additional documentation he might submit. A true and correct copy of USMLE's March 5, 2004 letter is attached hereto as Exhibit L.

31.     Since December 2003, Dr. Krolik has not provided to NBME any additional documentation in support of his self-described appeal.

32.     On November 16, 2004, Dr. Krolik wrote a letter to the ECFMG in which he requested "an extension of the time" to take an examination, and stated that he was seeking legal counsel in connection with the denial of his request for testing accommodations.

33.     By letter dated November 17, 2004, NBME notified Dr. Krolik that because he had not provided any additional materials, it was closing its file on his request for accommodations. The letter added: "This action is not a denial of your request for test accommodations and does not prohibit you from submitting future

10

1  requests for this or any other administration of the USMLE." A true and correct copy

2  of NBME's November 17, 2004 letter is attached hereto as Exhibit M.

3       34.    I understand that Dr. Butterbaugh has asserted that NBME recently

4  "revised" its guidelines pertaining to analysis of psychoeducational tests submitted in

5  support of a registrant's application for testing accommodations. To the contrary,

6  consistent with the recommendations from our expert consultants, so far as I am

7  aware, NBME has always required that such tests be "normed" based on age, and not

8  based on grade level.

9       I declare under penalty of perjury under the laws of the United States that the

10  foregoing is true and correct.

11       Executed this _15th_ day of August, 2005.

12

13  Joseph Abram Doane

14

15

16

17

18

19

20

21

22

23

24

25

26

1031051v3

INDEX OF EXHIBITS TO
DECLARATION OF JOSEPH ABRAM DOANE
IN SUPPORT OF DEFENDANT'S OPPOSITION
TO MOTION FOR PRELIMINARY INJUNCTION


EXHIBIT A          Application Dr. Krolik sent to ECFMG, dated 9/10/98

EXHIBIT B          ECFMG 2/23/99 letter to Dr. Krolik

EXHIBIT C          Pete V. Domenici, Jr.'s 3/9/99 Letter to ECFMG

EXHIBIT D          Dr. Krolik's handwritten letter dated 4/9/99 sent via facsimile

EXHIBIT E          NBME's 4/13/99 letter on behalf of the USMLE to Dr. Krolik

EXHIBIT F          Dr. Krolik's May 14, 1999 to ECFMG

EXHIBIT G          Application of Dr. Krolik dated 11/3/03

EXHIBIT H          Dr. Krolik's signed statement received by NBME on 11/5/03

EXHIBIT I          NBME's 11/10/03 letter to Dr. Krolik

EXHIBIT J          NBME's 2/2/04 letter to Dr. Krolik

EXHIBIT K          Dr. Krolik's 3/3/04 letter to USMLE

EXHIBIT L          USMLE's 3/5/04 letter to Dr. Krolik

EXHIBIT M          NBME's 11/17/04 letter to Dr. Krolik

# EXHIBIT A

**UNITED STATES MEDICAL LICENSING EXAMINATION™ (USMLE™)**
Administered to Foreign Medical Graduates by the
Educational Commission for Foreign Medical Graduates (ECFMG)
3624 Market Street, Philadelphia, PA 19104-2685
Telephone: (215) 386-5900

## Questionnaire for USMLE™ Step 1 and 2 Applicants
## Requesting Test Accommodations

This questionnaire should be postmarked by the final published application deadline. Requests must be supported by documentation certifying the disability from a qualified professional appropriate for evaluating the disability. Review of a request for test accommodations will be deferred until the necessary documentation is submitted. Mail your completed questionnaire and documentation to Test Administration Coordinator, ECFMG, 3624 Market Street, Philadelphia, PA 19104-2685.

**Please type or print.  Please answer all questions and check off all appropriate boxes.**

1. Accommodations are requested for the following examination in 19 _98_ :
   ☐ Step 1 June    ☒ Step 1 October    ☐ Step 2 March    ☐ Step 2 August

2. Name _KROLIK_ _RACHA_ _E._
   Last / First / Middle Initial

3. Address _124 COOLIDGE ST._
   Street
   _JEFFERSON_ _LOUISIANA_ _USA_
   City / State/Province / Country
   _70121_ _(504) 828-5208_
   Zip Code / Daytime Telephone Number

