Diane M. Johnsen, 007634 / djohnsen@omlaw.com
John L. Blanchard, 018995 / jblanchard@omlaw.com
Ronda R. Fisk, 022100 / rfisk@omlaw.com
OSBORN MALEDON, P.A.
2929 North Central Avenue
Suite 2100
Phoenix, Arizona 85012-2794
(602) 640-9000

Attorneys for National Board of Medical Examiners

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ralph E. Krolik, M.D., | No. 05-CV-0315-PHX-FJM |
| Plaintiff, | |
| vs. | **MOTION TO DISMISS COUNT III OF FIRST AMENDED COMPLAINT** |
| National Board of Medical Examiners, | |
| Defendant. | (Oral Argument Requested) |

Defendant National Board of Medical Examiners ("NBME" or the "Board") moves pursuant to Fed. R. Civ. Proc. 12(b) to dismiss Count III of the Amended Complaint of Plaintiff Ralph E. Krolik, M.D. ("Plaintiff") for failure to state a claim upon which relief may be granted.[1]  As demonstrated below, Plaintiff's purported claim under the Rehabilitation Act, 29 U.S.C. § 794, should be dismissed because the Board is not subject to the Rehabilitation Act.  This motion is supported by the attached Memorandum of Points and Authorities, the attached Affidavit of John T. Wosnitzer ("Wosnitzer Affidavit"), the Court's file and such oral argument as the Court permits.

---

[1] Although the Rehabilitation Act claim is the second of only two claims in the Amended Complaint, it is denominated as "Count III."

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    Introduction and Summary of Argument.**

Plaintiff is a medical school graduate who claims that he has a disability that entitles him to receive special accommodations when he takes the United States Medical Licensing Examination ("USMLE"). As Plaintiff accurately states, he must pass the USMLE in order to become eligible to receive a license to practice medicine in the United States. Amended Complaint ("AC"), ¶ 17.[2] A 60-year-old registered pharmacist, plaintiff has failed the components or "steps" of the USMLE thirteen times since 1995. Declaration of Joseph Abram Doane, attached as Exhibit 1 to Opposition to Plaintiff's Motion for Preliminary Injunction ("Doane Decl."), ¶ 15.[3] Plaintiff alleges that he was diagnosed in 2003 with Attention Deficit/Hyperactivity Disorder, which, he alleges, substantially limits his ability to perform the major life activity of working. AC ¶¶ 11, 18. Citing the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, ("ADA") and the Rehabilitation Act (the "Act"), he seeks an order permitting him twice as much time as is allowed to others who take the USMLE.

The NBME strenuously denies that it illegally discriminated against Plaintiff and will vigorously defend this claim under the ADA on the merits. Moreover, Plaintiff's claim for relief under the Rehabilitation Act must be dismissed because as a matter of law, the Act does not apply to a private entity such as the NBME.[4] The

---

[2] One must complete a medical residency in order to receive a license to practice medicine. As a graduate of a foreign medical school, Plaintiff must be certified by the Educational Commission for Foreign Medical Graduates ("ECFMG") to be eligible to be placed in a residency. In order to fulfill the examination requirements for ECFMG certification, he must pass Step 1 and Step 2 (CS and CK) of the USMLE. See Declaration of Joseph Abram Doane, attached as Exhibit 1 to Opposition to Plaintiff's Motion for Preliminary Injunction ("Doane Decl."), ¶¶ 5, 6.

[3] There are three "Steps" to the USMLE. Plaintiff has unsuccessfully taken Step 1 seven times and Step 2 six times. Doane Decl., ¶ 15.

[4] Although the facts pertaining to this motion are few and simple, they are not found in the Amended Complaint, which may cause the Court to convert this Motion

1057652v3

statute bars discrimination by private entities only if they receive "Federal financial assistance." Plaintiff alleges that the NBME "receives Federal financial assistance and/or is in a position to accept or reject the obligation as part of the decision whether or not to receive Federal funds." AC ¶ 29. As shown below, Plaintiff's allegation is simply incorrect. Because the Board receives no "Federal financial assistance" within the meaning of the Act, it is not subject to the Act.

**II.     Argument.**

**A.     The Rehabilitation Act Does Not Apply to a Private Program or Entity that Does Not Receive Federal Financial Assistance.**

The Act's prohibition against discrimination on the basis of disability applies to a "program or activity" of a state or private entity only if it receives "Federal financial assistance." 29 U.S.C. § 794; *see Jacobson v. Delta Airlines, Inc.*, 742 F.2d 1202, 1208 (9th Cir. 1984). "Congress limited the scope of § 504 to those who actually 'receive' federal financial assistance because it sought to impose § 504 coverage as a form of contractual cost of the recipient's agreement to accept the federal funds." *United States Dep't of Transp. v. Paralyzed Veterans*, 477 U.S. 597, 605 (1986).

Section 504 of the Rehabilitation Act, 29 U.S.C. § 794(b), defines a "program or activity receiving Federal financial assistance" as follows:

All of the operations of –

(1)     (A) a department, agency, special purpose district, or other instrumentality of a State or of a local government; or

(B) the entity of such State or local government that distributes such assistance and each such department or agency (and each other State or local government entity) to which the assistance is extended in the case of assistance to a State or local government;

(2)     (A) a college, university, or other postsecondary institution, or a public system of higher education; or

---

to Dismiss to a Motion for Summary Judgment, pursuant to Rule 12(b)(6).

