

Diane M. Johnsen, 007634 / djohnsen@omlaw.com
John L. Blanchard, 018995 / jblanchard@omlaw.com
Ronda R. Fisk, 022100 / rfisk@omlaw.com
OSBORN MALEDON, P.A.
2929 North Central Avenue, Suite 2100
Phoenix, Arizona  85012-2794
(602) 640-9000

Attorneys for National Board of Medical Examiners

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ralph E. Krolik, M.D., <br><br> Plaintiff, <br> vs. <br> National Board of Medical Examiners, <br><br> Defendant. | No. CV05-0315 PHX FJM <br><br> **AFFIDAVIT OF JOHN T. WOSNITZER IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS** |

I, John T. Wosnitzer, having been duly sworn, hereby deposes and states:

**A.     Background Information**

1.     I am the Chief Financial Officer of the National Board of Medical Examiners ("NBME"). I have worked in the Financial Services Unit of the NBME since 1974. I make this affidavit based on my personal knowledge except where stated to be on information or belief.

2.     The NBME is a private, non-profit organization which, together with the Federation of State Medical Boards, has created and established the United States Medical Licensing Examination ("USMLE").

**B.     Facts Relating to the Purported Rehabilitation Act Claim**

3.     In Count III of the First Amended Complaint, plaintiff alleges that the NBME has violated Section 504 of the Rehabilitation Act, 29 U.S.C. § 794. Plaintiff

alleges that the NBME "is an instrumentality of the state and receives Federal financial assistance." First Amended Complaint, ¶ 29.

4. The NBME is neither a department, agency, special purpose district nor other instrumentality of a State or a local government. See 29 U.S.C. § 794(b)(1)(A).

5. The NBME is not an entity of any State or local government that distributes Federal financial assistance. Nor is it a department or agency of any State or local government to which such assistance is extended by a State or local governmental entity. See 29 U.S.C. § 794(b)(1)(B).

6. Contrary to plaintiff's allegation and as explained below and in our Motion to Dismiss, the NBME does *not* "receive[] Federal financial assistance" within the meaning of Section 504.

7. During the relevant time period, the NBME has neither applied for nor received Federal grant monies, loans or subsidies of any sort.

8. During the relevant time period, the NBME has not received subsidies from the Federal government of the type that might bring the NBME within the coverage of the Rehabilitation Act. The NBME from time to time engages in business transactions with the Uniformed Services University of the Health Services ("USU"), located in Bethesda, Maryland. However, such procurement relationships are not within the definition of "Federal financial assistance" as used in the Rehabilitation Act.

9. According to its website, http://www.usuhs.mil/abusu.html, the USU was created by passage of the Health Professions Revitalization Act of 1972 in order to train medical professionals to care for military personnel. According to its website, the USU is organized under the United States Department of Defense.

10. From time to time, the USU issues purchase orders to the NBME for the purchase of subject-matter examination services (in various medical specialties) for

2

use by its students. The NBME charges the USU the same price for these examinations as it charges other non-governmental purchasers of the examinations.

11. Also from time to time, medical students at the USU will register to take the USMLE. The USU pays the examination fees for USU students who wish to take the USMLE. The amount of the examination fee the USU pays for one of its medical students is the same amount as the examination fee paid by a non-USU medical student or graduate who registers to take the USMLE.

12. To the best of my knowledge, the payments by the USU described above are the only transactions directly between NBME and any entity of the federal government in at least the past fifteen years. So far as the Board is aware, there was one occasion since 2004 in which an applicant's examination fee may have been *indirectly* paid by the federal government. In January 2005, a Rehabilitation Services program within the Georgia Department of Labor paid the USMLE examination fee for one applicant ($445). A true and correct copy of the invoice relating to that payment is attached hereto. On information and belief, since this litigation began, the NBME has come to understand that the federal government may have been the ultimate source of some or all of the $445 paid to the NBME by the Georgia Department of Labor on that occasion.

13. As with the examination fees paid by the USU on behalf of its students, the Georgia Department of Labor paid the same amount as that charged to other examinees for the USMLE.

1     I declare under penalty of perjury under the laws of the United States that the
2 foregoing is true and correct.
3     Executed this 30th day of August, 2005.

                                                    _____
                                                    John T. Wosnitzer

7 STATE OF Pennsylvania    )
                               )
8 County of Philadelphia     )

9     SUBSCRIBED AND SWORN TO before me this 30th day of August,
10 2005 by John T. Wosnitzer, Chief Financial Officer of the National Board of Medical
11 Examiners.

                                                    Carol Ciliberto
                                                  _____
                                                         Notary Public

Notarial Seal
Carol Ciliberto, Notary Public
City Of Philadelphia, Philadelphia County
My Commission Expires Mar. 1, 2006
Member, Pennsylvania Association Of Notaries