THIS DOCUMENT HAS NOT BEEN SUBMITTED
ELECTRONICALLY AS REQUIRED BY THE
DISTRICT OF ARIZONA'S ADMINISTRATIVE
POLICIES AND PROCEDURES MANUAL

Pete V. Domenici
Dolan & Domenici, P.C.
6100 Seagull NE, Suite 205
Albuquerque, New Mexico 87109
(505) 883-6250
Attorney for Plaintiff Krolik, M.D.

FILED _____ LODGED
RECEIVED _____ COPY

AUG 1 8 2005

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY _____ E. DEPUTY

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| RALPH E. KROLIK, M.D., )<br><br>     Plaintiff, )<br>Vs. )<br>  )<br>  )<br>NATIONAL BOARD OF MEDICAL )<br>EXAMINERS, )<br>  )<br>     Defendants. )<br>  ) | CASE NO. <u>05-CV-0315-PHX-FJM</u><br><br>**AMENDED COMPLAINT<br>FOR DISABILITY<br>DISCRIMINATION** |

**COMES NOW** the Plaintiff, Ralph E. Krolik, M.D. by and through his counsel of record, Dolan & Domenici, P.C. (Pete V. Domenici, Jr., Esq.) and brings this suit for damages and injunctive relief pursuant to Title II and Title III of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, et seq., and the Rehabilitation Act of 1972, 29 U.S.C. § 504, et seq.

## INTRODUCTION

In this action, Plaintiff seeks a judgment and declaratory relief that the National Board of Medical Examiners (hereinafter "NBME") violated Plaintiff's rights under the Americans With Disabilities Act, and the Rehabilitation Act, for its denial to afford Plaintiff reasonable accommodation to take the United States Medical Licensing examination.

## JURISDICTION AND VENUE

1.     This Court has jurisdiction over this action because a federal question is presented, 42 U.S.C. § 12101, and 29 U.S.C. § 504, and the action seeks federal injunctive relief.

2.     Venue is appropriate in this Court because all or part of the alleged violations occur in the Maricopa County, District of Arizona and Plaintiff lives in Maricopa County, and Defendants perform services in Maricopa County.

3.     The Court has jurisdiction pursuant to 42 U.S.C. § 12131 et seq. and 29 U.S.C. § 794 to redress Plaintiff's Title II and Title III of the ADA claims for discrimination.

## **PARTIES**

4.     Plaintiff Ralph E. Krolik, M.D. (hereinafter "Krolik") is an individual residing in Peoria, Arizona, County of Maricopa, State of Arizona, within the federal judicial district of Arizona.

5.     Upon information and belief, at all times material hereto, Defendant National Board of Medical Examiners (hereinafter "NBME") is a corporation with its principal place of business in Philadelphia, Pennsylvania.

6.     Upon information and belief, the actions of Defendants all working together in administering and monitoring the medical licensing exam are actions delegated by the State making Defendants state actors and constituting state action.

2

7.     Krolik obtained a medical degree from School of Medicine at the
       American University of the Caribbean and petitioned to take the United
       States Medical Licensing Examination (USMLE) with reasonable
       accommodations because he has Attention Deficit/Hyperactivity Disorder
       ("ADHD") and is disabled and was denied the request.

### APPLICABLE FACTS AND LAW

8.     In 2004 Krolik petitioned the, NBME, Office of Test Accommodations,
       for reasonable accommodations to take Step I and Step 2 of the United
       States Medical Licensing Examination to obtain his medical license to
       practice medicine in accordance with NBME guidelines for examinees
       with disabilities and within the framework of the Americans with
       Disabilities Act (ADA).  Krolik stated that the nature of his disability was
       learning disorder and Attention Deficit/Hyperactivity Disorder (ADHD).

9.     On or about February 2, 2004 USMLE denied Krolik the requested
       accommodations to take Step 1 and Step 2 of the USMLE because
       according to NBME, Krolik did not meet the "significantly impaired
       relative to the average person in the general population" test.

10.    A 2003 neuropsychological and education evaluation of Krolik diagnosed
       Krolik with childhood and adult symptoms of Attention
       Deficit/Hyperactivity Disorder, Reading Disorder, and chronic Motor
       Coordination.

3

11. Krolik's ADHD condition is a substantial limitation that prohibits or significantly restricts his ability to perform the major life activity of working.

