**OSBORN MALEDON**
A PROFESSIONAL ASSOCIATION
ATTORNEYS AT LAW

The Phoenix Plaza
21st Floor
2929 North Central Avenue
Phoenix, Arizona 85012-2794

P.O. Box 36379
Phoenix, Arizona 85067-6379

Telephone    602.640.9000
Facsimile    602.640.9050

Diane M. Johnsen, 007634 / djohnsen@omlaw.com
John L. Blanchard, 018995 / jblanchard@omlaw.com
Ronda R. Fisk, 022100 / rfisk@omlaw.com
OSBORN MALEDON, P.A.
2929 North Central Avenue
Suite 2100
Phoenix, Arizona  85012-2794
(602) 640-9000

Attorneys for National Board of Medical Examiners

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ralph E. Krolik, M.D., | No. CV05-0315 PHX FJM |
| Plaintiff, | **DEFENDANT'S ANSWER TO AMENDED COMPLAINT** |
| vs. | |
| National Board of Medical Examiners, | |
| Defendant. | |

For its Answer to the Amended Complaint ("Complaint") of Ralph E. Krolik, M.D. ("Plaintiff"), the National Board of Medical Examiners ("NBME" or "Defendant"), for itself alone, responds as follows:

Answering the paragraph of the Complaint titled "Introduction," NBME denies each and every allegation in said paragraph.

1. Answering Paragraph 1 of the Complaint, Defendant admits that this Court has jurisdiction over the alleged claims in the complaint, but denies each and every such claim and denies each and every other allegation contained in said paragraph.

2. Answering Paragraph 2 of the Complaint, Defendant admits that venue is appropriate in this Court and that through a contractor, it performs services in

Maricopa County.  Defendant lacks knowledge or information sufficient to enable it to form a belief as to the truth or falsity of the allegation that Plaintiff lives in Maricopa County, and therefore denies that allegation.  Defendant denies that any violations of law occurred as alleged in the Complaint.

3. Answering Paragraph 3 of the Complaint, Defendant admits that this Court has jurisdiction over the alleged claims in the complaint, but denies each and every such claim denies each and every other allegation contained in said paragraph, and specifically denies that Defendant is subject to Title II of the Americans with Disability Act.

4. Answering Paragraph 4 of the Complaint, Defendant lacks knowledge or information sufficient to enable it to form a belief as to the truth or falsity of the allegations of said paragraph, and therefore denies said allegations.

5. Answering Paragraph 5 of the Complaint, Defendant admits that the NBME is a non-profit organization with its principal place of business in Philadelphia, Pennsylvania.

6. Answering Paragraph 6 of the Complaint, Defendant denies each allegation contained in said paragraph and specifically denies that it is a State Actor as alleged in the Complaint.

7. Answering Paragraph 7 of the Complaint, Defendant admits that Plaintiff applied for accommodations and that his application was denied, and denies that Plaintiff has Attention Deficit/Hyperactivity Disorder ("ADHD") and that he is disabled.  Defendant lacks knowledge or information sufficient to enable it to form a belief as to the truth or falsity of the allegation that Plaintiff obtained a medical degree from the School of Medicine at the American University of the Caribbean and therefore deny that allegation.

1        8.     Answering Paragraph 8 of the Complaint, Defendant admits that Plaintiff petitioned for reasonable accommodations to take Steps 1 and 2 of the United States Medical Licensing Examination ("USMLE") in 2004 and admits that Plaintiff stated in his request that he has a learning disorder and/or suffers from ADHD. Defendant denies each and every other allegation contained in said paragraph, and specifically denies that Plaintiff has a learning disorder and suffers from ADHD.

      9.     Answering Paragraph 9 of the Complaint, Defendant admits that Plaintiff's request for accommodations to take Steps 1 and 2 of the USMLE was denied. Defendant denies each and every other allegation contained in said paragraph.

      10.    Answering Paragraph 10 of the Complaint, Defendant lacks knowledge or information sufficient to enable it to form a belief as to the truth or falsity of the allegations contained in said paragraph and on that basis denies such allegations, and specifically denies that Plaintiff suffers from ADHD, a reading disorder and/or any disability related to "chronic motor coordination."

