Pete V. Domenici, Jr., Esq./pdomenici@domenicilaw.com
DOMENICI LAW FIRM, P.C.
6100 Seagull NE, Suite 205
Albuquerque, New Mexico 87109
(505) 883-6250

Attorney for Ralph E. Krolik, M.D.

Diane M. Johnsen, Esq./djohnsen@omlaw.com
John L. Blanchard, Esq./jblanchard@omlaw.com
Ronda R. Fisk, Esq./rfisk@omlaw.com
OSBORN MALEDON, P.A.
2929 North Central Avenue, Suite 2100
Phoenix, Arizona 85012-2794
(602) 640-9000

Attorneys for National Board of Medical Examiners

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| RALPH E. KROLIK, M.D., | ) | CASE NO. CV-05-0315 PHX FJM |
| | ) | |
| Plaintiff, | ) | |
| Vs. | ) | **PROPOSED CASE MANAGEMENT** |
| | ) | **PLAN** |
| NATIONAL BOARD OF | ) | |
| MEDICAL EXAMINERS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Pursuant to Fed. Civ. Proc. R. 16 and 26(f) and the Court's Order dated May 11, 2005, counsel have conferred and submit herewith the parties' consolidated Proposed Case Management Plan.

### 1. NATURE OF THE CASE

<u>Plaintiff's Statement:</u> Dr. Krolik is a 60-year-old medical school graduate of a foreign medical school who was diagnosed with ADHD. After numerous failed attempts

to pass the United States Medical Licensing Exam ("USMLE") to obtain a license to practice medicine, Dr. Krolik petitioned the NBME for reasonable accommodations of double time and a pencil and paper exam to take the USMLE, Step 1 and Step 2. His request for a reasonable accommodation was denied by NBME based on its determination that Dr. Krolik was not disabled as defined under the Act.

    <u>Defendant's Statement</u>: Defendant National Board of Medical Examiners ("NBME") administers the three "Steps" of the USMLE. State licensing agencies and, indirectly, the public, rely on the USMLE as a measure of knowledge and ability to practice medicine. Passage of all three Steps is required to obtain a medical license in any of the 50 states. As a graduate of a foreign medical school, Dr. Krolik ("Plaintiff") must be certified by the Educational Commission for Foreign Medical Graduates ("ECFMG") in order to obtain a medical residency in the United States. A foreign medical graduate must pass Steps 1 and 2 (CK and CS) of the USMLE in order to be certified to obtain a residency.

    The NBME reviews requests by USMLE registrants seeking special accommodations under the Americans with Disabilities Act ("ADA"). At issue in this case is a request for accommodations that Plaintiff made in late 2003. Pursuant to its established procedure, the NBME referred Plaintiff's application materials to recognized experts in ADHD and in Reading Disabilities, both of whom found that the information submitted by Plaintiff did not support a finding that he was disabled under the ADA or that he should receive accommodations. Based on those recommendations and its review of Plaintiff's materials, the NBME denied Plaintiff's request for accommodations on February 2, 2004.

## 2. ELEMENTS OF PROOF NECESSARY FOR EACH COUNT OF THE COMPLAINT AND EACH AFFIRMATIVE DEFENSE:

Plaintiff: Count I – Prohibited discrimination, disability discrimination under the ADA. The acts of defendant in denying his disability and his request for a reasonable accommodation were practiced against Krolik as a result of his disability in violation of the ADA. Dr. Krolik will show that his ADHD condition is a substantial limitation that prohibits or significantly restricts his ability to perform the major life function of working in the medical field as a physician. Dr. Krolik's condition of ADHD is a disorder and disability as defined in Title II and Title III of the ADA that substantially limits one or more of the major life activities of working. NBMEs actions and policy in denying Dr. Krolik reasonable accommodations to take the USMLE are intentional discrimination with deliberate indifference to the strong likelihood that a violation of federally protected rights will result from the implementation of the challenged policy. Permitting and authorizing a test applicant of the USMLE additional time to take the examination due to a disability is a reasonable accommodation under the ADA and the Rehabilitation Act.

Count III – Discrimination under the Rehabilitation Act. The acts and omissions of defendant were practiced against Krolik as the result of his disability in violation of the Rehabilitation Act and Krolik may seek Title VII remedies of money damages.

Defendant:

Count I: Plaintiff cannot meet his burden under the law of showing that he suffers from a mental or physical impairment that substantially limits him in a major life activity. As shown by the reports provided with Defendant's Opposition to Plaintiff's Motion for Preliminary Injunction, Plaintiff cannot meet the three elements required to prove a

violation of the ADA: He is not impaired by ADHD or a Learning Disability, he is not limited by any impairment in a major life activity, and he is not substantially limited "compared to most people" in a major life activity. Further, Plaintiff asserts that his ADA claim is based on an allegation that he is substantially limited in the "major life function of working in the medical field as a physician." The ADA recognizes no such "major life activity" or "major life function."

