Case 2:05-cv-00315-FJM Document 41   Filed 09/12/05   Page 1 of 5

THIS DOCUMENT HAS NOT BEEN SUBMITTED ELECTRONICALLY AS REQUIRED BY THE DISTRICT OF ARIZONA'S ADMINISTRATIVE POLICIES AND PROCEDURES MANUAL

Pete V. Domenici, Jr., Esq.
Domenici Law Firm, P.C.
320 Gold Avenue SW, Suite 1000
Albuquerque, New Mexico 87102
(505) 883-6250
Attorney for Plaintiff Krolik, M.D.



FILED
SEP 1 2 2005
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY _____ DEPUTY

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| RALPH E. KROLIK, M.D., | CASE NO. CV-05-0315 PHX FJM |
| Plaintiff, | |
| Vs. | **REPLY TO MOTION FOR PRELIMINARY INJUNCTION** |
| NATIONAL BOARD OF MEDICAL EXAMINERS, | |
| Defendants. | |

**COMES NOW** the Plaintiff, Ralph E. Krolik, M.D., by and through his counsel of record, Domenici Law Firm, P.C. (Pete V. Domenici, Jr., Esq.) and for his Reply to Motion for Preliminary Injunction states:

A. <u>Krolik will be exposed to irreparable harm if preliminary injunctive relief is not granted.</u>

Dr. Krolik has been offered a medical residency with the University of New Mexico Medical School Department of Psychiatry. The one obstacle to accepting this residency is Dr. Krolik's failure to satisfactorily complete the USMLE Step 1 and Step 2. (See Exhibit "A", Affidavit of Dr. Krolik, attached hereto) The NBME"s failure to grant a reasonable accommodation to Dr.

Krolik for successful completion of the USMLE demonstrates that Dr. Krolik is exposed to irreparable harm if preliminary injunctive relief is not granted.

1. <u>A monetary remedy is not adequate compensation for the irreparable harm.</u>

Dr. Krolik has suffered and continues to suffer irreparable harm as a result of USMLE's failure to permit him to have a reasonable accommodation of more time and a paper and pencil exam to take the Step 1 and Step 2 of the National Medical Licensing Exam. Without the reasonable accommodation, Dr. Krolik has been unable to master the NBME exam to obtain his medical license and enter a residency program at University of New Mexico Psychiatry Department. His successful completion of the NBME Step 1 and Step 2 exams is required for entry into the residency program. Monetary remedies are not adequate compensation for successful completion of the NBME exams and acceptance into a medical residency program. "A plaintiff suffers irreparable injury when the court would be unable to grant an effective monetary remedy after a full trial because such damages would be inadequate or difficult to ascertain.", *Homans v. City of Albuquerque*, 160 F. Supp.2d 1266 (D.N.M.2001), citing *Kikumura v. Hurley*, 242 F.3d 950, 963(10thCir. 2001)(citing *Tri-State Generation & Transmission Assoc., Inc. v. Shoshone River Power, Inc.*, 874 F.2d 1346, 1354 (10th Cir. 1989) "When an alleged constitutional right is involved, most courts hold that no further showing of irreparable injury is necessary." Id. (citing 11A Charles Alan Wright, Arthur R. Miller & Mary Kane, Federal Practice and Procedure § 2948.1 (2d ed. 1995).

B. <u>Dr. Krolik demonstrates likelihood of success on the merits because he can show he is disabled under the ADA.</u>

Defendants state in ¶16 of the *Opposition to Motion for Preliminary Injunction*, "Since 1999, the NBME, on behalf of USMLE, has assumed responsibility for reviewing and determining accommodation applications filed by students and graduates of foreign medical schools." NBME has never given its standards and guidelines for its determination of an ADHD disability claim that would warrant a reasonable accommodation. Nowhere in any of the denial letters to Dr. Krolik has NBME ever identified its polices, standards, or guidelines for determining that Dr. Krolik did not have an ADHD disability and therefore not entitled to a reasonable accommodation. The J.Abram Doane USMLE denial letter to Dr. Krolik states:

"Regulatory decisions and case law have established that the ADA covers individuals who are 'substantially limited' in a major life activity as the result of a disability. Determination of whether an individual is substantially limited in functioning as compared to most people is based on assessment of the current impact of the identified impairment. Therefore, a diagnostic label, in and of itself, does not establish coverage under the Americans with Disabilities Act. Overall, the documentation that you have provided does not suggest that you are significantly impaired relative to the average person in the general population. Therefore, after a careful review of all of your documentation, I must inform you that we are unable to proved you with the requested accommodations."

