IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Ralph E. Krolik, | ) | NO. CV 05-315-PHX-FJM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **RULE 16** |
| | ) | **SCHEDULING ORDER** |
| National Board of Medical Examiners, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Pursuant to the terms of the Case Management Plan and the representations made by the parties at the Rule 16 Scheduling Conference, all parties shall comply with the deadlines established in this Order.

**THE PARTIES AND THEIR COUNSEL ARE CAUTIONED THAT THE DEADLINES SET FORTH IN THIS RULE 16 SCHEDULING ORDER SHALL BE STRICTLY ENFORCED. NO EXTENSIONS TO THE DISPOSITIVE MOTION CUTOFF DATE, THE PRETRIAL ORDER DATE, THE PRETRIAL CONFERENCE DATE, AND THE FIRM TRIAL DATE WILL BE GRANTED DUE TO CASE PROCESSING PROBLEMS, DISCOVERY DISPUTES OR SETTLEMENT NEGOTIATIONS.**

1.    All Initial Disclosures as defined in Fed.R.Civ.P. 26(a), if not already disclosed prior to the Scheduling Conference, shall be made **no later than 9/9/05.**

2.    To satisfy the requirements of Fed.R.Civ.P. 26(a), the parties shall file with the Clerk of the Court a <u>Notice of Initial Disclosure</u>, rather than copies of the actual disclosures.

3.    Motions to Amend the Complaint, and to join additional parties shall be filed no later than <u>**10/1/2005**</u>.

4.   The Plaintiff(s) shall disclose the identity of all persons who may be used at trial to present evidence under Fed.R.Evid. 702, 703, 704, and 705 no later than **11/1/2005.**   The Defendant(s) shall disclose the identity of all persons who may be used at trial to present evidence under Fed.R.Evid. 702, 703, 704, or 705 no later than **12/1/2005.**   The parties shall disclose the identity of all rebuttal expert testimony no later than **1/1/2006.**

The disclosures of the identities of all persons who may be used at trial to present evidence under Fed.R.Evid. 702, 703, 704, or 705 shall also include all of the disclosures required by Fed.R.Civ.P. 26(a)(2)(B) if the witness is either (1) retained or specifically employed to provide expert testimony in the case, or (2) is an agent or employee of the party offering the testimony whose duties regularly involve giving expert testimony.   No deposition of any expert witness shall occur before the disclosures concerning expert witnesses mandated by this Order are made.

5.   The parties are required to finally supplement <u>all</u> discovery, including material changes in expert witness opinions and disclosure, pursuant to Fed.R.Civ.P. 26(a)(3), of all exhibits to be used and all witnesses to be called at trial, on or before **2/1/2006.**   The parties are reminded that this order governs and supersedes the "30 days before trial" disclosure deadline contained in Fed.R.Civ.P. 26(a)(3).   Therefore, (1) failure to timely supplement Rule 26(a) disclosures, including witnesses and exhibits for trial, (2) failure to timely supplement responses to any valid discovery requests, and (3) attempts to include witnesses

or exhibits in the Proposed Final Pretrial Order that were not previously disclosed in a timely manner may result in the exclusion of such evidence at trial or the imposition of other sanctions pursuant to Fed.R.Civ.P. 37, the Local Rules of the District Court, and the inherent power of the court.

6.    All discovery, including answers to interrogatories, production of documents, depositions and requests to admit must be completed by **3/15/2006**.

7.    Discovery by interrogatory shall be governed by Fed.R.Civ.P. 33 unless otherwise ordered by the Court.  Therefore, there is a limit of twenty-five (25) interrogatories, including discrete subparts.

8.    Depositions shall be limited as provided by Rules 30 and 31 of the Fed.R.Civ.P.

9.    Motions on discovery matters are strongly discouraged. Parties are directed to Local Rule Civil 7.2(j), which prohibits filing discovery motions unless parties have first met to resolve any discovery difficulties.   If the parties cannot reach a resolution, they may file a motion.  Motions, responses and replies shall not exceed two pages each.

10.  All dispositive motions shall be filed no later than **4/25/2006**.  **A party or parties represented by the same lawyer shall file no more than one motion for summary judgment unless leave of Court is obtained.**

11.  All parties are specifically admonished that pursuant to Local Rule Civil Rule 7.2(i), "[if a motion does not conform in all

substantial respects with the requirements of this Rule, or **if the opposing party does not serve and file the required answering memoranda, or if counsel for any party fails to appear at the time and place for oral argument, such non-compliance may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily.**"

12.  **A Joint Proposed Pretrial Order** shall be lodged by **8/25/2006**, notwithstanding the pendency of unresolved dispositive motions.  The parties are therefore advised to get their dispositive motions resolved sooner rather than later.  The Proposed Pretrial Order shall be in the <u>Form of Joint Proposed Pretrial Order</u> attached to this order.

