Pete V. Domenici, Jr., Esq.
Domenici Law Firm, P.C.
320 Gold Avenue SW, Suite 1000
Albuquerque, New Mexico 87102
(505) 883-6250
Attorney for Plaintiff Krolik, M.D.

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| RALPH E. KROLIK, M.D., | ) | CASE NO. CV-05-0315 PHX FJM |
| | ) | |
| Plaintiff, | ) | |
| Vs. | ) | **MOTION TO COMPEL DEFENDANT** |
| | ) | **TO RESPOND TO INTERROGATORY** |
| | ) | **NO. 7 OF PLAINTIFF'S FIRST SET OF** |
| | ) | **INTERROGATORIES** |
| NATIONAL BOARD OF MEDICAL | ) | |
| EXAMINERS, | | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**COMES NOW** the Plaintiff, Ralph E. Krolik, M.D., by and through his counsel of record, Domenici Law Firm, P.C. (Pete V. Domenici, Jr., Esq.) and for his Motion to Compel Defendant to respond to Interrogatory No. 7 of Plaintiff's First Set of Interrogatories states as follows:

In Interrogatory No. 7, Plaintiff requested, "For the years 1999 to the present, please identify the yearly number of applicants who have applied to take the USMLE; the number of applicants who have applied to take the USMLE with reasonable accommodations related to ADHD and ADD, the number of applicants who are authorized by USMLE to take the USMLE exam with reasonable accommodations related to ADHD and ADD; please identify the types of reasonable accommodations for

ADHD and ADD authorized; and please identify USMLE' rational for authorizing or denying the accommodation."  Defendant responded, "NBME objects to this interrogatory as vague and ambiguous as to the meaning of the phrases 'any and all documentation to support the statement' included in the interrogatory and 'individual(s) who review the request for accommodations.' NBME also objects to this interrogatory on the grounds that it is unduly burdensome and oppressive in that it purports to seek the identification of 'all' of the listed categories of material, without limitations. Notwithstanding and without waiving these objections, NBME responds that on this point, the website for the Association on Higher Education and Disability (AHEAD) recommends that as a best practice all documentation accompanying a request for accommodation 'should be reviewed on an individual, case-by-case basis.  This calls for an individualized inquiry, examining the impact of a disability on the individual and within the specific context of the request for accommodations.'(See http://www.ahead.org/resources/bestpracticesprinciples.htm)."

Defendant has failed and refused to supply the requested records showing the number of applicants that received an accommodation and of that number, the number of applicants that are able to satisfy the requirements for an accommodation.  It is not apparent from any of the discovery received that NBME is using its protocol to identify the applicants who are eligible for accommodations and there has been no explanations for how that differs from the diagnostic testing in determining whether an accommodation should be made.

In a November 15, 2005 deposition, Defendant's expert witness Gordon testified that in roughly a ten-year period he reviewed 200 to 300 accommodation requests for the

National Board of Medical Examiners and of those 200 to 300 requests, he recommended about 10 to 15% of the accommodation requests receive an accommodation. (Deposition testimony of Michael Gordon, Ph.D., Pages 20-21, Lines 23-24, 1-20)   Plaintiff's discovery request for the number of applicants who are able to satisfy the ADHD guidelines for a reasonable accommodation is critical for a review of the records to determine the number of requests accepted for older applicants.  Plaintiff needs to verify the statements of the NBME expert and to assess the age categories of the 10% recommended for accommodation.  Regarding the age of the applicants who applied for an accommodation, Gordon testified, "I can't remember.  It's not that I didn't. I just don't remember how many of those that I've recommended accommodations for actually within that age range.  I just don't remember." (Deposition of Gordon, Ph.D., Page 55, Lines 21-24)  The Interrogatory No. 7 request is for those records and will resolve the question.

     **WHEREFORE**, Plaintiff respectfully requests that the Court order Defendant to respond to Interrogatory No. 7 of Plaintiff's First Set of Interrogatories and Request for Production of Documents.

                                Respectfully submitted,

                                DOMENICI LAW FIRM, P.C.

                                S/ Pete V. Domenici, Jr., Esq.
                                PETE V. DOMENICI, JR., Esq.
                                320 Gold Avenue SW, Suite 1000
                                Albuquerque, New Mexico 87102
                                (505) 883-6250

I hereby certify that a true and correct

Copy of the foregoing was mailed to
Opposing counsel this __13th__ day
Of December, 2005.

S/ Pete V. Domenici, Jr., Esq.
PETE V. DOMENICI, JR., Esq.

4