

Diane M. Johnsen, 007634 / djohnsen@omlaw.com
John L. Blanchard, 018995 / jblanchard@omlaw.com
Ronda R. Fisk, 022100 / rfisk@omlaw.com
OSBORN MALEDON, P.A.
2929 North Central Avenue
Suite 2100
Phoenix, Arizona 85012-2794
(602) 640-9000

Attorneys for National Board of Medical Examiners

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ralph E. Krolik, M.D.,<br><br>     Plaintiff,<br><br>vs.<br><br>National Board of Medical Examiners,<br><br>     Defendant. | No. 05-CV-0315-PHX-FJM<br><br>**OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DEFENDANT TO RESPOND TO INTERROGATORY NO. 7 OF PLAINTIFF'S FIRST SET OF INTERROGATORIES** |

With complete disregard for the requirements of the Federal Rules of Civil Procedure, the Local Rules of the District of Arizona, and the Court's Rule 16 Scheduling Order, Plaintiff Ralph Krolik ("Dr. Krolik") has moved to compel Defendant National Board of Medical Examiners ("NBME") to respond to Plaintiff's Interrogatory No. 7.[1] Plaintiff's motion misrepresents both the response given by the NBME and the nature of the NBME's objections to Interrogatory No. 7.[2] In fact, NBME responded to the relevant portions of Interrogatory No. 7 and appropriately

---

[1] Plaintiff failed to consult with NBME's counsel before filing the motion to compel and also failed to attach to the motion to compel a statement signed by counsel certifying that he fulfilled his meet-and-confer obligations in violation of Fed. R. Civ. P. 37(a)(2)(B), L.R. Civ. 7.2(j), and the Court's Rule 16 Scheduling Order.

[2] Plaintiff's motion purports to quote the NBME's response to Interrogatory No. 7, but instead includes NBME's response to Interrogatory No. 6. See Defendant's Response to Plaintiff's First Set of Interrogatories and Request for Production of Documents, attached hereto as Exhibit "A," at 11-12.

1  objected to the irrelevant and unduly burdensome portions. Plaintiff's motion should
2  be denied.
3        Plaintiff's Interrogatory No. 7 reads as follows:
4        For the years 1999 to the present, please identify the yearly number of applicants who have applied to take the USMLE; the number of
5        applicants who have applied to take the USMLE with reasonable accommodations related to ADHD and ADD, the number of applicants
6        who are authorized by USMLE to take the USMLE exam with reasonable accommodations related to ADHD and ADD; please identify
7        the types of reasonable accommodations for ADHD and ADD authorized; and please identify USMLE' rational [sic] for authorizing or
8        denying the accommodation.
9  *See* Exhibit A at 11. NBME responded to the relevant portions of the interrogatory,
10 stating the approximate number of applicants who applied to take USMLE Steps 1,
11 2CK, 2CS and 3. *Id.* at 11-12. NBME also identified types of accommodations that
12 have been granted based on ADHD. *Id.* Further, counsel for NBME has informed
13 counsel for Dr. Krolik that NBME will provide to the best of its ability the number of
14 applicants who have sought accommodations since 1999 based on ADHD/ADD and
15 the number of such applications that have been granted. *See* Letter dated January 3,
16 2006, attached hereto as Exhibit B. However, NBME objects to disclosing its
17 rationale for authorizing or denying each such application on the grounds that the
18 interrogatory calls for information that is irrelevant and is not reasonably calculated to
19 lead to the discovery of admissible evidence, and that it is oppressive and unduly
20 burdensome. *Id.*
21       Plaintiff's motion fails to explain why the additional information he seeks
22 about other applicants (and what action NBME took with respect to those other
23 applicants and why) is relevant to his contention that he is disabled or that he is
24 entitled to reasonable accommodations under the ADA. By way of justification,
25 Plaintiff only offers that the data will allow him to verify the statements made by Dr.
26 Michael Gordon, NBME's expert, regarding the ages of individuals whose
27 applications Dr. Gordon has reviewed for the NBME. But Interrogatory No. 7 does
28

2

1   not request information regarding the ages of any other applicants.  Moreover, neither
2   Plaintiff's age nor the age of any other applicant is at issue in this litigation.
3       The decision to grant accommodations is made based on a variety of
4   information provided by examinee including but not limited to, academic history,
5   educational, psychological or medical assessments, family and professional history.
6   Information regarding other applicants will not establish whether Dr. Krolik is
7   disabled nor bear on whether he is entitled to reasonable accommodations under the
8   ADA.
9       Given the limited nature of this litigation, Interrogatory No. 7 also is clearly
10  oppressive and unduly burdensome.  More than 900 examinees have requested
11  accommodations based on ADHD/ADD for the various Steps of the USMLE from
12  1999 through October 2005.  *See* Declaration of Joseph Abram Doane, attached
13  hereto as Exhibit "C," at ¶ 6.  As explained in the NBME's response to Interrogatory
14  No. 7, decisions regarding accommodations are based on the applicant's unique
15  circumstances.  *See* Exhibit A at ¶ 11-12.  To respond to the interrogatory, the NBME
16  would have to review by hand each of the 900+ files received over a seven-year
17  period to determine the outcome and to identify (or in many cases, reconstruct) the
18  NBME's rationale for each.  *See* Exhibit C at ¶ 7.  Based on an estimate of 20 minutes
19  to review each 50-75 page file and accurately record the decision and the rationale for
20  that decision, it would take an NBME staff member 300 hours to provide the
21  information sought for 900 files.  The burden of reviewing each of these files by hand
22  plainly is not justified by this litigation or the irrelevant information sought.
23
24
25
26
27  / / /
28  / / /

For the foregoing reasons, the NBME respectfully requests that the Court deny Plaintiff's motion to compel.

DATED this 3rd day of January, 2006.

                         OSBORN MALEDON, P.A.

By   <u>s/ Diane M. Johnsen</u>
      Diane M. Johnsen
      John L. Blanchard
      Ronda R. Fisk
      2929 North Central
      Suite 2100
      Phoenix, Arizona 85012-2794
      Attorneys for National Board of Medical Examiners

### CERTIFICATE OF SERVICE

I hereby certify that on January 3, 2006, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Pete V. Domenici, Jr., Esq.
pdomenici@domenicilaw.com, jwashburn@domenicilaw.com
Attorney for Ralph E. Krolik, M.D.

<u>s/L. Smock</u>

4