Ralph E. Krolik, M.D.,
vs.
National Board of Medical Examiners,

No. 05-CV-0315-PHX-FJM

INDEX OF EXHIBITS TO
OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DEFENDANT TO
RESPOND TO INTERROGATORY NO. 7 OF PLAINTIFF'S FIRST SET OF
INTERROGATORIES

EXHIBIT A        Defendant's Response to Plaintiff's First Set of Interrogatories and
                 Request for Production of Documents

EXHIBIT B        Letter dated January 3, 2006

EXHIBIT C        Declaration of Joseph Abram Doane

1147425_1.DOC

# EXHIBIT A

Diane M. Johnsen, 007634 / djohnsen@omlaw.com
John L. Blanchard, 018995 / jblanchard@omlaw.com
Ronda R. Fisk, 022100 / rfisk@omlaw.com
OSBORN MALEDON, P.A.
2929 North Central Avenue
Suite 2100
Phoenix, Arizona  85012-2794
(602) 640-9000

Attorneys for National Board of Medical Examiners

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ralph E. Krolik, M.D., | No. CV05-0315 PHX FJM |
| Plaintiff, | |
| vs. | **DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS** |
| National Board of Medical Examiners, | |
| Defendant. | |

Defendant National Board of Medical Examiners ("NBME" or "Defendant")

responds to Plaintiff's First Set of Interrogatories and Request for Production of

Documents as follows:

## GENERAL OBJECTIONS

1. Defendant objects to Plaintiff's interrogatories and document requests to

the extent that they seek information that is not relevant and are not reasonably

calculated to lead to the discovery of admissible evidence.

2. Defendant objects to each of the interrogatories and document requests to

the extent they call for the disclosure of information protected by the attorney-client

privilege, the attorney work-product doctrine, and/or any other applicable doctrine,

privilege, or immunity.  Defendant will produce a log listing the documents that have

been withheld on grounds of the attorney-client privilege or the work-product

doctrine.

3.  Defendant objects to the interrogatories and document requests, instructions, and definitions to the extent that they are unduly burdensome, oppressive, and overbroad.

4.  Defendant objects to each of the document requests, instructions, and definitions to the extent that they call for the production of documents that are not readily available because they are stored only electronically; production of such documents would be unduly burdensome and oppressive.

5.  Defendant objects to the interrogatories, instructions, and definitions to the extent that they purport to impose on Defendant obligations in excess of that permitted by the Federal Rules of Civil Procedure or the Local Rules.

6.  Defendant objects to the interrogatories and document requests, instructions, and definitions to the extent that they are cumulative, duplicative, and repetitive.

7.  Defendant objects to the interrogatories and document requests, instructions, and definitions to the extent that they are vague and ambiguous.

## GENERAL STATEMENT

Defendant's investigation of the facts relating to this matter is not yet complete and continues.  Defendant's responses herein are made without waiving its right to produce and/or offer at trial other documents or information that may be discovered during Defendant's continuing investigation.

## INTERROGATORIES

**INTERROGATORY NO. 1:** For Defendant's Second Affirmative Defense, please identify and explain in detail the rational [sic] that each of Plaintiff's claims are barred by limitations.

2

1099479v4

1  **RESPONSE:**

2      Arizona applies the two-year statute of limitations found in A.R.S. § 12-

3  542(1) to claims brought under the Americans with Disabilities Act.  *Madden-*

4  *Tyler v. Maricopa County*, 189 Ariz. 462, 943 P.2d 822 (App. 1997).  The statute of

5  limitations applicable to an ADA claim begins to run upon discovery of the

6  original act of alleged discrimination.  Dr. Krolik's request for accommodation

7  in connection with the USMLE was first denied in February 1999, which

8  commenced the statute of limitations period.

9

10  **INTERROGATORY NO. 2:**     For Defendant's Third Affirmative Defense, please

11  identify and explain in detail the rational [sic] that each of Plaintiff's claims are barred

12  by waiver.

13  **RESPONSE:**

14      Plaintiff's claim for relief under the ADA is barred by waiver to the extent

15  that he seeks to recover damages for the time period from when his request for

16  accommodation was first denied through the present.

