Pete V. Domenici, Jr., Esq.
Domenici Law Firm, P.C.
320 Gold Avenue SW, Suite 1000
Albuquerque, New Mexico 87102
(505) 883-6250
Attorney for Plaintiff Krolik, M.D.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| RALPH E. KROLIK, M.D., | ) | CASE NO. CV-05-0315 PHX FJM |
| | ) | |
| Plaintiff, | ) | |
| | ) | HEARING BRIEF IN SUPPORT OF |
| vs. | ) | MOTION FOR PRELIMINARY |
| | ) | INJUNCTION |
| | ) | |
| NATIONAL BOARD OF MEDICAL | ) | |
| EXAMINERS, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**COMES NOW** the Plaintiff, Ralph E. Krolik, M.D., by and through his counsel of record, Domenici Law Firm, P.C. (Pete V. Domenici, Jr., Esq.) and submits this Hearing Brief in Support of Request for Preliminary Injunction.

The Plaintiff, Dr. Ralph Krolik, is a 61-year-old medical school graduate of the American University of the Caribbean. Dr. Krolik graduated from medical school in 1996 at the age of 52. The USMLE is a professional medical licensing examination administered to all medical school graduates for medical licensing to practice medicine in the United States. Dr. Krolik has taken the Step 1 exam seven (7) times and the Step 2 exam eight (8) times. Each time, he has unable to successfully complete and pass the sections of the exam. Each test attempt showed that Dr. Krolik was not able to complete 34% of the examination.

As will be shown by the evidence presented at the hearing, two doctors diagnosed Dr. Krolik as having attention deficit/hyperactivity disorder (ADHD) and recommended that Dr. Krolik be given reasonable accommodations, pursuant to the American with Disabilities Act (ADA), 42 U.S.C. §12010 *et seq.*, when taking the USMLE.  Dr. Krolik has repeatedly requested that he be given reasonable accommodations and the National Board of Medical Examiners (NBME), which administers the USMLE, has refused to grant such accommodations. Dr. Krolik filed the present action to contest the NBME's refusal to grant him reasonable accommodations.

Dr. Krolik has requested that the Court grant a preliminary injunction directing the NBME to allow him to immediately take Step 1 and Step 2 of the United States Medical Licensing Examination (USMLE) with the reasonable accommodation of double time to take the examination and the use of a pencil and paper examination rather than a computer examination. Dr. Krolik should be allowed to immediately take the examination with reasonable accommodations in order to avoid the detrimental effects of further delay, for which there is no remedy, that would result if he were forced to wait until the resolution of this case to take the examination.  If Dr. Krolik is allowed to take the examination with accommodations, he will not use the results of the examination to move forward with his medical career until this case is fully resolved.

The Court may grant preliminary injunctive relief when the plaintiff demonstrates

"(1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to the plaintiff if preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) the advancement of the public interest (in certain cases).  Alternatively, injunctive relief could be granted if the plaintiffs demonstrated either a combination of probable success on the merits and the possibility of irreparable injury or that serious questions are raised and the balance of hardships tips sharply in their favor.  These two alternatives represent extremes of a single continuum, rather than two separate tests.  As a

result, the greater the relative hardship to the party seeking the preliminary injunction, the less probability of success must be established by the party."

*Rodde v. Bonta,* 357 F.3d 988, 994 (9th Cir. 2004)(internal citations and quotations omitted).  At the hearing in this matter, Dr. Krolik will present testimony and evidence demonstrating that he meets the necessary elements for the Court to grant a preliminary injunction.

There is a strong likelihood that Dr. Krolik will succeed on the merits of his claim that the NBME has improperly denied his request for reasonable accommodations when taking the USMLE.  The ADA defines disability as "a physical or mental impairment that substantially limits one or more of the major life activities of such individual; a record of such impairments; or being regarded as having such an impairment."  42 U.S.C. §12101.  The ADA requires that persons who offer examinations "related to applications, licensing, certification, or credentials for…professional, or trade purposes" shall provide reasonable accommodations for persons with disabilities.  42 U.S.C. §12189.  In order to establish discrimination under the ADA, the plaintiff must show that "(1) [he] has a disability; (2) [he] is qualified with or without reasonable accommodations; (3) [he] was unlawfully discriminated against because of his disability." *Root v. Georgia State Board of Veterinary Medicine,* 114 F.Supp.2d 1324 (N.D.Ga. 2000)(citing to *Sutton v. Lader*, 185 F.3d 1203, 1207 (11th Cir. 1999).

