**OSBORN**
**MALEDON**

A PROFESSIONAL ASSOCIATION
ATTORNEYS AT LAW

The Phoenix Plaza
21st Floor
2929 North Central Avenue
Phoenix, Arizona 85012-2794

P.O. Box 36379
Phoenix, Arizona 85067-6379

Telephone     602.640.9000
Facsimile     602.640.9050

1   Diane M. Johnsen, 007634 / djohnsen@omlaw.com
    John L. Blanchard, 018995 / jblanchard@omlaw.com
2   Ronda R. Fisk, 022100 / rfisk@omlaw.com
    OSBORN MALEDON, P.A.
3   2929 North Central Avenue
    Suite 2100
4   Phoenix, Arizona  85012-2794
    (602) 640-9000
5
    Attorneys for National Board of Medical Examiners
6

7                IN THE UNITED STATES DISTRICT COURT

8                   FOR THE DISTRICT OF ARIZONA

9    Ralph E. Krolik, M.D.,              )        No. CV05-0315 PHX FJM
                                         )
10                 Plaintiff,            )
                                         )
11   vs.                                 )
                                         )
12   National Board of Medical Examiners, )
                                         )
13                 Defendant.            )

14

15

16           **DEFENDANT'S PRE-HEARING BRIEF**

17   **IN OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION**

18

19

20

21

22

23

24

25

26

27

28

1    Plaintiff cannot meet any of the three requirements for a mandatory

2  preliminary injunction:  He cannot demonstrate a strong likelihood of success on the

3  merits, he cannot demonstrate any imminent or irreparable injury, and he cannot show

4  that the balance of hardships and public policy favor issuance of the injunction.

5  **A.      Plaintiff Has Not Established a Likelihood of Success on the Merits.**

6    Under *Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052 (9th Cir. 2005)

7  (*"Wong II"*), Plaintiff must show that (1) his condition constitutes a mental or

8  physical impairment, (2) the life activity in which he alleges he is limited is a *major*

9  life activity; and (3) his impairment *substantially limits* the identified major life

10  activity.  *410 F.3d at 1063.*

11    **1.      Plaintiff fails to show he is impaired by ADHD.**

12    Michael Gordon, Ph.D., a nationally recognized expert in ADHD, was retained

13  by the NBME to review Plaintiff's application for test accommodations and the

14  materials submitted in support of that application.  Concluding that Plaintiff was not

15  substantially impaired by ADHD, Dr. Gordon recommended that the NBME deny

16  Plaintiff's application.  Dr. Gordon's report in this matter is attached as Exhibit 2 to

17  the NBME's Opposition to Motion for Preliminary Injunction ("Opp." or

18  "Opposition") (Dkt. # 28), and we expect that he will testify in person at the hearing

19  on the injunction.

20    As Dr. Gordon explained, the diagnostic criteria for ADHD require that

21  symptoms of attention deficit or lack of self control cause clinically significant

22  impairment and appear early and be pervasive and chronic throughout one's life.

23  Exh. 2 to Opp. ¶¶ 13-15.  Dr. Gordon's report pointed out that Plaintiff offered no

24  evidence that he had any significant problems with academic performance, impaired

25  social adjustment or other behavior issues as a child; indeed, Plaintiff was promoted

26  each year in school, earned at least average grades and was praised by his teachers.

27  *Id.* ¶ 21.  Those facts, plus Plaintiff's apparent success in college, in the military and

28  as a pharmacist, are inconsistent with a diagnosis of ADHD.  *Id.* ¶¶ 21-23.

1

1    Recently disclosed evidence further demonstrates that Plaintiff is not impaired

2  by ADHD.  In response to a document request, Plaintiff produced a report from Dr.

3  Pamela Hoblett, a private practitioner who examined Plaintiff in late 1998 and

4  concluded that the results "did not indicate a high probability of the presence of

5  ADHD."  Exhibit A hereto, at 5.  Significantly, although Dr. Hoblett's report was not

6  furnished to NBME during its review of Plaintiff's application for accommodations, it

7  confirms Dr. Gordon's evaluation.

