**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| RALPH E. KROLIK, M.D., | No. CV-05-0315-PHX-FJM |
| Plaintiff, | **ORDER** |
| vs. | |
| NATIONAL BOARD OF MEDICAL EXAMINERS, | |
| Defendant. | |

The court has before it plaintiff's motion for preliminary injunction (doc. 23), defendant's opposition, and plaintiff's reply. Also before the court are plaintiff's hearing brief in support of motion for preliminary injunction and defendant's pre-hearing brief in opposition to motion for preliminary injunction. We held an evidentiary hearing on January 13, 2006. These are our findings and rulings under Rule 52(a), Fed. R. Civ. P.

Plaintiff seeks an order that would require the defendant to give the plaintiff twice the usual time to take the United States medical licensing exam and to allow him to use pencil and paper rather than a computer. He also seeks an order requiring the defendant to administer the test immediately. He grounds his claims under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, *et seq.*, and the Rehabilitation Act, 29 U.S.C. § 504, *et seq.*

Dr. Butterbaugh believes that plaintiff has attention deficit disorder and attention deficit/hyperactivity disorder. (ADD/ADHD). He claims this limits plaintiff's major life activities of "working" and "learning."

In contrast, Dr. Gordon testified that plaintiff does not have ADD/ADHD. Among other things, he relies on the plaintiff's own report from Dr. Hoblett and the absence of any suggestion in the plaintiff's history that he had any of the symptoms of ADD/ADHD.

Plaintiff is a licensed pharmacist and a licensed pilot. He took and passed these licensing examinations without any accommodation. He has been a successful business man. The defendant has accommodated other persons with ADD/ADHD but has denied plaintiff's request because it believed there is no evidence to support it.

In granting or denying a preliminary injunction, we consider (1) the likelihood of success on the merits, (2) the possibility of irreparable injury, (3) the balance of hardships, and (4) the public interest. A plaintiff must demonstrate either a combination of probable success on the merits and the possibility of irreparable injury, or that serious questions are raised and the balance of hardships tips in plaintiff's favor. *Save our Sonoran, Inc. v. Flowers*, 408 F.3d 1113, 1120 (9th Cir. 2005). We apply these tests to the facts as we have found them.

Plaintiff has not shown a likelihood of success on the merits. There is a conflict in the evidence on whether the plaintiff has ADD/ADHD. But even if a fact finder concluded that he has it, there is no evidence that the plaintiff has been limited in the major life activities of working and learning. He has learned well enough to become a licensed pharmacist and pilot and has had a productive work life.

We turn our focus to the question of irreparable injury. The trial in this case is scheduled on a firm basis for September 12, 2006, less then nine months from now. Although plaintiff says he would like to study for the test now, we do not see any irreparable injury in waiting for the trial on the merits. This is not a case in which plaintiff is seeking to preserve the status quo pending a trial on the merits, but instead plaintiff is seeking the same affirmative relief he would have sought had he prevailed on the merits.

1  Nor can we say that even if serious questions are raised the balance of hardships tips
2 sharply in plaintiff's favor.  Plaintiff graduated from medical school over ten years ago.
3 Under these circumstances, we fail to see why things are urgent now.  And finally, we do not
4 believe the public interest would be advanced by allowing the plaintiff to take the tests under
5 conditions favorable to him.  The public's interest is advanced when the defendant does its
6 job to ensure that only those who are qualified will be licensed to practice medicine in the
7 United States.  Malpractice and poor medical care is widespread thus suggesting that the
8 present standards may be too low.  The public's interest would not be served by lowering the
9 bar further.

10  We conclude that the evidence does not support the granting of plaintiff's application
11 for preliminary injunction under any formulation of the test.  Given the complexity of these
12 issues, and the conflict in the evidence related to the underlying claim, these issues are better
13 resolved at a trial on the merits where both sides can have a full and fair opportunity to be
14 heard.  Accordingly, IT IS ORDERED DENYING plaintiff's motion for preliminary
15 injunction (doc. 23).

17  DATED this 19th day of January, 2006.

_____
Frederick J. Martone
United States District Judge

- 3 -