Diane M. Johnsen, 007634 / djohnsen@omlaw.com
John L. Blanchard, 018995 / jblanchard@omlaw.com
Ronda R. Fisk, 022100 / rfisk@omlaw.com
OSBORN MALEDON, P.A.
2929 North Central Avenue, Suite 2100
Phoenix, Arizona 85012-2793
(602) 640-9000

Attorneys for National Board of Medical Examiners

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| Ralph E. Krolik, M.D.,<br><br>           Plaintiff,<br><br>vs.<br><br>National Board of Medical Examiners,<br><br>           Defendant. | Case No. CV05-0315 PHX FJM<br>(District of Arizona)<br><br>**SUBPOENA DUCES TECUM**<br><br>**(Documents Only)** |

The United States District Court for the Eastern District of Louisiana to:

**Custodian of Records for
Dr. Grant Butterbaugh
Associate Clinical Professor of Psychiatry
LSU Health Sciences Center
1542 Tulane Avenue
New Orleans, LA 70112-2822**

GREETINGS:

    Pursuant to Rule 45, Federal Rules of Civil Procedure, you are commanded to produce for inspection and copying the designated books, documents or tangible things in your possession, custody or control as specified in the attached *Exhibit A* to Associated Reporters, Inc., at the following address, on or before <u>March 17, 2006</u>:

201 St. Charles Avenue, Suite 3800
New Orleans, LA 70130
504-529-3355

Attached hereto as *Exhibit B* is a Medical Authorization signed by Dr. Ralph Krolik authorizing release of these records.

Rule 45 requires that the text of subdivisions (c) and (d) of the rule appear in the subpoena. Those subdivisions read as follows:

**(c)    Protection of Persons Subject to Subpoenas.**

(1)    A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A)    A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)    Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A)    On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)    fails to allow reasonable time for compliance;

(ii)    requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

    (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

    (iv) subjects a person to undue burden.

 (B) If a subpoena

    (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

    (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

    (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) **Duties in Responding to Subpoena.**

 (1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

 (2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**VIOLATION PUNISHABLE BY CONTEMPT**

 Failure by any person without adequate excuse to obey this subpoena may be deemed a contempt of the United States District Court for the Eastern District of Louisiana.

1189040

1     DATED this 21st day of February, 2006.

2                                           OSBORN MALEDON, P.A.

5                                           s/ Ronda R. Fisk _Ronda R Fisk_

Diane M. Johnsen
John L. Blanchard
Ronda R. Fisk
2929 North Central, Suite 2100
Phoenix, Arizona 85012-2793
Attorneys for:
National Board of Medical Examiners

11     I hereby certify that on February 21, 2006, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Pete V. Domenici, Jr.
Domenici Law Firm, PC
320 Gold Avenue, SW, Suite 1000
Albuquerque, New Mexico 87102
pdomenici@domenicilaw.com
Attorneys for Plaintiff Krolik, M.D.

s/ Lindsay B. Jensen

4

1189040

# EXHIBIT A

## DEFINITIONS AND INSTRUCTIONS

a. "Document" means every writing of every type and description, and every other instrument or device by which, through which, or on which information has been recorded and/or preserved, including, but not limited to, memoranda, notes, correspondence, e-mails, transcripts, reports, statements, accounts, notices, telegrams, files, records, interoffice communications, logs, ledgers, drawings, diagrams, photographs, computer cards, tapes, printouts, and other data compilations, and every other device or medium by which, on which, or through which information of any type is transmitted, recorded or preserved. The term "document" also means every copy of a document where such copy is not an identical duplicate of the original.

b. In responding to this subpoena, you are required to furnish documents which are in your possession, custody or control, or in the possession, custody or control of any of your officers, employees, departments, representatives, investigators, agents, accountants or attorneys.

c. If any requested record existed at one time, but no longer exists, please identify the record, state why it no longer exists, and describe the circumstances of its loss, destruction or other disposition.

d. If you claim that a record is protected from disclosure by a privilege, please state the privilege or immunity you claim and describe the record and the basis of your claim of privilege with sufficient particularity to permit the parties in this action to assess the applicability of the privilege or immunity, and to permit, if needed, a motion to compel.

## DOCUMENTS TO BE PRODUCED

Any or all of the following documents in your possession or control pertaining to Ralph Elliot Krolik, whose date of birth is November 22, 1944, and whose Social Security number is 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:

(1) Hospital records, laboratory records and reports, all tests of any type or character and reports thereof, statements of charges, charts and any and all records pertaining to hospitalization, history, condition, treatment, diagnosis, prognosis, etiology, or expense;

(2) Medical records, including patient's record cards, laboratory records and reports, all tests of any type or character and reports thereof, statements of charges, and any and all records pertaining to medical, psychological and/or psychiatric care, history, condition, treatment, diagnosis, prognosis, etiology, or expense; and

(3) Records of any professional examinations, including but not limited to psychiatric and psychological examinations, all tests of any type or character and reports thereof, statements of charges, charts and any and all records pertaining to psychological or psychiatric care, history, condition, treatment, diagnosis, prognosis, etiology, or expense.

1189040

# Exhibit B

## MEDICAL AUTHORIZATION

TO: Dr. Grant Butterbaugh, Ph.D.
Associate Clinical Professor of Psychiatry
LSU Health Sciences Center
1542 Tulane Avenue
New Orleans, LA 70112-2822

You are hereby authorized and directed to permit the examination, copying or reproduction, in any manner, whether mechanical, photographic, or otherwise, by OSBORN MALEDON, P.A., 2929 North Central Avenue, Suite 2100, Phoenix, Arizona 85012-2794, or any authorized representative thereof, of any or all portions of the following documents pertaining to Ralph Elliot Krolik, whose date of birth is November 22, 1944, and whose Social Security number is 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.

(1) Hospital records, laboratory records and reports, all tests of any type or character and reports thereof, statements of charges, and any and all records pertaining to hospitalization, history, condition, treatment, diagnosis, prognosis, etiology, or expense;

(2) Medical records, including patient's record cards, laboratory records and reports, all tests of any type or character and reports thereof, statements of charges, and any and all records pertaining to medical and/or psychiatric care, history, condition, treatment, diagnosis, prognosis, etiology, or expense; and

(3) Records of any professional examinations, including but not limited to psychiatric and psychological examinations, all tests of any type or character and reports thereof, statements of charges, and any and all records pertaining to psychological or psychiatric care, history, condition, treatment, diagnosis, prognosis, etiology, or expense.

I hereby waive any privilege in connection with, and only in connection with, this Authorization and hereby consent to the same as though I was personally present.

DATED this 14 day of February, 2006.

Ralph E. Krolik

1171120