

Diane M. Johnsen, 007634 / djohnsen@omlaw.com
John L. Blanchard, 018995 / jblanchard@omlaw.com
Ronda R. Fisk, 022100 / rfisk@omlaw.com
OSBORN MALEDON, P.A.
2929 North Central Avenue
Suite 2100
Phoenix, Arizona  85012-2793
(602) 640-9000

Attorneys for National Board of Medical Examiners

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ralph E. Krolik, M.D.,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>National Board of Medical Examiners,<br><br>　　　　　　Defendant. | Case No. CV05-0315 PHX FJM<br><br>**OPPOSITION TO PLAINTIFF'S MOTION TO FILE SECOND AMENDED COMPLAINT** |

Defendant National Board of Medical Examiners ("NBME") opposes the Motion for Leave to File a Second Amended Complaint (Dkt. 76) filed by Plaintiff Ralph E. Krolik ("Dr. Krolik" or "Plaintiff").  The Court's Rule 16 Scheduling Order requires that "motions to amend shall be filed no later than October 1, 2005." Plaintiff's motion is untimely and he has failed to establish "good cause" for amendment under Rule 16(b).  Furthermore, Plaintiff has failed to show that justice requires an amendment.

**A.     Plaintiff's Motion to Amend is Untimely.**

Plaintiff's motion comes far too late in the day.  The original complaint was filed more than a year ago, on January 27, 2004, and already has been amended once, on August 15, 2005.  Considerable discovery has been undertaken, the deadline for expert reports has passed, and the Court, on January 19, 2006, denied Plaintiff's Motion for Preliminary Injunction on Plaintiff's request for mandatory interim relief.

1    Plaintiff inexplicably waited until February 3, 2006 – more than four months

2  after the deadline in the Rule 16 Scheduling Order and more than a year after filing of

3  the original complaint, to seek leave to amend yet again.  His motion does not even

4  acknowledge the Rule 16 Scheduling Order or the October 1, 2005 deadline, let alone

5  argue why the deadline should not be honored.

6    The Ninth Circuit has adopted the rule that a party seeking to amend a

7  complaint after the deadline in the pretrial scheduling order must move to amend the

8  scheduling order before it can move to amend the complaint.  *Johnson v. Mammoth*

9  *Recreations, Inc*., 975 F.2d 604, 608 (9th Cir. 1992).  Indeed, a court may deny as

10  untimely a motion filed after the scheduling order cut-off date where no request to

11  modify the order has been made.  *U.S. Dominator, Inc. v. Factory Ship Robert E.*

12  *Resoff*, 768 F.2d 1099, 1104 (9th Cir. 1985), *superseded by statute on other grounds,*

13  *Simpson v. Lear Astronics Corp*. 77 F3d 1170 (9th Cir. 1996).

14    Plaintiff's motion not only fails to request an amendment to the scheduling

15  order; it ignores altogether the fact that the motion to amend the complaint was filed

16  after the scheduling order deadline.  The Court should deny Plaintiff's motion as

17  untimely filed and in violation of the Rule 16 Scheduling Order.

18
19  **B.    No Good Cause Exists for Allowing Plaintiff to Amend His Complaint**
       ***After* the Deadline in the Rule 16 Scheduling Order.**

20    Even if Plaintiff had filed a motion to amend the scheduling order, no good

21  cause exists for granting such an amendment.  Although Plaintiff moves to amend

22  pursuant to Rule 15, Rule 16(b) provides the standard by which the Court must

23  consider Plaintiff's motion to amend because the deadline set in the Court's Rule 16

24  Scheduling Order has already passed.  *Johnson*, 975 F.2d at 607-08.  Under Rule

25  16(b), "A schedule shall not be modified except upon a showing of good cause."  Fed.

26  R. Civ. P. 16(b).  Thus, a "party seeking to amend [a] pleading after [the] date

27  specified in [a] scheduling order must first show 'good cause' for amendment under

28  Rule 16(b), then, if 'good cause' be shown, the party must demonstrate that [the]

2

1  amendment was proper under Rule 15." *Johnson*, 975 F.2d at 608 (citing *Forstmann*
2  *v. Culp*, 114 F.R.D. 83, 85 (M.D.N.C. 1987).)

