Pete V. Domenici, Jr., Esq.
Domenici Law Firm, P.C.
320 Gold Avenue SW, Suite 1000
Albuquerque, New Mexico 87102
(505) 883-6250
Attorney for Plaintiff Krolik, M.D.

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| RALPH E. KROLIK, M.D., ) | CASE NO. CV-05-0315 PHX FJM |
| ) | |
| Plaintiff, ) | |
| Vs. ) | **PLAINTIFF'S MOTION FOR** |
| ) | **LEAVE TO FILE SECOND AMENDED** |
| ) | **COMPLAINT PURSUANT TO** |
| ) | **F.R.CIV.P. 15** |
| NATIONAL BOARD OF MEDICAL ) | |
| EXAMINERS, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**COMES NOW** the Plaintiff, Ralph E. Krolik, M.D., by and through his counsel of record, Domenici Law Firm, P.C. (Pete V. Domenici, Jr., Esq.) and pursuant to F.R.CIV.P. 15, motions the Court for leave to file his Second Amended Complaint and as grounds therefore states:

1. Plaintiff requests the complaint be amended to conform to evidence already presented and/or to new evidence and an amendment to the complaint is required. Second Amended Complaint attached hereto as Exhibit "A".

2. The filing of a second amended complaint will not prejudice defendant because no substantial discovery has been done.

3. There is time to prepare before trial and Defendant was put on notice that learning is a major life activity defined by the ADA.

4. Plaintiff notified Defendant and requested concurrence in the Motion and Defendant has not responded to Plaintiff's request.

**WHEREFORE**, the Plaintiff respectfully requests that the Court grant his Motion for Leave to File a Second Amended Complaint, attached, and for any further relief that Court deems just and proper.

Respectfully submitted,

DOMENICI LAW FIRM, P.C.

S/ Pete V. Domenici, Jr., Esq.
PETE V. DOMENICI, JR., Esq.
320 Gold Avenue SW, Suite 1000
Albuquerque, New Mexico 87102
(505) 883-6250

I hereby certify that a true and correct
Copy of the foregoing was mailed to
Opposing counsel this 3rd day
Of February, 2006.

S/ Pete V. Domenici, Jr., Esq.
PETE V. DOMENICI, JR., Esq.

<u>Exhibit A</u>

Pete V. Domenici, Jr., Esq.
Domenici Law Firm, P.C.
320 Gold Avenue SW, Suite 1000
Albuquerque, New Mexico 87102
(505) 883-6250
Attorney for Plaintiff Krolik, M.D.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA**

| | | |
|---|---|---|
| RALPH E. KROLIK, M.D., | ) | CASE NO. <u>05-CV-0315-PHX-FJM</u> |
| | ) | |
| Plaintiff, | ) | |
| Vs. | ) | **SECOND AMENDED COMPLAINT** |
| | ) | **FOR DISABILITY** |
| | ) | **DISCRIMINATION** |
| NATIONAL BOARD OF MEDICAL | ) | |
| EXAMINERS, | | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**COMES NOW** the Plaintiff, Ralph E. Krolik, M.D. by and through his counsel of record, Dolan & Domenici, P.C. (Pete V. Domenici, Jr., Esq.) and brings this suit for damages and injunctive relief pursuant to Title II and Title III of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, et seq., and the Rehabilitation Act of 1972, 29 U.S.C. § 504, et seq.

## **INTRODUCTION**

In this action, Plaintiff seeks a judgment and declaratory relief that the National Board of Medical Examiners (hereinafter "NBME") violated Plaintiff's rights under the Americans With Disabilities Act, for its denial to afford Plaintiff reasonable accommodation to take the United States Medical Licensing examination.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action because a federal question is presented, 42 U.S.C. § 12101, and the action seeks federal injunctive relief.

2. Venue is appropriate in this Court because all or part of the alleged violations occur in the Maricopa County, District of Arizona and Plaintiff lives in Maricopa County, and Defendants perform services in Maricopa County.

3. The Court has jurisdiction pursuant to 42 U.S.C. § 12131 et seq. and 29 U.S.C. § 794 to redress Plaintiff's Title II and Title III of the ADA claims for discrimination.

## PARTIES

4. Plaintiff Ralph E. Krolik, M.D. (hereinafter "Krolik") is an individual residing in Peoria, Arizona, County of Maricopa, State of Arizona, within the federal judicial district of Arizona.

5. Upon information and belief, at all times material hereto, Defendant National Board of Medical Examiners (hereinafter "NBME") is a corporation with its principal place of business in Philadelphia, Pennsylvania.