4. SS# _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_    5. Date of Birth _11/22/44_

6. ECFMG/USMLE # (if known) _0-546-768-3_

7. Medical School _AMERICAN UNIVERSITY OF THE CARIBBEAN_

8. Center Requested (1) _NEW ORLEANS 17_ (2) ___ (3) ___
   City / Center No. / City / Center No. / City / Center No.

9. Nature of the Disability:
   ☐ Chronic Health Problem    ☐ Physical Disability    ☐ Visual Disability
   ☐ Hearing Disability    ☐ Temporary Accidental Injury    ☐ Other ___
   ☒ Learning Disability

*(OVER)*

FORM 269-S
REV. 1/97

10. In order to document your need for accommodation as completely as possible please attach, in addition to professional documentation, a personal statement describing your disability and its impact on your daily life and educational functioning.

11. How long ago was your disability first professionally diagnosed?
    ☒ less than 1 year    ☐ 1-2 years    ☐ 2-4 years    ☐ 5 or more years

12. What accommodation(s) are you requesting? Accommodation(s) must be appropriate to the disability.
    _INDIVIDUAL TESTING_
    _MORE TIME (2x)_

13. If you are requesting additional time, please indicate the amount of time **as supported by your documentation:**    ☐ 1 hr. per book    ☐ Time and one half    ☒ Double Time
    ☐ Other (please specify) _____

14. Do you require wheelchair access at the examination facility?    ☐ Yes    ☒ No

15. Prior classroom or testing accommodations that you have received:

    A. Standardized Examinations
       ☐ Medical College Admissions Test (MCAT)    Year _____
         Accommodation received _____
           (If extra time, note amount given _____ )
       ☐ Other    Year _____ _NONE_
         Accommodation received _____
           (If extra time, note amount given_____ )

    B. Medical School    ☐ Yes    ☐ No
       Accommodation received _____ _NONE_ _____
       Date approved _____
       If yes, have an appropriate official at your medical school complete the enclosed
       **Certification of Prior Test Accommodations** (Form 270-S).

    C. College/University    ☐ Yes    ☐ No
       If yes, accommodations received: _____

    D. Secondary or elementary school    ☐ Yes    ☐ No
       If yes, accommodations received: _____

16. Certification/Authorization:
    I certify that the above information is true and accurate. If test accommodations granted to me include a deviation from the standard testing time schedule, I agree that, from the time I begin the examination until I have completed it, I will not communicate in any way, to the extent possible, with any other individuals taking the examination and I will not communicate in any way with any such individuals about the content of the examination.

    Signature _Rolf Albert Liehk_    Date _9/10/98_

    If clarification or further information regarding the documentation provided is needed, I authorize ECFMG to contact the professional(s) who diagnosed the disability and/or those entities which have granted me test accommodations. I authorize such professional(s) and entities to communicate with ECFMG in this regard to provide ECFMG with such clarification and/or further information.

    Signature _Rolf Elliot Liehk_    Date _9/10/98_

# EXHIBIT B



# EDUCATIONAL COMMISSION for FOREIGN MEDICAL GRADUATES

PHILADELPHIA OFFICE

3624 MARKET STREET, PHILADELPHIA, PENNSYLVANIA 19104-2685, U.S.A.

TELEPHONE: 215-386-5900 ● FAX: 215-386-6327 ● CABLE: EDCOUNCIL, PHA.

---

**BY FEDERAL EXPRESS**

February 23, 1999

> USMLE / ECFMG Identification
> Number: 0-546-768-3

(Please use on all correspondence)

Dr. Ralph Krolik
124 Coolidge Street
Jefferson, Louisiana 70121



Dear Doctor:

Your request for accommodations for the March 2-3, 1999 USMLE Step 2 and accompanying material have been carefully reviewed in accordance with USMLE guidelines for examinees with disabilities and within the framework of the Americans with Disabilities Act (ADA). We referred your documentation to experts in the field of Attention Deficit Disorder for an impartial professional review.

Since the ECFMG is a testing organization, we must maintain strict impartiality as to an individual's academic performance or outcome on a particular test. According to the regulations accompanying the Americans with Disabilities Act, we must make a determination as to whether or not an individual has demonstrated a substantial limitation that prohibits or significantly restricts the ability to perform major life activity. Therefore, your documentation must demonstrate whether or not your diagnosed condition significantly impairs a major life activity. A diagnostic label, in and of itself, does not establish coverage under the ADA.