    (B) a local educational agency (as defined in section 7801 of title 20) system of vocational education, or other school system;

(3) (A) an entire corporation, partnership, or other private organization, or an entire sole proprietorship –

    (i) if assistance is extended to such corporation, partnership, private organization, or sole proprietorship as a whole; or

    (ii) which is principally engaged in the business of providing education, health care, housing, social services, or parks and recreation; or

    (B) the entire plant or other comparable, geographically separate facility to which Federal financial assistance is extended, in the case of any other corporation, partnership, private organization, or sole proprietorship; or

(4) any other entity which is established by two or more of the entities described in paragraph (1), (2) or (3);

any part of which is extended Federal financial assistance.

  The Amended Complaint erroneously alleges that the NBME is an "instrumentality of the state," presumably in a misguided attempt to invoke subpart (1) of Section 794(b). AC ¶ 29. To the contrary, the NBME is a private organization, not affiliated with any state or local government. Wosnitzer Affidavit, ¶ 2,5. Nor is the NBME subject to the Act under subpart (3), pertaining to private organizations, because it does not receive Federal financial assistance. *See* 29 U.S.C. § 794(a) ("under any program or activity receiving Federal financial assistance").

  Although the Act does not define "Federal financial assistance," the Ninth Circuit Court of Appeals has held that a party receives "Federal financial assistance" within the meaning of the Rehabilitation Act "only if it is benefiting in its dealings with the government to a greater extent than if it were dealing with another party." *Jacobson*, 742 F.2d at 1209, citing regulations issued by the Department of Health, Education and Welfare, 45 C.F.R. § 84.3(h) (1983). *See Bachman v. Am. Soc'y of Clinical Pathologists*, 577 F. Supp. 1257, 1257 (D. N.J. 1983) ("the term 'assistance' connotes a transfer of government funds by way of subsidy").

  Loans, grants and services may constitute "Federal financial assistance" within the meaning of the Act. *See* 45 C.F.R. 84.3(h). The NBME receives none of these.

1  Procurement contracts, by which the Federal government buys goods or services at
2  fair market value, do not constitute "Federal financial assistance" that would bring a
3  program or activity within the Act. *See Jacobson*, 742 F.2d at 1209 (citing HEW
4  regulations with approval); *DeVargas v. Mason & Hanger-Silas Mason Co.*, 911 F.2d
5  1377, 1382 (10th Cir. 1990) ("Federal financial assistance" is a transfer of government
6  funds by way of a subsidy or sale of government assets at reduced consideration).

**B.   The NBME Receives No Federal Financial Assistance Within the Meaning of the Act.**

During the relevant time period, the NBME receives no federal grants, loans or awards of services. Wosnitzer Affidavit, ¶¶ 6, 7. Nor did the NBME apply for or receive federal funds or subsidies of any sort during this time. *Id*.

Although the Board occasionally provides services under contracts with the Uniformed Services University of the Health Services ("USU"), a Federal entity, those contracts are procurement contracts, i.e., business transactions, rather than subsidies of the sort that may subject a program to the Act. As explained in the Wosnitzer Affidavit, on occasion the NBME sells subject-matter examination services to USU. *Id.* ¶ 10. The USU pays the same price for those examination services as do other medical schools. *Id.* The USU also pays the registration fees for its students who sit for the USMLE examination. *Id.* ¶ 11. The registration fees paid by the USU are the same as the fees charged to other students and medical graduates. *Id*.

These transactions with the USU are standard business transactions by which the USU buys services (examination forms, the right to take the USMLE) from the NBME. The law in the Ninth Circuit and elsewhere is that such transactions do not constitute "Federal financial assistance" under the Act. The USU pays the same amount as others, and no more, for the subject-matter examination services and the registration fees for its students. Therefore, such payments do not constitute a subsidy of the sort that might subject the NBME to the Act. *See Jacobson*, 742 F.2d at 1209 (rejecting application of Act to airline that contracted to haul U.S. mail; "purely compensatory payments do not constitute federal financial assistance"); *DeVargas*,

911 F.2d at 1382; *Estes v. AlliedSignal Inc.*, No. C-97-1810 MHP, C-97-3102, 1998 WL 814638 at *9 (N.D. Cal. November 12, 1998) (procurement contracts do not constitute "Federal financial assistance").[5]

These cases make plain that transactions of the sort that exist between the USU and the NBME do not constitute "Federal financial assistance" within the meaning of the Act. As these are the only direct transactions between the NBME and the federal government, Plaintiff's Rehabilitation Act claim is unsupportable as a matter of law and should be dismissed.

### III. Conclusion.

No claim may be stated under the Rehabilitation Act against a private entity such as the NBME unless it receives "Federal financial assistance." During the relevant time period, the NBME received no federal loan or grant funds; its only transactions with a Federal entity are procurement contracts of the sort that plainly do not constitute "Federal financial assistance" under the Act. For these reasons and those set forth above, Plaintiff's claim for relief under the Rehabilitation Act should be dismissed with prejudice.

DATED this 1st day of September, 2005.

OSBORN MALEDON, P.A.

By  /s/ Ronda R. Fisk
Diane M. Johnsen
John L. Blanchard
Ronda R. Fisk
2929 North Central
Suite 2100
Phoenix, Arizona  85012-2794
Attorneys for National Board of Medical Examiners

---

[5] As explained in the Wosnitzer Affidavit, federal monies may have also *indirectly* funded the registration fee paid by one USMLE registrant since 2004. Wosnitzer Affidavit, ¶ 12.

1057652v3

1 | I hereby certify that on September 1, 2005, I served the attached document via first class mail on the following, who are not registered participants of the CM/ECF System:

Peter V. Domenici, Esq.
Domenici Law Firm, PC
320 Gold Avenue, SW
Albuquerque, New Mexico  87102
Attorney for Plaintiff Krolik, M.D.


/s/ Kelly Dourlein

1057652v3