12. Krolik's inability to compete on the USMLE Step 1 and Step 2 exams constitutes a work disability because the disability prevents him from competing on a level playing field with other USMLE applicants, and his disability has implicated the major life activity of working because if he is not given a chance to compete fairly on an employment test, he is precluded from potential employment in the medical field.

13. As a result of the ADHD Krolik has consistently and pervasively been unable to manage routine situations requiring attention and self-control.

14. Krolik's early schooling was in the 1950's when the diagnosis of ADHD was not identified and as such Krolik is unable to produce early school records for NBME that specifically identify and label his condition as ADHD.

15. Krolik's early childhood and high school records document his academic achievements as marginal; a student that tries very hard but achieves only marginal success and can not stay on task.

16. NBME's actions and policy in denying Krolik reasonable accommodations to take the USMLE Step 1 and Step 2 tests are intentional discrimination with deliberate indifference to the strong likelihood that a violation of federally protected rights will result from the implementation of the challenged policy.

17.   Upon information and belief, a passing grade on the United States
      Medical Licensing examination is required to obtain a United States
      Medical License to practice medicine.

18.   Krolik's condition of Attention Deficit/Hyperactivity Disorder (ADHD)
      is a disorder and disability as defined in Title II and Title III of the ADA
      that substantially limits one of more of the major life activities of
      working.

19.   Under Title II of the ADA and the Rehabilitation Act, ADHD is a
      disability that substantially limits one or more of the major life activities
      of an individual.

20.   At all times relevant hereto, Krolik was and is disabled within the
      meaning of the ADA and the Rehabilitation Act.

21.   At all times relevant and material to the issues raised in this complaint,
      responsible management officials of NBME knew and had reason to
      know that Krolik was within protected categories.

**22.**   Permitting and authorizing a test applicant of the USMLE examination
      additional time to take the examination due to a disability is a reasonable
      accommodation under the ADA and the Rehabilitation Act.

### CLAIMS FOR RELIEF

### COUNT I:  PROHIBITED DISCRIMINATION – DISABILITY
### DISCRIMINATION UNDER ADA

23.   The foregoing paragraphs are herein incorporated by reference as if fully
      set forth.

5

24.   The acts and omissions hereinbefore described were practiced against Plaintiff as the result of his disability, in violation of the ADA.

25.   Plaintiff was harmed and injured by said discrimination, in an amount to be established at trial, for which he is entitled to relief.

## COUNT III: DISCRIMINATION UNDER THE REHABILITATION ACT

26.   The foregoing paragraphs are herein incorporated by referenced as if fully set forth.

27.   The acts and omissions hereinbefore described were practiced against Plaintiff as the result of his disability, in violation of the Rehabilitation Act.

28.   Plaintiff was harmed and injured by said discrimination, in an amount to be established at trial, for which he is entitled to relief.

29.   NBME is an instrumentality of the state and receives Federal financial assistance and/or is in a position to accept or reject the obligation as a part of the decision whether or not to receive Federal funds.

30.   The acts and omissions practiced against Plaintiff as the result of his disability violate the Rehabilitation Act and Plaintiff may seek Title VII remedies of money damages.

## REQUEST FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully requests that this Court grant the following relief:

1. A Declaratory Judgment that Plaintiff be afforded reasonable accommodations to take the United States Medical Licensing Examination.

6

2. The Court accepts Plaintiff's Complaint, and order trial by jury as to all counts contained herein so triable.

3. After trial, that the Court award Plaintiff declaratory and injunctive relief in the form of reasonable testing accommodations, compensatory damages for fees paid in connection with past attempts to pass the examinations, costs of this action and reasonable attorney's fees, and such other and further relief as the Court deems just and proper.

4. Krolik to have a reasonable testing accommodation of double time for the taking of the test, and to take a pencil and paper exam rather than by computer.

5. Any previous test scores of Krolik to be null and void from his medical testing record.

6. Krolik to have an exemption from taking the Clinical Skills Assessment Exam which was not administered when Krolik requested a reasonable accommodation to take the USMLE.

Dated this _15_ day of _Aug_, 2005.

Respectfully submitted,

DOLAN & DOMENICI, P.C.

PETE V. DOMENICI, JR., Esq.
6100 Seagull NE, Suite 205
Albuquerque, New Mexico 87109
(505) 883-6250

I hereby certify that a true and
Correct copy of the foregoing
Was mailed to counsel of record
This _15_ day of August, 2005.

PETE V. DOMENICI, JR., Esq.