      11.    Answering Paragraph 11 of the Complaint, Defendant denies each and every allegation contained in said paragraph.

      12.    Answering Paragraph 12 of the Complaint, Defendant denies each and every allegation contained in said paragraph.

      13.    Answering Paragraph 13 of the Complaint, Defendant denies each and every allegation contained in said paragraph.

      14.    Answering Paragraph 14 of the Complaint, Defendant admits that Plaintiff's early schooling was in the 1950s and that in support of his request, Plaintiff has provided Defendant with early school records that do not identify or label him as suffering from ADHD or describe conduct symptomatic of ADHD or otherwise

1057737v5

1  support such a diagnosis.  Defendant denies each and every other allegation contained
2  in said paragraph.
3      15.    Answering Paragraph 15 of the Complaint, Defendant denies each and
4  every allegation contained in said paragraph.
5      16.    Answering Paragraph 16 of the Complaint, Defendant denies each and
6  every  allegation and legal conclusion contained in said paragraph.
7      17.    Answering Paragraph 17 of the Complaint, Defendant admits that a
8  graduate of a foreign medical school must obtain a passing grade on Steps 1, 2, and 3
9  of the USMLE in order to become eligible to obtain an unrestricted license to practice
10 medicine in the United States.  Defendant denies each and every other allegation
11 contained in said paragraph.
12     18.    Answering Paragraph 18 of the Complaint, Defendant denies each and
13 every allegation contained in said paragraph.
14     19.    Answering Paragraph 19 of the Complaint, Defendant denies each and
15 every allegation contained in said paragraph.
16     20.    Answering Paragraph 20 of the Complaint, Defendant denies each and
17 every allegation contained in said paragraph.
18     21.    Answering Paragraph 21 of the Complaint, Defendant denies each and
19 every allegation contained in said paragraph.
20     22.    Answering Paragraph 22 of the Complaint, Defendant denies each and
21 every allegation contained in said paragraph.
22     23.    Answering Paragraph 23 of the Complaint, Defendant incorporates by
23 reference Paragraphs 1 through 22 of this Answer.
24     24.    Answering Paragraph 24 of the Complaint, Defendant denies each and
25 every allegation contained in said paragraph.
26

1  25. Answering Paragraph 25 of the Complaint, Defendant denies each and every allegation contained in said paragraph.

3  26. Answering Paragraph 26 of the Complaint, Defendant incorporates by reference Paragraphs 1 through 25 of this Answer.

5  27-30. Defendant denies each and every allegation and legal conclusion contained in paragraphs 27-30 of the Complaint. Defendant has moved to dismiss "Count III" of the Complaint because as a matter of law, the NBME is not subject to the Rehabilitation Act, 29 U.S.C. § 794.

9  31. Defendant denies each and every allegation of the Complaint that is not specifically admitted herein.

**AFFIRMATIVE DEFENSES**

1. For its First Affirmative Defense, Defendant asserts that Plaintiff's Complaint fails to state a claim on which relief may be granted.

2. For its Second Affirmative Defense, Defendant asserts that Plaintiff's claims, and each of them, are barred by limitations.

3. For its Third Affirmative Defense, Defendant asserts that Plaintiff's claims, and each of them, are barred by waiver.

4. For its Fourth Affirmative Defense, Defendant asserts that Plaintiff's claims, and each of them, are barred by estoppel.

Defendant hereby reserves the right to seek leave of Court to amend this Answer to state additional affirmative defenses as additional information becomes available.

WHEREFORE, Defendant prays for judgment as follows:

1. That the Complaint be dismissed with prejudice and that Plaintiff take nothing by way of his Complaint;

2. That judgment be entered in favor of Defendant;

1    3. That Defendant be awarded its costs and reasonable attorneys' fees,
2  pursuant to 42 U.S.C. § 12205 and 29 U.S.C. § 794a and any other applicable laws,
3  statutes or rules; and
4    4. That the Court grant such other and further relief as it deems just and
5  proper.
6    DATED this 1st day of September, 2005.

OSBORN MALEDON, P.A.

By   /s/ Ronda R. Fisk
    Diane M. Johnsen
    John L. Blanchard
    Ronda R. Fisk
    2929 North Central, Suite 2100
    Phoenix, Arizona 85012-2794

Attorneys for National Board of Medical Examiners

I hereby certify that on September 1, 2005, I served the attached document via first class mail on the following, who are not registered participants of the CM/ECF System:

Peter V. Domenici, Esq.
Domenici Law Firm, PC
320 Gold Avenue, SW
Albuquerque, New Mexico 87102
Attorney for Plaintiff Krolik, M.D.

/s/ Kelly Dourlein