Count III: Under Count III, Plaintiff's claim under the Rehabilitation Act, Plaintiff must prove that Defendant receives "Federal financial assistance" in such a manner and to such a degree as to bring Defendant within the Rehabilitation Act. Defendant disputes that it receives such "Federal financial assistance." If the Rehabilitation Act is found to apply, then the substantive elements relating to alleged discrimination on the basis of disability are the same as those required under the ADA. In order to win an award of money damages under the Rehabilitation Act, Defendant must prove intentional discrimination on the part of Defendant and that he suffered actual, not speculative, injury, and must prove an amount reasonably required to compensate him for such injury.

Affirmative Defenses: Plaintiff cannot prevail to the extent that he has intentionally relinquished his right to bring suit (waiver) or has caused Defendant to reasonably rely on his acts, representations or statements (estoppel).

3.   FACTUAL AND LEGAL ISSUES GENUINELY IN DISPUTE:

Plaintiff: Dr. Krolik contends that he has been diagnosed with ADHD and pursuant to the ADA, ADHD is recognized as a mental impairment for purposes of ADA. This impairment impacts his major life function of working by restricting his ability to

work as a physician and pass the USMLE exams.  The issue is whether Dr. Krolik is disabled as defined under the ADA and therefore is entitled to a reasonable accommodation under the ADA to take the USMLE.  National Board of Medical Examiners is an instrumentality of the state and receives Federal financial assistance and the acts and omissions practiced by NBME against Dr. Krolik as the result of his disability violate the Rehabilitation Act and Dr. Krolik may seek Title VII remedies of money damages.

     <u>Defendant:</u>  The following factual and legal issues are genuinely in dispute:

1.    Whether Plaintiff suffers from ADHD and/or a Learning Disability;

2.    If so, whether such condition substantially limits Plaintiff, "compared to most people,"  in a "major life activity" within the ADA;

3.    Whether "working" is a "major life activity" under the ADA;

4.    Whether "working in the medical field as a physician" is a "major life activity" under the ADA;

5.    Whether Defendant receives "Federal financial assistance" in such manner and to such degree as to render Defendant subject to the Rehabilitation Act;

6.    If Plaintiff prevails on either of his two claims, what reasonable accommodations must be provided to him with respect to the USMLE;

7.    If Plaintiff prevails, whether and to what extent he may be entitled to receive money damages;

8.    Whether and to what extent the prevailing party in this litigation may be entitled to receive its attorneys' fees and costs.

4. <u>JURISDICTIONAL BASIS OF THE CASE, CITING SPECIFIC STATUTES – PLACE OF INCORPORATION, PRINCIPAL PLACE OF BUSINESS OF CORPORATION, STATES OF CITIZENSHIP OF ALL MEMBERS OF UNICORPORATED ENTITIES:</u>

<u>Plaintiff:</u>  Diversity jurisdiction – Dr. Krolik is an individual and resident of Arizona.  National Board of Medical Examiners is a corporation with its principal place of business in Texas.  A Federal Question is presented and the action seeks federal injunctive relief under 42 U.S.C. § 12131 et seq. and 29 U.S.C. § 794 to redress Dr. Krolik's claim under Title II of the ADA and the Rehabilitation Act.

<u>Defendant:</u>  Federal question jurisdiction exists pursuant to 28 U.S.C. § 1331, given the presence of the plaintiff's purported claims under the ADA, 42 U.S.C. § 12132 and the Rehabilitation Act, 29 U.S.C. §§ 701 *et seq.*  Diversity jurisdiction also may exist pursuant to 28 U.S.C. § 1332.  Defendant is organized under the laws of the District of Columbia, and its principal place of business is located in Pennsylvania.

5. <u>PARTIES, IF ANY, WHICH HAVE NOT BEEN SERVED, AS WELL AS PARTIES WHICH HAVE NOT FILED AN ANSWER OR OTHER APPEARANCE:</u>

<u>Plaintiff:</u>  None.

<u>Defendant:</u>  None.

6. <u>NAMES OF PARTIES NOT SUBJECT TO THE COURT'S JURISDICTION:</u>

<u>Plaintiff:</u>  None.

<u>Defendant:</u>  None.

## 7. WHETHER THERE ARE DISPOSITIVE OR PARTIALLY DISPOSITIVE ISSUES TO BE DECIDED BY PRETRIAL MOTIONS, AND THE LEGAL ISSUES ABOUT WHICH ANY PRETRIAL MOTIONS ARE CONTEMPLATED:

Plaintiff: Motion for Preliminary Injunction was filed and has not yet been heard. The issue before the Court is whether Dr. Krolik is disabled under the ADA and entitled to a reasonable accommodation to take the USMLE and whether Krolik can demonstrate that there is a strong likelihood of success on the merits, the possibility of irreparable injury if preliminary relief is not granted, the balance of hardships favoring Krolik, and advancement of the public interest in granting the injunction.