Dr. Krolik was diagnosed with ADHD by Grant Butterbaugh, Ph.D. (See Affidavit of Grant Butterbaugh, Exhibit B, attached hereto). Dr. Butterbaugh's report notes all the supporting documentation that he incorporated into his diagnosis and evaluation that identifies that Dr. Krolik is significantly impaired by an ADHD disability relative to the average person in the general population. As observed by Dr. Butterbaugh in his report,

3

"...Mr. Doane and the NBME appear to require a history of severe academic impairments to validate childhood ADHD in spite of the identification of such impairments in only a minority of clinic-referred adults with ADHD, and despite 1) the lack of scientific evidence and consensus about the reliability and validity of such diagnostic criteria and 2) the absence of such requirements in published research studies of ADHD. This NBME-create or invented administrative policy or criterion is not consistent with available scientific evidence, DSM-IV ADHD diagnostic criteria, or the disability eligibility definitions under current disability laws or court rulings.", Exhibit "A", Butterbaugh Affidavit at page 60.)

"...Mr. Doane, NBME staff, and their unnamed ADHD experts repeat often-discussed aspects of the ADA. However, Mr. Doane, NBME staff, and their unnamed ADHD experts inexplicably demand 'impossible' objective historical documentation of childhood ADHD impairments, yet then ignore and reject without reason objective documentation of standardized test results that documented Dr. Krolik's current and post chronic substantially limited learning and social major life activities in comparison to the average person in the general population." (Exhibit "A", Butterbaugh Affidavit at page 62.)

1. A professional medical license is a property interest protected by the Constitution.

"That a professional license is property and is protected by the Constitution is recognized by both Nevada law, and by federal law...(and) (t)he pr operty comprising a professional license includes not only the right to practice the profession but the right to obtain official verification of the existence of the right.", *Mishler v. Nevada State Board of Medical Examiners*, 896 F.2d 408(9th Cir. 1990) Here, Dr. Krolik has been denied a right to accomplish the necessary steps to obtain his professional medical license. "When an alleged constitutional right is involved, most courts hold that no further showing of irreparable injury is necessary.", *Homans v. City of Albuquerque*, 160 F.Supp.2d 1266 (D.N. 2001).

## Conclusion

Dr. Krolik is likely to succeed on the merits because he was diagnosed by a medical professional as having ADHD, a disability under the ADA, and the NBME regulations permit reasonable accommodations to candidates with disabilities taking the National Medical Licensing Exam; (3) that the balance of hardships strongly favors Dr. Krolik because the potential injury to him from the continued years he has had to wait

4

for a USMLE ruling that because of his disability he will be afforded a reasonable accommodation to take the National Medical Licensing Exam outweighs any potential injury to Defendants; and (4) ADHD is a recognized disability under the ADA and public policy is reflected in the statutes and it is expected that the accommodation will be made and therefore, the denial of this reasonable accommodation does not advance the public interest in allowing NBME applicants with a disability, like Dr. Krolik, to obtain their professional medical license to practice medicine.

**WHEREFORE**, the Plaintiff respectfully requests that the Court grant an injunction directing the Defendants to provide Plaintiff with a reasonable accommodation of more time to take the United States Medical Licensing Exams Part I and Part II; that the exams be given in a pencil and paper format rather than a computer exam format.

Respectfully submitted,

DOMENICI LAW FIRM, P.C.

_____
PETE V. DOMENICI, JR., Esq.
320 Gold Avenue SW, Suite 1000
Albuquerque, New Mexico 87102
(505) 883-6250

I hereby certify that a true and correct
Copy of the foregoing was mailed to
Opposing counsel this ___9___ day
Of September, 2005.

_____
PETE V. DOMENICI, JR., Esq.

5