13.  If the case will be tried to the Court, rather than to a jury, <u>in addition to</u> filing a **Joint Proposed Pretrial Order**, each party shall also submit <u>very</u> <u>brief</u> Proposed Findings of Fact and Conclusions of Law on the same date the **Joint Proposed Pretrial Order** is due.

14.  Motions in limine are discouraged. The parties shall file and serve all **Motions in Limine** no later than the filing of the **Joint Proposed Pretrial Order.**  Responses shall be filed at least two days before the final pretrial conference.  The lawyers for all parties shall come to the final **Pretrial Conference** prepared to address the merits of all such motions; no replies shall be filed. Motions in limine and responses shall not exceed two pages and shall be limited to matters which might avoid a mistrial.

15.  The parties are advised that they are required to file

4

with the **Joint Proposed Pretrial Order** the following:

   (A) A <u>joint</u> stipulated <u>Statement of the Case</u> to be read to the jury. If the parties have any disagreement about the statement, the party proposing the statement will set it forth in the joint pleading and the party objecting shall set forth the reason for the objection below the statement and offer an alternative statement.

   (B) Proposed <u>voir dire</u> questions that are case specific.

   (C) <u>Proposed jury instructions</u>. The instructions shall be accompanied by citations to legal authority. Instructions shall not be partisan. Prepare them as though you were the judge's law clerk.


   (D) A <u>joint</u> stipulated <u>form of verdict</u>. If the parties have any disagreement about the form of verdict, the party proposing the form will set it forth in the joint pleading and the party objecting shall set forth the reason for the objection and offer an alternative form of verdict.

   (E) A <u>Trial Memorandum of Law</u> for each party. The memorandum shall be **<u>brief</u>** but must address all questions of law, including evidentiary issues that the party anticipates will arise at trial.

 16. The lawyers for each party who will be responsible for trial of the lawsuit shall appear and participate in a **Pretrial Conference** on  **<u>Friday, 9/1/2006, at 3:00 p.m</u>**.

 **IT IS FURTHER ORDERED** directing the parties to submit their

proposed jury instructions and forms of verdict in WordPerfect format on disk or by e-mail (mary_molyneaux@azd.uscourts.gov) in addition to the written materials filed with the Clerk of the Court.

**IT IS FURTHER ORDERED setting a jury trial** on  **9/12/2006, at 9:00 a.m.** Estimated length: 3 days.

Dated this 16th day of September, 2005.

_Frederick J. Martone_

Frederick J. Martone
United States District Judge

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| Plaintiff, | ) | No. CV      FJM |
| | ) | |
| vs. | ) | |
| | ) | **JOINT PROPOSED PRETRIAL** |
| | ) | **ORDER** |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Pursuant to the Scheduling Order previously entered, the following is the Joint Proposed Pretrial Order to be considered at the Final Pretrial Conference set for _____, 2002, at _____ before Judge Martone.

    1.   **TRIAL COUNSEL FOR THE PARTIES**

        Include mailing address, office phone and fax numbers.

        Plaintiff(s):

        Defendant(s):

    2.   **STATEMENT OF JURISDICTION/VENUE**.  Cite the statute(s) or rule(s) which give(s) this court jurisdiction and venue (e.g., jurisdiction in this case is based on diversity of citizenship under 28 U.S.C. § 1332).

3.   **NATURE OF ACTION**.  Provide a **concise** statement (no more than one page) of the kind of case, the cause of action, and the relief sought.

(e.g., - This is a products liability case in which the plaintiff seeks damages for personal injuries sustained when he fell from the driver's seat of a forklift.  The plaintiff contends that the forklift was defectively designed and manufactured by the defendant and that the defects were a producing cause of his injuries and damages.)

4.   **STIPULATIONS AND UNDISPUTED FACTS**

5.   **WITNESSES**

Provide a separate list for each party of all witnesses (including experts) whom the party will call in person or through deposition, except witnesses who may be called only for impeachment.  If a witness will appear by deposition only, the party calling the witness will give notice of the pages to be read to all other parties on or before the date the proposed pretrial order is lodged.  (Do not include deposition pages in the pretrial order).

6.   **EXHIBITS**

Each party must submit with this proposed order a list of numbered exhibits, with a description of each containing sufficient information to identify the exhibit. Document admissibility issues should be solved by stipulation before trial. The parties should work with the clerk to mark all exhibits directly into evidence

8

unless a good faith objection will be raised at trial.

      7.   **INFORMATION FOR COURT REPORTER**

In order to facilitate the creation of an accurate record, please file a "Notice to Court Reporter" one week before trial containing the following information that may be used at trial:

    1. Proper names, including those of witnesses.

    2. Acronyms.

    3. Geographic locations.

    4. Technical (including medical) terms, names or jargon.

    5. Case names and citations.

APPROVED AS TO FORM AND CONTENT:

_____   _____
Attorney for Plaintiff         Attorney for Defendant

THIS JOINT PRETRIAL ORDER IS HEREBY APPROVED ON THIS _____ DAY OF _____, 200___.

                        _____
                          Frederick J. Martone
                       United States District Judge

9