17      Dr. Krolik first sought accommodation for the USMLE Step 1 to be

18  offered in October 1998.  After he was notified that his request for

19  accommodations was incomplete, he elected to take the examination without

20  accommodations.  In January 1999, Dr. Krolik requested that his earlier

21  application for accommodations be reconsidered in connection with the March

22  1999 administration of USMLE Step 2.  His request for reconsideration was

23  granted, but his request for accommodation was denied in February 1999.  In

24  March 1999, Dr. Krolik retained Mr. Domenici as counsel and threatened to

25  bring legal action.  In May 1999, Dr. Krolik made another request for

26  accommodation (for the USMLE Step 1 administered in July 1999), which was

27  denied in June 1999.  Dr. Krolik made an additional request for accommodation

28  in April 2001, but he had not registered for the USMLE exam, so his request was

1  not considered.  Most recently, in November 2003 Dr. Krolik made another

2  request for accommodation, which was denied in February 2004.  Dr. Krolik

3  waived his claim for legal relief when he sat on his legal rights and failed to act in

4  a timely fashion.

5

6  **INTERROGATORY NO. 3:**     For Defendant's Fourth Affirmative Defense,

7  please identify and explain in detail the rational [sic] that each of Plaintiff's claims are

8  barred by estoppel.

9  <u>**RESPONSE:**</u>

10      Plaintiff's claim for relief under the ADA is barred by estoppel to the

11  extent that he seeks to obtain equitable relief or to recover damages for the time

12  period from when his request for accommodation was first denied through the

13  present.  As described in the response to Interrogatory No. 2, Dr. Krolik sat on

14  his legal rights from 1999 until 2004.  His failure to take timely legal action

15  estops him from seeking damages for the interim period.

16

17  **INTERROGATORY NO. 4:**     Pursuant to Exhibit J of *Opposition to Motion for*

18  *Preliminary Injunction* (2/2/04 Doane letter to Krolik), please explain the following:

19      A.       Identify (by name, title, position, address) the individual(s) who

20               have "carefully reviewed your request for test accommodations

21               for the United States Medical Licensing Examination (USMLE)

22               Step 1.

23  <u>**RESPONSE:**</u>

24  **J. Abram Doane, M.A., J.D.**
25  **Manager, Disability Services and ADA Compliance Officer, Testing Programs**
26  **National Board of Medical Examiners**
27  **3750 Market Street**
     **Philadelphia, PA 19104**
28

4

1099479v4

Michael Gordon, Ph.D.
Professor, Department of Psychiatry
Director, ADHD Program
Upstate Medical University, State University of New York
750 E. Adams St.
Syracuse, NY  13210

Joseph Bernier, Ph.D.
Psychologist and Assistant Director for Training and Evaluation Services
University Counseling Center
State University of New York at Albany
1400 Washington Avenue
Albany, NY  12202

B.          Identify (by name, title, position, address) the individual(s)
identified as experts who USMLE "consulted (with) experts in
the disorders of learning and ADHA [sic] to assist us in
reviewing the documentation".

**RESPONSE:**

Michael Gordon, Ph.D.
Professor, Department of Psychiatry
Director, ADHD Program
Upstate Medical University, State University of New York
750 E. Adams St.
Syracuse, NY  13210

Joseph Bernier, Ph.D.
Psychologist and Assistant Director for Training and Evaluation Services
University Counseling Center
State University of New York at Albany
1400 Washington Avenue
Albany, NY  12202

C.          Identify any and all documentation relied on and/or referred to by
USMLE to support the statement, "the documentation submitted
with your request for accommodation does not adequately
support an ADHD diagnosis or the existence of a disability."

**RESPONSE:**

The documentation to which Mr. Doane referred to in his February

2, 2004 letter was documentation in possession of the NBME that Dr.

1099479v4

1   Krolik submitted in support of his request for accommodations for the

2   USMLE.

3

4   D.          Identify any and all documentation relied on and/or referred to by

5               USMLE to support the statement, "the information provided by

6               you does not reflect the manifestations of significant

7               impairment".