The NBME admits that it is required to provide reasonable accommodations to persons with disabilities.  (Declaration of Joseph Abram Doane in Support of Defendant's Opposition to Motion for Preliminary Injunction, at ¶9).  There is no dispute that Dr. Krolik is qualified to take the USMLE or that he is qualified to continue with his medical training once he has completed Steps 1 and 2.  The NBME also admits that Dr. Krolik's requests for reasonable accommodations have been denied.  (*Id.* at ¶¶18, 22, 29).  The only issue in this case is the NBME's refusal to grant Dr. Krolik reasonable accommodations.  The NBME's refusal to grant reasonable

accommodations is based on the conclusion of Michael Gordon, Ph.D., who reviews requests for accommodations for the NBME, that Dr. Krolik has not demonstrated that he has a disability as defined by the ADA.  At the hearing, Dr. Krolik will present testimony and evidence demonstrating that the NBME was incorrect in their conclusion that Dr. Krolik does not have a disability as defined by the ADA.

The evidence at the hearing in this matter will show that ADHD is recognized as a mental impairment under the ADA.  The evidence will further show that both Dr. Gayle F. Wurzlow and Dr. Grant Butterbaugh have diagnosed Dr. Krolik as having ADHD.  Both Dr. Wurzlow and Dr. Butterbaugh recommended that Dr. Krolik be given reasonable accommodations.  Dr. Butterbaugh's diagnosis and recommendation were based on test results, clinical observations, childhood information, and third-party observations.  Dr. Butterbaugh's diagnosis is based on the official diagnostic and statistical manual of mental disorders, known as DSM-IV.  The DSM-IV diagnosis is based on clinical observations and does not require specific documentation.

Evidence will be introduced showing that, in every case where Mr. Gordon agrees with the diagnosis of a disability, he recommends accommodation.  The evidence will show that Mr. Gordon has never met Dr. Krolik and spent approximately two hours reviewing Dr. Krolik's request for accommodations.  Deposition testimony of Mr. Gordon will be introduced showing that the NBME's requirements for demonstrating that Dr. Krolik has ADHD, including the requirement of specific evidence from childhood of ADHD, goes beyond the requirements of DSM-IV, which is the accepted and official method for a clinical diagnosis of ADHD.  The deposition testimony of Mr. Gordon demonstrates that the NBME weighs the information provided to it differently than the information is weighed and analyzed under DSM-IV.  There is no basis for the additional requirements or alternative analysis required by the NBME.  The

evidence will demonstrate that Dr. Butterbaugh's diagnosis of ADHD was correct and that the NBME should have granted the requested accommodations.

At the hearing, Dr. Krolik will testify that additional delay in re-taking Steps 1 and 2 will create a hardship.  Dr. Krolik is currently studying to take the examinations and has time to devote to his preparation.  He may not have time to prepare if he is required to wait another year. Additionally, the more time that passes since Dr. Krolik finished his medical training, the greater the hardship resulting from the additional delay.  If the preliminary injunction is granted, the NBME will not suffer any hardship since it has admitted that it is required to give, and does give, accommodations under the ADA.  There is no adequate remedy for the results of continued delay for Dr. Krolik retaking the examinations.  *See Powell v. National Board of Medical Examiners,* 364 F.3d 79 (2nd Cir.2003)(damages are not available under ADA).

Based on the evidence and testimony to be presented at the hearing, Dr. Krolik respectfully requests that the Court grant the request for preliminary injunction and direct the NBME to allow Dr. Krolik take Step 1 and Step 2 of the USMLE with the reasonable accommodation of double time to take the examination and the use of a pencil and paper examination rather than a computer examination.   Dr. Krolik will not use the results of the examination to move forward with his medical career until this case is fully resolved.

    Respectfully submitted,

    DOMENICI LAW FIRM, P.C.

    _____
    PETE V. DOMENICI, JR., Esq.
    320 Gold Avenue SW, Suite 1000
    Albuquerque, New Mexico 87102
    (505) 883-6250

I hereby certify that a true and correct copy of the foregoing was mailed to opposing counsel this _____ day of January, 2006.

_____
PETE V. DOMENICI, JR., Esq.