8    In her report, Dr. Hoblett wrote that she observed Plaintiff to be alert and

9  cooperative, attentive and demonstrating excellent concentration.  *Id*. at 1.  Moreover,

10  Plaintiff told Dr. Hoblett that he "did not recall a history of teacher complaints in

11  grade school of inability to concentrate, attention problems, distractibility,

12  overactivity, impulsivity or disruptive behavior."  *Id*. at 2.  Dr. Hoblett continued:

13
        Dr. Krolik told of many life accomplishments and successes.  He played
14      professional football in a Canadian league and also hockey.  He has a pilot's
        license and in the past used to enjoy flying airplanes; he also had a collection
        of cars including Porsche's [sic] and Mercedes.  He was in the military and
15      earned a purple heart.  He enjoyed owning and running his multimillion dollar
        business.
16
*Id*. at 4.[1]  Finally, and perhaps most significantly, Dr. Hoblett wrote that Plaintiff's
17
"chief complaint is that he has repeatedly failed medical board exams" and that he
18
*had not noticed ADHD symptoms* until he was unable to pass the USMLE.  *Id*. at 2.
19
According to Dr. Hoblett, Plaintiff said he "first noted the problems with ADHD type
20
symptoms with this [USMLE] experience."  *Id.* at 2.
21
    These facts, coupled with those that Dr. Gordon identified and which are
22
recounted in NBME's Opposition, disprove Plaintiff's claimed ADHD.  Plaintiff's
23
successes in school and in the business world and his admission that he did not notice
24

25

26  _____

   [1]    Although Plaintiff now works as a pharmacist, from 1974 to 1991, he ran a
27  hand-cleaner distributorship and then a chemical company, both of which he founded
   and owned.  For 17 years, by his own account, he earned $300,000 a year from those
28  businesses.  *See* Plaintiff's Response to Defendant's First Set of Requests for
   Admission, Interrogatories, and Requests for Production of Documents, Exhibit B
   hereto, at 4.

1   any ADHD symptoms until he was unable to pass the USMLE belie his assertion that

2   he suffers from ADHD.

3          Plaintiff's recent disclosures all but moot the arguments in Plaintiff's "Reply to

4   Motion for Preliminary Injunction" (Dkt # 41) ("Reply") about precisely when, *in*

5   *childhood*, ADHD symptoms must first appear.  Plaintiff's consultant, Dr.

6   Butterbaugh, seems to argue that the literature says that symptoms may first appear in

7   one's teen years.  As Dr. Gordon's report acknowledges, experts say symptoms must

8   appear at 12-14 years of age *at the latest.*  Exh. 2 to Opp. ¶ 12.  But Plaintiff himself

9   concedes that his "symptoms" did not appear until he was past 50 – and not until he

10  found himself unable to pass the USMLE.  As Dr. Gordon points out, ADHD simply

11  does not appear for the first time in middle age, or in the context of a single highly

12  challenging examination.  Exh. 2 to Opp. ¶¶ 11-12.

13         Dr. Butterbaugh also asserts that clinicians can rely on current-day oral

14  interviews (as opposed to objective evidence of past events) to diagnose ADHD.  But

15  as Dr. Butterbaugh himself reported, when asked in a clinical setting about ADHD

16  symptoms from childhood and at present, Plaintiff "minimize[d] the severity and

17  presence" of those symptoms.  Exhibit C to Motion for Preliminary Injunction (Dkt. #

18  23), at 5.  Moreover, contrary to Dr. Butterbaugh's unsupported assertion, the NBME

19  does not require that an applicant show that he/she has previously received disability

20  accommodations.  While past grants of accommodations may support a claimed

21  disability, the NBME does not consider such evidence to be necessary (or

22  dispositive).

23         **2.      Plaintiff cannot prove that his alleged impairment limits a major
                     life activity.**

24

25         Plaintiff alleges that he has been limited in the "major life activity" of

26  "working."  Amended Complaint ¶ 11.  But as shown in the Opposition, at 13-14,

27  Plaintiff has a long history of professional accomplishment.  Despite his alleged

28  disability, Plaintiff served in the military, worked as a licensed pharmacist, and, most

3

1  significantly, founded and for more than 15 years ran a successful chemical

2  company.[2]

3          **3.      Plaintiff cannot prove that he is substantially limited in a major life**

4                       **activity as compared to most people.**

5  One seeking accommodations under the ADA must show that his alleged

6  impairment substantially limits him in a major life activity *as compared to most*

7  *people*. *See Wong II*, 410 F.3d at 1065; *Gonzales v. Nat'l Bd. of Med. Exam'rs*, 225

8  F.3d 620, 631-32 (6th Cir. 2000). The question is not whether Plaintiff's alleged

9  impairment makes it impossible for him to pass the USMLE; it is whether he can

10  prove that "his impairment substantially limit[s] his ability to [work] as a whole, for

11  purposes of daily living, as compared to most people." *Wong II*, 410 F.3d at 1065.