3        The "good cause" inquiry primarily considers the diligence of the party
4  seeking the amendment:  "If that party was not diligent, the inquiry should end." *Id.*
5  at 609.  Therefore, to demonstrate "good cause," a party must show that it acted
6  diligently but despite its diligence, the time table could not have reasonably been met.
7  Fed. R. Civ. P. 16 Advisory Committee Notes (1983 amendment) (the district court
8  may modify the pretrial schedule "if it cannot reasonably be met despite the diligence
9  of the party seeking the extension"); 6A Wright, Miller and Kane, Federal Practice
10 and Procedure § 1522.1 at 231 (2d ed. 1990) ("Good cause" means scheduling
11 deadlines cannot be met despite party's diligence).  A party who was careless cannot
12 be found to be diligent and carelessness is not a ground upon which the court should
13 find "good cause" for amendment. *Johnson*, 975 F.2d at 609.

14       Plaintiff makes no effort to establish good cause for amending his complaint.
15 He seeks to amend his complaint to assert that his alleged disability affects not only
16 the major life activity of "working," but also the newly identified major life activities
17 of "reading and learning."  (*See* Dkt. 76, Exhibit A thereto at ¶¶ 10, 11 and 17.)
18 Without any mention of diligence or good cause, Plaintiff only argues that this
19 amendment is necessary "to conform to evidence already presented and/or to new
20 evidence."

21       In the first place, Plaintiff fails to identify any evidence discovered after
22 October 1, 2005 that might support his amendment.  In fact, the record shows that if
23 the Plaintiff had been diligent, he had plenty of time to identify any other major life
24 activities purportedly affected by his alleged disability *long before* the October 1,
25 2005 deadline.  In his memorandum supporting his Motion for Preliminary Injunction
26 dated *July 7, 2005*, Dr. Krolik noted that the ADA defines disability as "a physical or
27 mental impairment that substantially limits one or more of the major life activities"
28 and identified the major life activity at issue as "working." (Dkt. 23, at 4, 7.)  In that

3

1182535

1  same motion, he alleged that he had been diagnosed with a "Reading Disorder" and

2  "learning disabilities."  (*Id*. at 3, 5.)  The reports from Plaintiff's expert, Dr.

3  Butterbaugh, which were all disclosed *before* the deadline to amend the complaint,

4  discuss Dr. Krolik's alleged problems with reading comprehension and "impairments

5  or limitations in one major life activity of learning."  (*See* Dkt. 23, Exhibit C at 5

6  (dated February 23, 2001) and Exhibit D at 4 (dated December 19, 2003); Dkt. 41,

7  Exhibit B at 2 (dated July 8, 2005).)

8      Thus, the record shows that Dr. Krolik knew that to qualify for accommodation

9  under the ADA he had to identify a major life activity affected by his disability *and* he

10  knew at least as early as July 8, 2005 (the date of Dr. Butterbaugh's report), that his

11  expert believed that his disability affected the major life activity of learning.

12  Nevertheless, in his Reply to Motion for a Preliminary Injunction filed September 9,

13  2005, Plaintiff *still* maintained that the major life activity affected by his alleged

14  disability was working, and even focused on the supposed Constitutional protections

15  afforded his interest in his professional medical license.  (Dkt. 41 at 4.)

16      Plaintiff made the strategic decision at the beginning of this case to assert that

17  his alleged disability affected the major life activity of working (not reading or

18  learning).  He has failed to show good cause why he should be allowed to assert

19  additional major life activities now that the deadline has passed for amending the

20  complaint and making material changes in expert witness opinions and disclosure. [1]

21

22

23

24  [1]     Plaintiff asserts that the proposed "second amended complaint will not

25  prejudice defendant because no discovery has been done."  (Dkt. 76 at 1).  That is not
accurate:  Expert witness reports have been exchanged (the deadline for such reports
has long passed), and Plaintiff's counsel has already deposed NBME's expert, Dr.

26  Gordon.  Moreover, courts recognize that "[a]lthough the existence or degree of
prejudice to the party opposing the modification might supply additional reasons to

27  deny a motion," the relevant inquiry when a party seeks to amend a complaint after
the deadline has passed is whether the party has *good cause* for amendment.  *Johnson*,

28  975 F.2d at 609.