6. Krolik obtained a medical degree from School of Medicine at the American University of the Caribbean and petitioned to take the United States Medical Licensing Examination (USMLE) with reasonable

accommodations because he has Attention Deficit/Hyperactivity Disorder ("ADHD") and is disabled and was denied the request.

## APPLICABLE FACTS AND LAW

7. In 2004 Krolik petitioned the, NBME, Office of Test Accommodations, for reasonable accommodations to take Step I and Step 2 of the United States Medical Licensing Examination to obtain his medical license to practice medicine in accordance with NBME guidelines for examinees with disabilities and within the framework of the Americans with Disabilities Act (ADA). Krolik stated that the nature of his disability was learning disorder and Attention Deficit/Hyperactivity Disorder (ADHD).

8. On or about February 2, 2004 USMLE denied Krolik the requested accommodations to take Step 1 and Step 2 of the USMLE because according to NBME, Krolik did not meet the "significantly impaired relative to the average person in the general population" test.

9. A 2003 neuropsychological and education evaluation of Krolik diagnosed Krolik with childhood and adult symptoms of Attention Deficit/Hyperactivity Disorder, Reading Disorder, and chronic Motor Coordination.

10. ==Krolik's ADHD condition is a substantial limitation that prohibits or significantly restricts his ability to perform the major life activities of working, reading, and learning.==

11. Krolik's inability to compete on the USMLE Step 1 and Step 2 exams constitutes a disability that affects a major life activity and substantially limits his ability to work, read, and learn.

12. As a result of the ADHD Krolik has consistently and pervasively been unable to manage routine situations requiring attention and self-control.

13. Krolik's early schooling was in the 1950's when the diagnosis of ADHD was not identified and as such Krolik is unable to produce early school records for NBME that specifically identify and label his condition as ADHD.

14. Krolik's early childhood and high school records document his academic achievements as marginal; a student that tries very hard but achieves only marginal success and can not stay on task.

15. NBME's actions and policy in denying Krolik reasonable accommodations to take the USMLE Step 1 and Step 2 tests are intentional discrimination with deliberate indifference to the strong likelihood that a violation of federally protected rights will result from the implementation of the challenged policy.

16. Upon information and belief, a passing grade on the United States Medical Licensing examination is required to obtain a United States Medical License to practice medicine.

17. Krolik's condition of Attention Deficit/Hyperactivity Disorder (ADHD) is a disorder and disability as defined in Title II and Title III of the ADA that

==substantially limits one of more of the major life activities of working, reading, and learning.==

18. Under Title II of the ADA, ADHD is a disability that substantially limits one or more of the major life activities of an individual.

19. At all times relevant hereto, Krolik was and is disabled within the meaning of the ADA.

20. At all times relevant and material to the issues raised in this complaint, responsible management officials of NBME knew and had reason to know that Krolik was within protected categories.

**21.** Permitting and authorizing a test applicant of the USMLE examination additional time to take the examination due to a disability is a reasonable accommodation under the ADA.

### CLAIMS FOR RELIEF

### COUNT I:  PROHIBITED DISCRIMINATION – DISABILITY DISCRIMINATION UNDER ADA

22. The foregoing paragraphs are herein incorporated by reference as if fully set forth.

23. The acts and omissions hereinbefore described were practiced against Plaintiff as the result of his disability, in violation of the ADA.

24. Plaintiff was harmed and injured by said discrimination, in an amount to be established at trial, for which he is entitled to relief.

### REQUEST FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully requests that this Court grant the following relief:

1. A Declaratory Judgment that Plaintiff be afforded reasonable accommodations to take the United States Medical Licensing Examination.

2. The Court accepts Plaintiff's Complaint, and order trial by jury as to all counts contained herein so triable.

3. After trial, that the Court award Plaintiff declaratory and injunctive relief in the form of reasonable testing accommodations, compensatory damages for fees paid in connection with past attempts to pass the examinations, costs of this action and reasonable attorney's fees, and such other and further relief as the Court deems just and proper.

4. Krolik to have a reasonable testing accommodation of double time for the taking of the test, and to take a pencil and paper exam rather than by computer.

5. Any previous test scores of Krolik to be null and void from his medical testing record.

6. Krolik to have an exemption from taking the Clinical Skills Assessment Exam which was not administered when Krolik requested a reasonable accommodation to take the USMLE.

Dated this _____ day of _____, 2006.

Respectfully submitted,

DOMENICI LAW FIRM, P.C.

_____
PETE V. DOMENICI, JR., Esq.
320 Gold Avenue SW, Suite 1000
Albuquerque, New Mexico 87102
(505) 883-6250

I hereby certify that a true and
Correct copy of the foregoing
Was mailed to counsel of record
This _____ day of _____, 2006.

_____
PETE V. DOMENICI, JR., Esq.