The documentation presented does not substantiate a diagnosis of ADHD or the evidence of a disability and is therefore insufficient to warrant the requested accommodation. In the case of ADHD, documentation is required to show that an individual has consistently and pervasively been unable to manage routine situations requiring attention and self-control.

More specifically, the presented documentation fails on the following grounds:

1. ADHD is a disability with a childhood onset that typically results in a chronic and pervasive pattern of functional impairment in academic, social or vocational areas, and often in daily adaptive functioning. The presented information does not provide sufficient evidence that symptoms either in childhood or presently resulted in the degree of significant impairment required for a clinical diagnosis of ADHD. No objective data is presented to indicate that

---

*ECFMG is an organization committed to promoting excellence in international medical education.*

you had any significant difficulties with impulsivity, distractibility or concentration in the past. Retrospective recall of simply experiencing ADHD-like symptoms without documented impairment is not sufficient to substantiate a diagnosis of ADHD.

2. No documentation (other than self-reported symptoms) was provided to indicate any clinically significant impairment in childhood.

3. Information presented by Gayle Wurzlow, M.D. did not adequately discuss or rule out other possible disorders that may result in ADHD-like symptoms.

4. No testing results were presented in support of any cognitive/attentional/learning weaknesses.

5. No objective data, such as school report cards, reports from past tutors or counselors, job evaluations or written documentation from the Rabbi who was mentioned, was provided to document a history of significant academic or behavior difficulties.

6. Insufficient documentation was presented to establish that you have a degree of current impairment that rises to the level of a disability. A sudden onset of difficulty in seeking to pass the USMLE™ is not consistent with a diagnosis of ADHD, which, by definition, has an onset in childhood.

After careful review of your file and based on the recommendation of the experts, I must advise that we are unable to grant the requested testing accommodations of extra testing time.

Sincerely,

Mary B. McAvinue
Manager, Test Center Management

# EXHIBIT C

**RECEIVED**

**MAR 10 1999**

B G F M O
T A B

**DOLAN & DOMENICI, P.C.**
ATTORNEYS AT LAW
6100 Seagull NE, Suite 205
Albuquerque, New Mexico 87109
(505) 883-6250

Fax: (505) 884-3424

DANIEL R. DOLAN, II[1,2,3]
PETER V. DOMENICI, JR.[2]
JEANNE CAMERON WASHBURN[2]
CHRISTOPHER D. SHAW[2]

Licensed in [1] KY; [2] NM;[3] TX.

March 9, 1999

**VIA FAX NO. (215) 386-6327**

Mary McAvinue
Manager
Test Center Management

Re:    Notice of Claim of Dr. Ralph Krolik

Dear Ms. McAvinue:

This letter is to inform you that Dr. Krolik has retained me to represent his interests against you and your association. This letter is to put you on notice that your association's conduct has violated Dr. Krolik's rights and that you will or may be held liable for actual and consequential damages. As you are aware, the damages related to these tests might be substantial. Dr. Krolik demands that you take prompt action to rectify your previous decisions denying him accommodation for his medical condition. In addition, Dr. Krolik will hold the organization responsible for all damages which he has sustained by their conduct and misconduct.

Sincerely,

DOLAN & DOMENICI, P.C.

PETE V. DOMENICI, JR.

PVD/dmb
cc:    Ralph Krolik, via fax

J:\599\corres\mcavinue.let

# EXHIBIT D

4/09/99

To: Shelby Kaiser    FAX (215) 590-9422

From: RALPH KROCK M.D.    Fax & phone
(504) 828-5208

Dear Ms Kaiser

Please be advised that there is NO other documentation that will or can be furnished on my SDD except the letters from a qualified M.D. expert in the field. By denying me special testing you are violating the Americans for disabilities Act & of my civil rights.

Please also be advised you that I do NOT WANT to POSTPONE my part 1 exam as the I will keep taking it. and let the legal system decide the outcome of my SDD. Please advise you acknowledge this note.

Thank you

Ralph Elliott Krock M.D.