Defendant: Defendant has moved to dismiss Plaintiff's purported claim under the Rehabilitation Act for the reason that the Rehabilitation Act applies only to organizations that receive "Federal financial assistance," and Defendant receives no such assistance. That Motion to Dismiss, pursuant to Rule 12(b), may be converted into a Motion for Partial Summary Judgment. Plaintiff's opposition to that Motion is due September 19, 2005. Plaintiff's Motion for Preliminary Injunction is pending and will be fully briefed upon filing of Plaintiff's Reply memorandum, due September 9, 2005. Defendant's contention is that the Motion for Preliminary Injunction should be denied because Plaintiff has failed to meet any of the criteria required for issuance of mandatory injunctive relief.

## 8. WHETHER THE CASE IS SUITABLE FOR REFERENCE TO A UNITED STATES MAGISTRATE JUDGE FOR SETTLEMENT CONFERENCE:

Plaintiff: Yes.

Defendant: Yes.

9. STATUS OF RELATED CASES PENDING BEFORE OTHER JUDGES OF THIS COURT OR BEFORE OTHER COURTS:

Plaintiff: None.

Defendant: None.

10. STATEMENT OF WHEN INITIAL DISCLOSURES WERE MADE OR WILL BE MADE:

The parties have agreed to make their initial disclosures on or before September 9, 2005.

11. PROPOSED DATES FOR:

a. Last day to file motions to amend the complaint and to join additional parties. October 1, 2005.

b. Disclosure of expert testimony by plaintiff under Rule 26(a)(2), Fed. R.Civ.P. October 1, 2005.

c. Disclosure of expert testimony by defendant under Rule 26(a)(2), Fed. R.Civ.P. November 1, 2005.

d. Disclosure of rebuttal expert testimony. December 1, 2005.

e. Disclosure of all witnesses, exhibits and other matters under Rule 26(a)(3), Fed.R.Civ.P. February 1, 2006.

f. Closure of all discovery. March 15, 2006.

g. Last day to file dispositive motions. May 1, 2006.

    h.  <u>The lodging of a joint proposed pretrial order (about 120 days after last day to file dispositive motions).</u>  September 1, 2006.

    i.  <u>The final pretrial conference (on a Friday at 3:00 p.m. about one week after lodging proposed pretrial order and two weeks before trial).</u> _____

    j.  <u>Firm trial date (second Tuesday of month at 9:00 a.m.)</u> _____

12.  <u>The estimated length of trial, and any suggestions for shortening trial.</u>

    Defendant estimates that trial will last three days.

13.  <u>Whether a jury trial has been requested and whether the request for a jury trial is contested, if the request for jury trial is contested, the Proposed Case Management Plan shall set forth the reasons that a trial by jury is in dispute.</u>

    Jury demand has been made by Plaintiff.  Defendant's position is that Plaintiff has no right to a jury trial on his claim for injunctive or other equitable relief.  In the event that Plaintiff's claim for damages under the Rehabilitation Act is not dismissed, that claim may be tried by jury.

    DATED this _____ day of _____, 2005.

<u>EXCEPTIONS</u>

    (Where counsel cannot agree to any recitation herein, exceptions shall be listed.)

APPROVED WITH/WITHOUT EXCEPTIONS
(Note exceptions above)

DOMENICI LAW FIRM, P.C.

_____
PETE V. DOMENICI, JR., Esq.
320 Gold Avenue SW, Suite 1000
Albuquerque, New Mexico 87102
(505) 883-6250


OSBORN MALEDON, P.A.

_____
DIANE M. JOHNSEN, Esq.
2929 North Central Avenue, Suite 2100
Phoenix, Arizona 85012-2794
(602) 640-9000



APPROVED:                    APPROVED AND ADOPTED AS
                             THE ORDER OF THE COURT:


_____       _____
United States Magistrate Judge    United States District Judge

## CERTIFICATE OF SERVICE

I hereby certify that on September 9, 2005, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing.

I hereby certify that on September 9, 2005 I served the attached document by mail on the following who are not registered participants of the CM/ECF System:

Pete V. Domenici, Jr., Esq.
DOMENICI LAW FIRM, P.C.
6100 Seagull NE, Suite 205
Albuquerque, New Mexico 87109
Attorney for Ralph E. Krolik, M.D.


 /s/  Kelly Dourlein_____


Courtesy Copy of the foregoing hand
delivered this 9th day of September, 2005 to:

Hon. Frederick J. Martone
U.S. District Court Judge
401 W. Washington
Phoenix, AZ  85003


 /s/  Kelly Dourlein_____



1066458_1.DOC