8   **RESPONSE:**

9       See response to Interrogatory No. 4(C).

10

11  E.          Identify all documentation, reports, and opinions to support the

12              statement, "the lives of impulsive or learning impaired children

13              nonetheless showed the impact of their deficits: They failed

14              classes, were retained in grade, required extensive tutoring,

15              received referrals for evaluations by psychiatrists and

16              psychologists, and/or dropped out because of academic

17              frustration."

18  **RESPONSE:**

19      NBME objects to this interrogatory as vague and ambiguous as to

20  the meaning of the phrase "all documents, reports, and opinions to

21  support the statement" listed in the interrogatory.  NBME also objects to

22  this interrogatory on the grounds that it is unduly burdensome and

23  oppressive in that it purports to seek the identification of "all" of the listed

24  categories of material, without limitations.  Notwithstanding and without

25  waiving these objections, NBME refers Plaintiff to the following resources

26  that support the statement in the interrogatory:

27  R. A. Barkley & M. Gordon, *Research on Comorbidity, Adaptive
    Functioning, and Cognitive Impairments in Adults with ADHD:*
28  *Implications for Clinical Practice, in* Clinician's Guide to Adult ADHD:

6

1099479v4

Assessment and Intervention. London: Academic Press (S. Goldstein and A.T.Ellison eds., 2005)

R. A. Barkley, *ADHD in Adults: Developmental Course and Outcome of Children with ADHD, and ADHD in Clinic-Referred Adults, in* Attention-Deficit Hyperactivity Disorder: A Handbook for Diagnosis and Treatment (Third Edition) (R. A. Barkley ed., 2005).

K. Murphy & M. Gordon, *Assessment of Adults with ADHD, in* Attention-Deficit Hyperactivity Disorder: A Handbook for Diagnosis and Treatment (Third Edition) (R. A. Barkley ed., 2005).

James J. McGough, M.D., Susan L. Smalley, Ph.D., James T. McCracken, M.D., May Yang, M.S., Melissa Del'Homme, Ph.D., Deborah E. Lynn, M.D., and Sandra Loo, Ph.D., *Psychiatric Comorbidity in Adult Attention Deficit Hyperactivity Disorder: Findings From Multiplex Families*, 192 Am. J. Psychiatry, September 2005, at 1621-1627.

F.      Identify and list any and all "regulatory decisions and case law (that) have established that the ADA covers individuals who are "substantially limited" in a major life activity as the result of a disability" used by USMLE for its' determination of whether an applicant is entitled to a reasonable accommodation.

**RESPONSE:**

NBME objects to this interrogatory because it inquires into issues of pure law, which is not allowed under Rule 33(b). *See* Notes of Advisory Committee on 1970 Amendments to the Rules, Subdivision (b). Notwithstanding and without waiving this objection, NBME refers Plaintiff to cases cited in NBME's Opposition to Motion for Preliminary Injunction filed August 15, 2005.

G.      Identify any and all documentation used by USMLE to support the statement, "determination of whether an individual is substantially limited in functioning as compared to most people is based on assessment of the current impact of the identified impairment".

7

1099479v4

1    RESPONSE:

2          NBME objects to this interrogatory as vague and ambiguous as to

3    the meaning of the phrase "documentation used by the USMLE."

4    Notwithstanding and without waiving this objection, NBME refers

5    Plaintiff to *Toyota Motor Mfg., Inc. v. Williams*, 534 U.S. 184 (2002); *see*

6    *also* NBME's Opposition to Motion for Preliminary Injunction filed

7    August 15, 2005, and the cases cited therein.

8

9    H.      Identify any and all documentation used by USMLE to support

10         the statement, "a diagnostic label, in and of itself, does not

11         establish coverage under the Americans with Disabilities Act."

12   RESPONSE:

13         NBME objects to this interrogatory as vague and ambiguous as to

14   the meaning of the phrase "documentation used by the USMLE."