12  As one who founded and ran a business that paid him $300,000 a year and who

13  earned a challenging post-graduate medical degree, Plaintiff has achieved far greater

14  successes than most people. These successes undercut any argument that he is

15  substantially limited in the major life activity of working *compared to most people*.

16  **B.     Plaintiff Has Not Established an Imminent Threat of Irreparable Harm.**

17  Plaintiff offered no response in his Reply to the legal authority in NBME's

18  Opposition for the proposition that his nearly decade-long delay in seeking injunctive

19  relief disproves any alleged imminent threat of irreparable harm. Plaintiff first took

20  Step 1 of the USMLE in 1995 and since then has taken and failed Step 1 seven times

21  and Step 2 six times. His delay in seeking relief from alleged imminent harm

22  precludes relief. *See* Opposition at 9 and cases cited therein.

23  In his Reply, Plaintiff seems to argue that irreparable harm is imminent

24  because passing the USMLE is the only impediment to his working as a physician. In

25

26      [2]      In the Reply, Plaintiff argues through Dr. Butterbaugh that he has been impaired in the major life activity of "learning." Exh. B to Reply at 1. There is no support in the record, however, for any assertion that Plaintiff has been unable to learn

27  at any point in his lifetime. While Plaintiff at one time contended that he was entitled to accommodations under the ADA because of a learning disability, Dr. Butterbaugh

28  withdrew his support for that claim in his final report, dated December 2003. Exhibit D to Motion for Preliminary Injunction, at 3.

4

1   an affidavit, Plaintiff asserts that Dr. Samuel Keith, head of the Department of

2   Psychiatry at the University of New Mexico School of Medicine, "offered [him] a

3   residency position . . . as soon as [his] credentials were in order."  Exh. A to Reply, ¶

4   1.  Dr. Keith, however, tells a different story.  *See* Exhibit C hereto (Declaration of

5   Dr. Samuel J. Keith).  Dr. Keith denies that Plaintiff has been offered a residency

6   position in the University of New Mexico program.  *Id.* ¶ 3.

7            Finally, Plaintiff argues for the first time that he need not show irreparable

8   harm because a medical license is a property interest with constitutional protections.

9   But Plaintiff alleges no constitutional claim against NBME, nor could he.  As

10  demonstrated in paragraphs 4-5 of the Affidavit of John T. Wosnitzer, attached as

11  Exhibit 1 to NBME's Motion to Dismiss Count III of the Amended Complaint (Dkt. #

12  33), NBME is not a state actor, and Plaintiff offers no evidence to the contrary.[3]

13  **C.      Balance of Hardships and Public Policy Weigh Against the Injunction.**

14           As set forth in the Opposition, at 15-17, the balance of hardships weighs

15  against issuance of the injunction, and the injunction would be contrary to the public

16  interest.

17                              **CONCLUSION**

18           For the reasons stated above and in the Opposition, the NBME urges the Court

19  to deny Plaintiff's motion for preliminary injunction.  The evidence emphatically

20  shows that he is not entitled to disability accommodations under the ADA; moreover,

21  Plaintiff has failed to satisfy any of the other requirements the law imposes before a

22  mandatory injunction of the sort he seeks may be granted.

23  ///

24  ///

25  ///

26

27  _____

    [3]      Moreover, Plaintiff's argument impliedly asks the Court to assume that his
    right to a medical license has somehow vested, even though he has yet to pass the
28  USMLE and has yet to be offered, or to complete, a residency program or any of the
    other requirements a state licensing agency may require.  *Cf.* A.R.S. §§ 32-1422, -
    1423 (stating requirements).

1  DATED this 6th day of January, 2006.

2                                    OSBORN MALEDON, P.A.

3                                    By      s/ Diane M. Johnsen
                                             Diane M. Johnsen
4                                            John L. Blanchard
                                             Ronda R. Fisk
5                                            2929 North Central, Suite 2100
                                             Phoenix, Arizona  85012-2794
6                                            Attorneys for National Board of Medical
                                             Examiners
7
                                 CERTIFICATE OF SERVICE
8
       I hereby certify that on January 6, 2006, I electronically transmitted the
9  attached document to the Clerk's Office using the CM/ECF System for filing and
   transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:
10
                         Pete V. Domenici, Jr., Esq.
11                       pdomenici@domenicilaw.com, jwashburn@domenicilaw.com
                         Attorney for Ralph E. Krolik, M.D.
12

13    s/  Kelly Dourlein____

14  1144595_1.DOC

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                         6