4

**C.      Plaintiff Has Failed to Satisfy the Rule 15(a) Requirements for Amending a Complaint.**

Finally, even assuming Plaintiff has shown good cause for amending his complaint, he has not demonstrated that the amendment is proper under Rule 15. Although leave to amend "shall be freely given when justice so requires," Fed. R. Civ. P. 15(a), amendment "is not to be granted automatically." *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1387 (9th Cir. 1990). The Court takes into account five factors in assessing the propriety of a motion for leave to amend: whether the plaintiff has previously amended the complaint, undue delay, prejudice to the opposing party, bad faith, and futility of amendment. *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). In this case, the first three factors weigh heavily against allowing amendment.

**1.      The Court Should Deny Further Amendment of the Complaint Because Plaintiff Has Already Had an Opportunity to Amend.**

The Court has particularly broad discretion in deciding whether a plaintiff should be allowed to amend its complaint where the court has previously granted the plaintiff leave to amend. *Chodos v. West Publ'g Co.,* 292 F.3d 992, 1003 (9th Cir. 2002). This Court has already granted Plaintiff leave to amend his complaint once. Moreover, Plaintiff has failed to show that when he filed his Amended Complaint on August 15, 2005, he did not have full knowledge of the supposed "evidence" or "new evidence" that supposedly necessitates this amendment.

**2.      Plaintiff Unjustifiably Delayed in Amending Its Complaint Because He Knew the Facts on Which Amendments Are Based.**

Plaintiff's motion to amend should further be denied because of his undue delay. Where the party seeking amendment knows or should know of the facts upon which the proposed amendment is based but fails to include them in either the original complaint or the first amendment to the complaint, subsequent motions to amend may be denied for undue delay. *See Chodos*, 292 F.3d at 1003 (finding that motion to amend was made after undue delay where "new" facts substantiating a proposed fraud

5

1 | claim had been available to Plaintiff before the first amendment to his complaint); *see*

2 | *also De Saracho v. Custom Food Mach.*, 206 F.3d 874, 878 (9th Cir. 2000) (same).

3 | **3.    Plaintiff's Undue Delay in Amending Its Complaint Will Prejudice NBME**

4 |

5 | Plaintiff's undue delay leaves NBME with insufficient time to perform

6 | adequate discovery and respond to the new allegations contained in the additional

7 | count.  As noted above, the deadline for exchanging expert reports has passed and

8 | Defendant's ADHD expert has already been deposed.  Courts regularly deny leave to

9 | amend where the amended pleading prejudices the defendant, leaves a very limited

10 | amount of time to respond, and delays the proceedings.  *See, e.g., Zivkovic v. S. Cal.*

11 | *Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002).

12 | **D.    Conclusion.**

13 | Given Plaintiff's untimely motion, his failure to establish either his diligence or

14 | good cause justifying a belated amendment, and the fact that justice does not require

15 | amendment, NBME requests that the Court deny Plaintiff's motion.  NBME further

16 | requests that the Court award its attorneys' fees and costs incurred.  *See* Rule 16(f)

17 | ("the judge shall require the party or the attorney representing the party or both to pay

18 | the reasonable expenses incurred because of any noncompliance with this rule,

19 | including attorney's fees, unless the judge finds the noncompliance was substantially

20 | justified").

21 | DATED this 21st day of February, 2006.

22 | OSBORN MALEDON, P.A.

23 |

24 | s/ Ronda R. Fisk

Diane M. Johnsen

25 | John L. Blanchard

Ronda R. Fisk

26 | 2929 North Central, Suite 2100

Phoenix, Arizona  85012-2793

27 | Attorneys for:

28 | National Board of Medical Examiners

1182535

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

      I hereby certify that on February 21, 2006, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Pete V. Domenici, Jr.
Domenici Law Firm, PC
320 Gold Avenue, SW, Suite 1000
Albuquerque, New Mexico  87102
pdomenici@domenicilaw.com
Attorneys for Plaintiff Krolik, M.D.


s/ Lindsay B. Jensen

1182535