~1 806-768-3

# EXHIBIT E



**USMLE**
United States
Medical
Licensing
Examination ™

# Office of Test Accommodations

3750 MARKET STREET, PHILADELPHIA, PA 19104-3190
Tel. (215) 590-9509 / Fax (215) 590-9422

Secretariat:
3750 Market Street
Philadelphia, PA 19104
(215) 590-9600
Fax: (215) 590-9470
www.usmle.org

### CONFIDENTIAL

Composite Committee

John E. Chapman, MD
Chair

L. Thompson Bowles, MD, PhD
D. Clifford Burross, MD
Anthony J. Cortese, DO
J. Lee Dockery, MD
William E. Drips, Jr., MD
Mary C. Falvey
Nancy E. Gary, MD
Donald E. Melnick, MD
Robert E. Porter, MD
Susan M. Spaulding
James E. West, MD
Alexander H. Williams, III
James R. Winn, MD

...tes:

.lliam R. Ayers, MD
Robert O. Kelley, PhD
Alan E. Shumacher, MD

April 13, 1999

Ralph Krolik, M.D.
124 Coolidge
Jefferson, LA 70121

Dear Dr. Krolik:                                      ID# 0-546-768-3

This is to acknowledge receipt of your April 9, 1999 letter which we received by
facsimile.  You advise us that you will not be providing any additional information to
support your request for accommodations for 1999 USMLE Step 1.  As I explained in
my March 31 letter to you, we currently do not have sufficient information to make a
determination as to whether or not you are a covered individual under the Americans
with Disabilities Act.

Consequently, we will advise Registration to release your scheduling permit so that
you can arrange to take Step 1 without accommodations.

Sincerely,

Shelby R. Keiser
Manager, Office of Test Accommodations

SK/caf

A Joint Program of the Federation of State Medical Boards of the U.S., Inc. and the National Board of Medical Examiners



Federation of State Medical Boards of the U.S., Inc.
400 Fuller Wiser Road, Suite 300
Euless, TX 76039-3855
(817) 868-4000
Fax: (817) 868-4098
www.fsmb.org

National Board of Medical Examiners
3750 Market Street
Philadelphia, PA 19104
(215) 590-9500
Fax: (215) 590-9555
www.nbme.org

# EXHIBIT F

RECEIVED

MAY 2 1 1999

ECFMG
TAS

May 14, 1999
124 Coolidge St.
Jefferson, LA 70121

RECEIVED

MAY 2 4 1999

OFFICE OF
TEST ACCOMMODATIONS

Mary McAvinue
ECFMG
3624 Market St.
Philadelphia, PA 19104

Dear Mrs. McAvinue,

I sent report cards that my brother recently found in some things that he had from my deceased parents estate, which is further documentation of the fact that I have ADD. I reiterate that ADD is a clinical diagnosis made by a Psychiatrist which has already been made and furnished to you. I wish to have special testing for the upcoming Part I exam, July 29 at 9:00 A.M. I would also like hand grading provided by you of the previous Part I (score of 71) and of the most recent Part II (score of 72) for further substantiation of the condition.

I am also requesting that you respond in writing to the information just furnished to you as you do not return my phone calls.

I am filing a vigorous official complaint with the U.S. Department of Labor (EEOC) for violation of my rights under the Americans for Disabilities Act and for violation of my civil rights and blatant discrimination.

Please respond promptly.

Sincerely,

Ralph E. Krolik, M.D.

# EXHIBIT G

RECEIVED

NOV 4 2003

RS
RECEIVED
NOV 0 5 2003
Disability Services

## UNITED STATES MEDICAL LICENSING EXAMINATION™ (USMLE™)
Office of Test Accommodations (215) 590-9509

### Questionnaire for USMLE Step 1 and 2 Applicants Requesting Test Accommodations

You must provide supporting documentation verifying your disability. The documentation must be from a qualified professional. Mail your completed questionnaire and documentation to:

**Students / Graduates of US & Canadian Medical Schools**
Testing Coordinator, Office of Test Accommodations, National Board of Medical Examiners, 3750 Market Street, Philadelphia, PA 19104-3190.

**Students / Graduates of Foreign Medical Schools**
Test Accommodations Coordinator, Educational Commission for Foreign Medical Graduates
3624 Market Street, Philadelphia, PA 19104 USA.

Please type or print.