15   Notwithstanding and without waiving this objection, NBME refers

16   Plaintiff to *Toyota Motor Mfg., Inc. v. Williams*, 534 U.S. 184, 198 (2002)

17   ("It is insufficient for individuals attempting to prove disability status

18   under this test to merely submit evidence of a medical diagnosis of an

19   impairment.") *See also* NBME's Opposition to Motion for Preliminary

20   Injunction filed August 15, 2005, and the cases cited therein.

21

22   I.      Explain and identify all documentation used by USMLE to

23         support the statement, "overall, the documentation that you have

24         provided does not suggest that you are significantly impaired

25         relative to the average person in the general population."

26   RESPONSE:

27         NBME objects to this interrogatory as vague and ambiguous as to

28   the meaning of the phrase "documentation used by the USMLE."

8

1    Notwithstanding and without waiving this objection, the documentation to

2    which Mr. Doane referred to in his February 2, 2004 letter included the

3    documentation in possession of the NBME that Dr. Krolik submitted in

4    support of his request for accommodations for the USMLE.

5

6    **INTERROGATORY NO. 5:**    Pursuant to Exhibit L of *Opposition to Motion for*

7    *Preliminary Injunction* (3/5/04 Doane letter to Krolik), please identify and list:

8         A.       All procedures of the USMLE for its "review (of Krolik's) petition

9                  for reconsideration ".

10        B.       Identify and list (by name, title, position, address) any and all

11                 individuals who reviewed Dr. Krolik's petition for reconsideration

12                 along with his supporting documentation.

13   <u>**RESPONSE:**</u>

14        Disability Services allows examinees who have requested accommodations

15   and received a decision regarding their request for accommodations to petition

16   that the decision be reconsidered.  The reconsideration process requires that the

17   examinee inform Disability Services, in writing, that they are petitioning for

18   reconsideration.  Examinees seeking reconsideration are advised to use their

19   decision letter as a guide in choosing additional documentation to submit in

20   support of their petition.  Regardless of whether the examinee submits additional

21   documentation in support of a request for reconsideration, the Office of

22   Disability Services reviews the complete file to ensure, at a minimum, that all

23   relevant facts represented in the submitted materials have been considered.

24   Disability Services may also refer the materials to an independent consultant or

25   consultants for further review.  Final decisions regarding reconsideration for

26   Step 1, Step 2 CK, and Step 2 CS are made by the ADA Compliance Officer for

27   Testing Programs or designee at NBME.  With respect to Step 3 reconsideration

28

9

1099479v4

1   petitions, Disability Services makes a recommendation to state medical boards,

2   in whom decision-making authority is vested.

3        Dr. Krolik submitted a petition for reconsideration and avowed he would

4   provide Disability Services with supplemental documentation.  He did not do so.

5   No additional documentation was supplied to NBME in support of Dr. Krolik's

6   petition for reconsideration.  In accordance with policy, Abram Doane, Manager,

7   Disability Services and ADA Compliance Officer, Testing Programs, reviewed

8   Dr. Krolik's file to ensure that all relevant facts represented in the submitted

9   materials were considered.

10

11  **INTERROGATORY NO. 6:**      Pursuant to Exhibit M of *Opposition to Motion for*

12  *Preliminary Injunction* (11/17/04 Doane letter to Krolik), please identify and list:

13        A.    Any and all documentation to support the statement, "professionally

14              recognized standards require that each request for test accommodations

15              be individually reviewed and that all elements of relevant diagnostic

16              criteria and measures of current functioning are considered."

17              *a.*  Identify the "professionally recognized standard"

18              *b.*  Identify   the   individual(s)   who   review   the   request   for

19                    accommodations (by name, title, position, address).

20              *c.*  Identify the individual(s) who reviewed Dr. Krolik's request for

21                    accommodations (name, title, position, address).

22  **RESPONSE:**

23        NBME objects to this interrogatory as vague and ambiguous as to the

24  meaning of the phrases "any and all documentation to support the statement"

25  included in the interrogatory and "individual(s) who review the request for

26  accommodations."  NBME also objects to this interrogatory on the grounds that

27  it is unduly burdensome and oppressive in that it purports to seek the

28  identification of "all" of the listed categories of material, without limitations.