1. Accommodations are requested for the following Step examination:

   (Step 1)   (Step 2)   Year: 2004

2. Name Krolik / Ralph / E.
   Last / First / Middle Initial

3. Gender: (Male) · Female       4. Date of Birth 6-22-44

5. SS# 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       6. USMLE # 0-596-268-3 (if known)

7. Address 9421 10-Saddlehorn Rd
   Street
   Peoria Az 85383
   City / State/Province / Zip/Postal Code
   USA / (623) 828-5941
   Country / Daytime Telephone Number

8. Medical School American University of the Caribbean

9. Nature of the Disability:

   · Hearing Disability          · Psychiatric Disability  ADeto
   · Learning Disability Reading · Visual Disability
   · Physical Disability         · Other ADeto

10. In order to document your need for accommodation as completely as possible, please attach, in addition to professional documentation, a personal statement describing your disability and its impact on your daily life and educational functioning. Do not confine your comments to standardized test performance; rather discuss your overall functioning.

- CONTINUED -                                                    5/2000

11.  How long ago was your disability first professionally diagnosed?

- less than 1 year        • 1-2 years        • 2-4 years        • 5 or more years

12.  What accommodation(s) are you requesting?  Accommodation(s) must be appropriate to the disability.

Paper & pencil test and additional time

13.  If you are requesting additional testing or break time, please indicate below (select one):

- time and a half        • double testing time        • extra break time        • other_____

14.  Do you require wheelchair access at the examination facility?

- Yes        • No

If you require an adjustable height table, please indicate the number of inches from

the floor_____

15.  Prior classroom or test accommodations that you have received:

   A.  Standardized Examinations

- Medical College Admission Test (MCAT)        Month/Year _____

     Accommodation received   not taken, not required for medical school

     (If extra time, note amount given _____)

- Other        Month/Year _____

     Accommodation received _____

     (If extra time, note amount given _____)

   B.  Medical School        • Yes        • No

     Accommodation received  Only timed tests were lab exposure or

     Date approved  anatomy pred microbiology. They did not requd

     reading long passages.

     If yes, have an appropriate official at your medical school complete the enclosed certification form.

   C.  College        • Yes        • No

     If yes, accommodations received:  Again tests we did no degree

     reading long passages and were not timed.

   D.  Secondary or elementary school        • Yes        • No

     If yes, accommodations received:  ADHD was not diagnosed then. Please

     note Letter from Dr. Butterbaugh and report cards, especially

16.  Authorization:  3rd grad-that required a transfer of class room because

     I couldn't sit still. (Report cards demand of exist)

If clarification or further information regarding the documentation provided is needed, I authorize the NBME or ECFMG to contact the professional(s) who diagnosed the disability and/or those entities which have provided me test accommodations.  I authorize such professional(s) and entities to communicate with the NBME or ECFMG in this regard to provide NBME or ECFMG with such clarification and/or further information.

Signature _____        Date  11/03/03

5/2000

# EXHIBIT H

RECEIVED

NOV 0 5 2003

Disability Services

I went to Public school 50 years ago and graduated high school 42 years ago. ADHD
was not diagnosed then. If you look at my report cards that I have previously sent, they
show the symptoms and behaviors of ADHD. Also if you look at my grades through out
my academic life, I was just happy to pass and I did not know why I had to work so hard
for what I got.

In my personal life it takes me longer to complete tasks and I recheck repeatedly the work
I do. I learn better auditorially and "hands on" than I do with reading tasks. I have
always found study groups to help with auditory learning experiences, but have been
asked to leave more than once because I interrupt. I make lists and use visual reminders
to complete tasks. I score higher on "hands on" exams such as Anatomy and
Microbiology and in labs. My clinical rotation scores are higher also...in part because
they require determination and I have had to develop that to over come my disability. I
have been unable to complete the USMLE due to my slow reading time, leaving as many
as 40 or more questions unanswered per exam when if was four tests given in 2 days
because I ran out of time.

I wish I had been tested earlier in life as it would have made a difference then and I am
reasonably sure my grades would have been higher. Please refer to Dr. Butterbaugh's
letter.



.

# EXHIBIT I



**National Board of Medical Examiners®**
3750 Market Street
Philadelphia, PA 19104-3102
215.590.9500

-Confidential-

November 10, 2003

Ralph Elliott Krolik
9421 W. Saddlehorn Road
Peoria, AZ 85383

RE: USMLE STEP 2 - 2004

USMLE ID #: 0-546-768-3

Dear Mr. Krolik:

We have conducted a preliminary review of your request for test accommodations for the
USMLE STEP 2 - 2004. However, the information you submitted is incomplete and we are
therefore unable to make an informed decision about your request at this time.