1099479v4

1    Notwithstanding and without waiving these objections, NBME responds that on

2    this point, the website for the Association on Higher Education and Disability

3    (AHEAD) recommends that as a best practice all documentation accompanying a

4    request for accommodation "should be reviewed on an individual, case-by-case

5    basis.  This calls for an individualized inquiry, examining the impact of a

6    disability on the individual and within the specific context of the request for

7    accommodations." (*See*

8    http://www.ahead.org/resources/bestpracticesprinciples.htm).

9         For information regarding the individuals who reviewed Dr. Krolik's

10   request for accommodation, *see* Response to Interrogatory No. 4.

11

12   **INTERROGATORY NO. 7:**    For the years 1999 to the present, please identify

13   the yearly number of applicants who have applied to take the USMLE; the number of

14   applicants who have applied to take the USMLE with reasonable accommodations

15   related to ADHD and ADD, the number of applicants who are authorized by USMLE

16   to take the USMLE exam with reasonable accommodations related to ADHD and

17   ADD; please identify the types of reasonable accommodations for ADHD and ADD

18   authorized; and please identify USMLE' rational [sic] for authorizing or denying the

19   accommodation.

20   **RESPONSE:**

21        For the years 1999 to present, the approximate numbers of applicants who

22   have applied through NBME, ECFMB, and the FSMB to take the USMLE Step

23   1, Step 2, Step 2CS (Clinical Skills), and Step 3 are as follows:[1]

24   _____

25   [1]      These numbers are approximations as the data for the NBME, ECFMG, and
     FSMB applicants are recorded using different standards.  Data for all NBME

26   applicants are recorded by the "application date," the date the application was
     received by the NBME; data for all ECFMG and FSMB applicants are recorded using

27   the "application year," the year in which the USMLE examination was to be
     administered.  In addition, the entities have different protocols for recording an

28   "application" e.g. regarding completeness of the documentation.

                                            11

| Year | Step 1 | Step 2 | Step 2CS** | Step 3 | Total |
|------|--------|--------|------------|--------|-------|
| 1999* | 30111 | 18456 | | | 48567 |
| 2000 | 35263 | 28992 | | 27776 | 92031 |
| 2001 | 36654 | 30266 | | 26377 | 93297 |
| 2002 | 39230 | 30802 | | 30121 | 100153 |
| 2003 | 41753 | 32439 | | 33074 | 107266 |
| 2004 | 42146 | 35670 | 21804 | 32847 | 132467 |
| 2005 | 43138 | 35536 | 31843 | 31304 | 141821 |
| | | | | | |
| Total | 268295 | 212161 | 53647 | 181499 | |

\*      The data for 1999 reflect applicants for the computer-based administration only.

\*\*    USMLE Step 2 CS was administered starting June 14, 2004.

When requests for accommodation based on ADHD have been granted, depending on the circumstances presented by various applicants, the accommodations have included the following and combinations of the following: additional testing time, additional break time, separate room, extra wipe boards, white noise machine, noise reducing devices and permitting walking or stretching during the examination.

NBME objects to the remainder of Interrogatory No. 7 on the grounds that it calls for information that is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence, and on the grounds that it is oppressive and unduly burdensome.  The number of other applicants who have who have applied for accommodations related to ADHD and ADD, the number of those applicants who were authorized to take the USMLE with accommodations, and the rationale for authorizing or denying accommodations in any of those other cases are not relevant to Plaintiff's contention that he is disabled or that he is entitled to reasonable accommodation under the ADA. Furthermore, gathering this information would be unduly burdensome on the NBME because it would require a review of each and every request for accommodation received over a multi-year period.

12

**INTERROGATORY NO. 8:**    Identify the date(s) when National Board of Medical Examiners' website www.nbme.org was revised related to accommodation requests, procedures, and guidelines, and identify the specific revisions made and the rationale for the revisions between 1999 and the present.

**RESPONSE:**

The NBME does not maintain records regarding the dates that particular changes were made to the NBME website. Nevertheless, upon information and belief, some minor revisions were made to the accommodations section of the NBME website, including changes to template style and formatting, updates and revisions to the copyright notice, and addition of forms and information when USMLE Step 2 CS (Clinical Skills) became operational.