In order for us to properly evaluate your request for accommodations, your documentation
should include a current comprehensive psychoeducational battery containing *age-based
standard and/or scaled scores* for all tests and subtests administered and a detailed explanation
of how those test results, along with academic history and level of current functioning, support a
diagnosis. A comprehensive evaluation should also assess *current achievement in academic skill
areas*. Furthermore, your evaluator should identify your specific functional limitations and
provide an explanation of how the recommended accommodations will reduce the impact of
those identified functional limitations on the testing activity.

Further, since learning disorders are developmental disorders that usually emerge during
childhood, it is important to provide objective historical documentation of substantial limitation
in learning throughout your development including any evaluations that were conducted
throughout your elementary and/or high school years. You should provide objective records
validating your history of impairment such as previous evaluations, grade reports, reports from
parents, teachers, tutors or other past treatment providers. Even if it is impossible to obtain such
records from your elementary and high school education, it should be possible to obtain transcripts
from college and medical school as well as feedback from college and medical school faculty. This
information will assist us in determining whether you are a covered individual as defined by the
Americans with Disabilities Act and if so, what accommodations would be appropriate.

I encourage you to read the USMLE Guidelines carefully for a comprehensive description of
how to document a need for accommodation and to discuss this information with your evaluators
to assist you in compiling complete and comprehensive documentation. The Guidelines may be
accessed on the National Board of Medical Examiners website at www.nbme.org. Click on
"The United States Medical Licensing Examination (USMLE)," then choose "USMLE Test
Accommodations for NBME Step 1 & Step 2 Applicants."

We will place your request for accommodations on hold until we receive additional documentation. Please send this information to:

> USMLE Disability Services
> 3750 Market Street
> Philadelphia, PA 19104

You may fax your material to 215-590-9422 and please call 215- 590-9869 to verify receipt.

If you do not plan to submit more information and would like your registration released, please fax a statement to that effect to 215-590-9422 and call 215-590-9869 to confirm receipt. If you have any other questions, please contact Disability Services at 215- 590-9869.

Sincerely,

J. Abram Doane, MA, JD
Manager, Disability Services

JAD/ay

# EXHIBIT J



**Secretariat:**
3750 Market Street
Philadelphia, PA 19104
(215) 590-9600
Fax: (215) 590-9470
www.usmle.org

**Composite Committee**

Carol A. Aschenbrener, MD
*Chair*

L.D. Britt, MD
D. Clifford Burross, MD
N. Lynn Eckhert, MD, DrPH
William H. Fleming, III, MD
James A. Hallock, MD
Donald E. Melnick, MD
Stephen G. Post, PhD
Alan E. Shumacher, MD
Susan M. Spaulding
James N. Thompson, MD
James E. West, MD
Alexander H. Williams, III
William T. Williams, Jr., MD

*Alternates:*

Gerald J. Bechamps, MD
Bruce M. Koeppen, MD, PhD
Gerald P. Whelan, MD

Disability Services
215-590-9869
215-590-9422 (Fax)

**CONFIDENTIAL**

February 2, 2004

Ralph Elliott Krolik
9421 Saddlehorn Road
Peoria, AZ  85383

RE: USMLE Step 1                    USMLE ID#: 0-546-768-3

Dear Dr. Krolik:

We have carefully reviewed your request for test accommodations for the United States Medical Licensing Examination (USMLE) Step 1 and accompanying material in accordance with USMLE guidelines for examinees with disabilities and within the framework of the Americans with Disabilities Act (ADA).  We consulted experts in the disorders of learning and Attention Deficit/Hyperactivity Disorder (ADHD) to assist us in reviewing the documentation.

According to your revised February 2001 Neuropsychological and Educational Evaluation, revised December 2003, your evaluator, Dr. Grant Butterbaugh, assigns you the diagnoses of Attention-Deficit Hyperactivity Disorder (chronic, probably combined type), Reading Disorder (chronic, with comprehension worse than phonics), and Motor Coordination Disorder (probably mild handwriting and drawing deficits).  Dr. Butterbaugh reports "Dr. Krolik has relative neuropsychological weaknesses in his reading comprehension, complex verbal/design memory/retrieval, handwriting, and complex design copying, and consistent organizational/attentional control skills."  He states in his report, "Given his revised reading scaled scores (based on revised NBME policies about the Nelson-Denny Reading test), we are revising our recommendations that his ADHD, but not Reading Disorder, should be the basis for his substantial limitation in the major life activity of learning" (p. 6).