**INTERROGATORY NO. 9:**    Identify the date(s) when National Board of Medical Examiners' website www.nbme.org removed the statement, "All documentation submitted in support of a request for accommodations is confidential" and explain the rationale for the removal of the statement.

**RESPONSE:**

The NBME does not maintain records regarding the dates that particular changes were made to the NBME website. Nevertheless, upon information and belief, this language has never appeared on the NBME website since 1999. The quoted statement does appear on the "Test Accommodations" section of the USMLE website (http://www.usmle.org/ta/generalguides.htm#general).


**REQUEST FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**    Please produce all documents supporting your response to Plaintiff's First Set of Interrogatories No. 1, 2, 3, 4, 5, and 6.

1099479v4

1    **RESPONSE:**

2        See documents bearing production numbers NBME00001-199.

3

4    **REQUEST FOR PRODUCTION NO. 2:**    Please produce all publications,

5    correspondence or communications of any sort, written by Michael Gordon, Ph.D. on

6    ADHD that were used by NBME to support its denial of Dr. Krolik's request for a

7    reasonable accommodation.

8    **RESPONSE:**

9        See Exhibit 2 to NBME's Opposition to Motion for Preliminary Injunction

10   filed August 15, 2005 and Appendices B, C, and D thereto.

11

12   **REQUEST FOR PRODUCTION NO. 3:**    Please produce the entire USMLE

13   file on Dr. Ralph Krolik and his requests for reasonable accommodations to take the

14   USMLE exams.

15   **RESPONSE:**

16       See documents bearing production numbers NBME00001-199.

17

18       DATED this 9th day of November, 2005.

19                         OSBORN MALEDON, P.A.

20

21            By    *Ronda R. Fisk*

                        Diane M. Johnsen

22                           John L. Blanchard

                        Ronda R. Fisk

23                           2929 North Central Ave., Suite 2100

                        Phoenix, Arizona  85012-2794

24                           Attorneys for National Board of Medical

                        Examiners

25

26

27

28

                              14

COPY of the foregoing mailed
this 9th day of November, 2005 to:

Peter V. Domenici, Jr.
Domenici Law Firm, PC
320 Gold Avenue, SW, Suite 1000
Albuquerque, New Mexico  87102
Attorneys for Plaintiff Krolik, M.D.

Lindsay B. Jensen

15

1099479v4

1

## V E R I F I C A T I O N

2

3     Gerard F. Dillon hereby states as follows:

4     1.    I am employed by the National Board of Medical Examiners ("NBME"), the

5 Defendant in this action, as the Associate Vice President, United States Medical

6 Licensing Examination ("USMLE").

7     2.    No single person within the NBME has all of the information

8 concerning the facts in the foregoing Defendant's Response to Plaintiff's First Set of

9 Interrogatories and Request For Production of Documents (the "Response"). NBME

10 has undertaken efforts to compile information for the Response.

11     3.    I have read the foregoing Response, and, to the best of my knowledge

12 and belief, the matters and things stated therein are true and correct. Objections have

13 been made with the assistance of counsel.

14     Dated this _____ 8th _____ day of November, 2005.

15

16                                         Gerard F. Dillon

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT B

The Phoenix Plaza
21st Floor
2929 North Central Avenue
Phoenix, Arizona 85012-2794

P.O. Box 36379
Phoenix, Arizona 85067-6379

Telephone   602.640.9000
Facsimile   602.640.9050



**O S B O R N**
**M A L E D O N**

A PROFESSIONAL ASSOCIATION
ATTORNEYS AT LAW

www.osbornmaledon.com

Diane M. Johnsen

Direct Line      602.640.9327
Direct Fax       602.640.6052

djohnsen@omlaw.com

January 3, 2006

VIA FACSIMILE 505-884-3424

Pete V. Domenici, Jr.
Dolan & Domenici, P.C.
6100 Seagull Street Suite 205
Albuquerque, New Mexico 87109

　　　　Re:　*Krolik v. United States Medical Licensing Examination, et al.*

Dear Mr. Domenici,

　　　　We are filing today our Response to plaintiff's Motion to Compel Defendant to Respond to Interrogatory No. 7 of First Set of Interrogatories.  You will see from our Response that we continue to object to Interrogatory No. 7 to the extent that it asks the NBME to provide its decisions with respect to all of the requests for accommodations based on ADHD that it has received since 1999 and the rationale for each of those decisions.