Attention Deficit/Hyperactivity Disorder is a developmental disability with a childhood onset that typically results in a chronic and pervasive pattern of functional impairment in academic, social, or vocational functioning, and often in daily adaptive functioning.  However, the documentation submitted with your

*A Joint Program of the Federation of State Medical Boards of the U.S., Inc. and the National Board of Medical Examiners®*


Federation of State Medical Boards of the U.S., Inc.
400 Fuller Wiser Road, Suite 300
Euless, TX 76039-3855
(817) 868-4000
Fax: (817) 868-4098
www.fsmb.org


National Board of Medical Examiners
3750 Market Street
Philadelphia, PA 19104
(215) 590-9500
Fax: (215) 590-9555
www.nbme.org

request for accommodation does not adequately support an ADHD diagnosis or the existence of a disability. While it is true, as you suggest, that the diagnostic labels of ADHD and Learning Disabilities were not in use in the 1950s, the lives of impulsive or learning impaired children nonetheless showed the impact of their deficits: They failed classes, were retained in grade, required extensive tutoring, received referrals for evaluations by psychiatrists and psychologists, and/or dropped out because of academic frustration.

The information provided by you does not reflect the manifestations of significant impairment. Your history of academic progress does not indicate that you experienced substantial difficulties in your ability to read and learn. It appears that despite what may well have been an active style, you completed elementary school, high school, college, pharmacy school, and medical school without the need for special accommodations. There is no indication that you ever sought evaluation or accommodations prior to taking the USMLE Step 1. Furthermore, no documentation was provided to indicate current functional impairment such as faculty/supervisor comments, job performance evaluations, or through other sources of information to suggest that you have shown pervasive problems managing the many daily demands for organization and attention that are inherent to the life of a medical student, resident, or employee.

Regulatory decisions and case law have established that the ADA covers individuals who are "substantially limited" in a major life activity as the result of a disability. Determination of whether an individual is substantially limited in functioning as compared to most people is based on assessment of the current impact of the identified impairment. Therefore, a diagnostic label, in and of itself, does not establish coverage under the Americans with Disabilities Act. Overall, the documentation that you have provided does not suggest that you are significantly impaired relative to the average person in the general population. Therefore, after a careful review of all of your documentation, I must inform you that we are unable to provide you with the requested accommodations.

We will request processing of your exam application without test accommodations. You may inquire at permits@ecfmg.org or call Applicant Information Services at (215) 386-5900 with any questions about your scheduling permit.

Sincerely,

J. Abram Doane, MA, JD
Manager, Disability Services

JAD/c

# EXHIBIT K

Ralph E.Krolik,MD
9421 W. Saddlehorn Rd.
Peoria, AZ 85383

RECEIVED

MAR 0 3 2004

Disability Services

J. Abram Doane
USMLE
3750 Market Street
Philadelphia, PA 19104

Dear Sir:

This is to inform you that I am appealing your decision to not grant me extra time for the
USMLE exam. I want my application again put on hold as I am in the process of
obtaining more information and documentation regarding what you have cited in your
most recent letter to me (2-02-04). Dr. Butterbaugh is also in the process of sending you
a rebuttal letter.

After your informing Dr. Butterbaugh that you had enough information and our
information was adequate and indicated a positive response for extra time, therefore, I did
not send further information and documentation. You have again twisted your refusal to
grant me extra time citing reasons that are not legal and are unfair.

In the next few weeks I will have further documentation and if I am refused extra time
this time, we shall see what a court of law determines is an accurate, fair and just
interpretation of these laws in spite of your references to them.