　　　　However, upon consideration, the NBME will this week respond to the best of its ability to Interrogatory No. 7 to the extent that it asks the NBME to state the number of applicants who have sought disability accommodations since 1999 based on ADHD, and the number of such requests which have been granted.

　　　　　　　　　　　　Very truly yours,

　　　　　　　　　　　　Diane M. Johnsen

DMJ/rrf

# EXHIBIT C

Diane M. Johnsen, 007634 / djohnsen@omlaw.com
John L. Blanchard, 018995 / jblanchard@omlaw.com
Ronda R. Fisk, 022100 / rfisk@omlaw.com
OSBORN MALEDON, P.A.
2929 North Central Avenue
Suite 2100
Phoenix, Arizona 85012-2794
(602) 640-9000

Attorneys for National Board of Medical Examiners

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ralph E. Krolik, M.D., | No. 05-CV-0315-PHX-FJM |
| Plaintiff, | |
| vs. | **DECLARATION OF JOSEPH ABRAM DOANE IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DEFENDANT TO RESPOND TO INTERROGATORY NO. 7 OF PLAINTIFF'S FIRST SET OF INTERROGATORIES** |
| National Board of Medical Examiners, | |
| Defendant. | |

I, Joseph Abram Doane, having been duly sworn, hereby depose and say:

1.    I am employed by the National Board of Medical Examiners as Manager, Disability Services and ADA Compliance Officer, Testing Programs.

2.    An applicant requesting test accommodations with respect to the United States Medical Licensing Examination ("USMLE") must submit a current written evaluation of an assessment performed by a qualified professional indicating the nature and severity of the disabling condition, impairments relevant to USMLE, and a specific diagnosis if available. Applicants are asked to submit requests for accommodations to NBME and relevant detailed educational, developmental, and medical histories.  An applicant file contains some or all of the following private information:  academic and other background information, medical and/or psychiatric evaluations, medical test reports, psycho-educational evaluations, and

1  opinions of qualified professionals as to the nature and extent of each alleged disability.  The

2  average page count for a completed request for accommodations file received by NBME is

3  approximately 50-75 pages.

4      3.    Upon receipt of the required information from the applicant for test

5  accommodations for Step 1 or Step 2, NBME may consult with outside experts with

6  expertise in the assessment and treatment of the disability described by the registrant, to

7  assist it in determining whether the applicant's submission supports the diagnosis of a

8  disability as defined by the ADA (i.e. significant impairment of a major life activity).

9      4.    The expert reviews each assigned case and writes a detailed report advising

10  the NBME as to whether the alleged condition meets relevant diagnostic criteria, represents a

11  significant impairment in a major life activity and whether the requested accommodations are

12  reasonable.  Based on the review and recommendation of its experts and on internal review

13  NBME either grants or denies the request for accommodations.

14      5.    I have reviewed Interrogatory No. 7 to Plaintiff's First Set of Interrogatories

15  and Request for Production of Documents and the NBME's response thereto.

16      6.    Since 1999, more than approximately 900 applicants have submitted requests

17  for accommodations in connection with the USMLE based on ADHD/ADD.  Interrogatory

18  No. 7 asks that NBME state, for each such applicant, whether NBME authorized or denied

19  the request, and further, to state its rationale for taking such action.

20      7.    The NBME maintains no database that captures its rationale for its decisions

21  with respect to the disability accommodation requests at issue.  For that reason, to provide

22  the information sought by the Interrogatory, the NBME would have to review by hand each

23  applicants' files and separately record, for each, the disposition of the application and

24  NBME's reasons for granting or denying each request.  Based on a minimum of 20 minutes

25  to review each file and to carefully record the rationale for the decision, it would take a staff

26  member more than 300 hours to provide the requested information as to 900 files.

1       I declare under penalty of perjury under the laws of the United States that the

2  foregoing is true and correct.

3       Executed this 3rd day of January, 2006.

Joseph Abram Doane