Sincerely,

Ralph E Krolik, MD
ECFMG no 0-546-768-3

Faxed 3/02/04

# EXHIBIT L



**US·MLE**
United States
Medical
Licensing
Examination

-**Confidential**-

*Secretariat:*
3750 Market Street
Philadelphia, PA 19104
(215) 590-9600
Fax: (215) 590-9470
www.usmle.org

March 5, 2004

*Composite Committee*

Carol A. Aschenbrener, MD
*Chair*

Gerald J. Béchamps, MD
L.D. Britt, MD
D. Clifford Burross, MD
N. Lynn Eckhert, MD, Dr. PH
William H. Fleming, III, MD
James A. Hallock, MD
John B. Kostis, MD
Donald E. Melnick, MD
Stephen G. Post, PhD
Alan E. Shumacher, MD
Susan M. Spaulding
James N. Thompson, MD
Walter T. Williams, Jr., MD

*Alternates:*

Ronald C. Agresta, MD
Gerald P. Whelan, MD
English Willis, MD

Ralph Elliott Krolik
9421 Saddlehorn Road
Peoria, AZ 85383

RE: USMLE Step 1

USMLE ID#: 0-546-768-3

Dear Mr. Krolik,

We have received your request for reconsideration of test accommodations for the United States Medical Licensing Examination (USMLE) Step 2 CK.

We will review your petition for reconsideration along with the submitted supporting documentation. When our review is complete, we will advise you in writing of the decision.

**To protect your confidentiality, we do not provide information concerning the decision by telephone.** However, if you have any other questions, you may call Disability Services at (215) 590-9869.

Disability Services
215-590-9869
215-590-9422 (Fax)

Sincerely,

J. Abram Doane, MA, JD
Manager, Disability Services

A

*A Joint Program of the Federation of State Medical Boards of the U.S., Inc. and the National Board of Medical Examiners*®



Federation of State Medical Boards of the U.S., Inc.
PO Box 619850
Dallas, TX 75261-9850
(817) 868-4000
Fax: (817) 868-4097
www.fsmb.org



National Board of Medical Examiners
3750 Market Street
Philadelphia, PA 19104
(215) 590-9500
Fax: (215) 590-9555
www.nbme.org

# EXHIBIT M



**National Board of Medical Examiners®**
3750 Market Street
Philadelphia, PA 19104-3102
215.590.9500

## CONFIDENTIAL

November 17, 2004

Dr. Ralph Elliott Krolik
9421 W Saddlehorn Rd
Peoria, AZ 85383

RE: USMLE Step 1                    USMLE ID#: 0-546-7 68-3

Dear Dr. Krolik:

As explained in our correspondence letter of February 2, 2004, we have carefully reviewed your request for test accommodations for the United States Medical Licensing Examination (USMLE) Step 1 in accordance with the USMLE guidelines for examinees with disabilities and within the framework of the Americans Disabilities Act (ADA). You have submitted a request for reconsideration on March 3, 2004 stating that you would gather further documentation for our review. In accordance with USMLE guidelines for examinees with disabilities, without this information we are unable to make an informed decision regarding your request.

Professionally recognized standards require that each request for test accommodations be individually reviewed and that all elements of relevant diagnostic criteria and measures of current functioning are considered. Please note that examinees requesting accommodations are responsible for supplying sufficient documentation to support their request. No determination of eligibility for reasonable accommodations is possible if insufficient documentation is submitted.

As of this date we have not received the additional materials we identified to you as necessary to make a decision regarding your request. Therefore, we are closing your file with regard to your current request for test accommodations. This action is not a denial of your request for test accommodations and does not prohibit you from submitting future requests for this or any other administration of the USMLE.

If you choose to pursue a request for accommodations in the future, please read the USMLE Guidelines carefully for a comprehensive description of how to document a need for accommodation. It may be useful for you to discuss this information with your evaluators and/or treating professionals to assist you in compiling complete and

comprehensive documentation. The Guidelines may be accessed on the Na-tional Board of Medical Examiners website at www.nbme.org. In order to expedite the pro cessing of any future request, we suggest that you obtain the additional documentation iderntified in previous correspondence and submit the documentation with your new request. This information will assist us in determining whether you are a covered individual as defined by the Americans with Disabilities Act and if so, what accommodations would be appropriate.

We will request processing of your exam application without test accommodations. You may inquire at permits@ecfmg.org or call Applicant Information Services at (215) 386-5900 with any questions about your scheduling permit.

Sincerely,

J. Abram Doane, MA, JD
Manager, Disability Services
ADA Compliance Officer, Testing Programs

JAD/AY