Pete V. Domenici, Jr., Esq.
Domenici Law Firm, P.C.
6100 Seagull NE, Suite 205
Albuquerque, New Mexico 87109
(505) 883-6250
Attorney for Plaintiff Krolik, M.D.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA**

| | | |
|---|---|---|
| RALPH E. KROLIK, M.D., | ) | CASE NO. CV-05-0315 PHX FJM |
| | ) | |
| Plaintiff, | ) | |
| Vs. | ) | **PLAINTIFF'S REPLY TO** |
| | ) | **OPPOSITION FOR LEAVE** |
| | ) | **TO FILE SECOND AMENDED** |
| | ) | **COMPLAINT** |
| NATIONAL BOARD OF MEDICAL | ) | |
| EXAMINERS, | | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**COMES NOW** the Plaintiff, Ralph E. Krolik, M.D., by and through his counsel of record, Domenici Law Firm, P.C. (Pete V. Domenici, Jr., Esq.) and for his Reply to Opposition for Leave to File Second Amended Complaint states as follows:

BACKGROUND

A.    Dr. Krolik's claim is ADA Title II and Title III for accommodations on the National Board of Medical Examiner's (NBME) test that serves as a gatekeeper for medical licensing for a career as a medical doctor.

B.    To prove a claim, the claimant must show a disability that impairs a major life activity.

   (i.)    To meet this test requires testimony on medical or psychological diagnosis.

(ii.)     The NBME has treated Dr. Krolik's requests as based on a diagnosis

of ADHD that impairs working and learning.

(a.) In pre-litigation correspondence, J. Abraham Doane, manager of

Disability Services for USMLE, confirms this position. (See

Deposition of Michael Gordon, Ph.D., 11/15/05, Exhibits I, J,

attached hereto.)

(b.) In response to the Motion for Preliminary Injunction, NBME

argues that Dr. Krolik cannot make a showing of impairment to

working and learning.

(c.) Dr. Butterbaugh's affidavit, filed September 12, 2005, and the

hearing on January 13, 2006, both addressed learning and

working.  This evidence is now part of the record from the

preliminary injunction, See Fed.R.Civ.P. 65.

"Fed.R.Civ.P. 65(a)(2) - Injunctions.
(a) Preliminary Injunction.
     (2) *Consolidation of Hearing with Trial on Merits*. Before or
          after the commencement of the hearing of an application
          for a preliminary injunction, the court may order the trial of
          the action on the merits to be advanced and consolidated
          with the hearing of the application.  Even when this
          consolidation is not ordered, any evidence received upon an
          application for a preliminary injunction which would be
          admissible upon the trial on the merits becomes part of the
          record on the trial and need not be repeated upon the trial."

C.     Dr. Krolik wants to clarify the complaint to specifically list learning as one of

the major life activities.  This will conform to the evidence produced as part of

the preliminary injunction and will not prejudice the Defendants since it is

already part of the case.  No witnesses, testing or discovery changes are

needed.

ARGUMENT

I.    Dr. Krolik seeks to clarify in the pleadings the major life activity impaired by

ADHD to conform to the evidence and issues already litigated by the parties.

This type of change is encouraged and permitted by Fed.R.Civ. P.15.

"Fed.R.Civ.P. 15(a)(b) - Amended and Supplemental Pleadings.
(a) Amendments.  A party may amend the party's pleading once as a matter of
course at any time before a responsive pleading is served or, if the pleading is
one to which no responsive pleading is permitted and the action has not been
placed upon the trial calendar, the party may so amend it at any time within 20
days after it is served, **Otherwise a party may amend the party's pleading
only by leave of court or by written consent of the adverse party; and
leave shall be freely given when justice so requires** (emphasis added)**.**
(b)Amendments conform to the Evidence.
When issues not raised by the pleadings are tried by express or implied
consent of the parties, they shall be treated in all respects as if they had been
raised in the pleadings.  **Such amendments of the pleadings as may be
necessary to cause them to conform to the evidence and to raise these issues
may be made upon motion of any party at any time, even after judgment; but
failure so to amend does not affect the result of the trial of these issues.  If
evidence is objected to at the trial on the ground that it is not within the
issues made by the pleadings, the court may allow the pleadings to be
amended and shall do so freely when the presentation of the merits of the
action will be subserved thereby and the objecting party fails to satisfy the
court that the admission of such evidence would prejudice the party in
maintaining the party's action or defense upon the merits** (emphasis added)**"**

II.   Defendants' argument is form over substance.  Defendants argue that the

motion to amend is untimely despite full knowledge and active litigation of

the issue.  Defendants' position would be for Rule 16 to eliminate Rule 15.

The cases and standards in those cases do not support Defendants.

As cited in *Marcum v. Zimmer*, 163 F.R.D. 250, 1995 U.S. Dist. LEXIA 14557,
on the issue of Rule 15(a) and Rule 16(b), "To date, few Courts of Appeal have discussed
the interaction between Rules 15(a) and 16(b). The leading case is *Johnson v. Mammoth
Recreations, Inc.,* 975 F.2d 604 (9th cir. 1992).  In *Johnson*, plaintiff filed a complaint,

3

defendant answered, and the district court entered a scheduling order pursuant to Rule 16(b).  Plaintiff moved to amend his complaint to add an additional party after the deadline set forth for such an amendment in the court's scheduling order.  The Court of Appeals for the Ninth Circuit first observed 'district court[s] [are] given broad discretion in supervising the pretrial phase of litigation.' *Id*. At 607.  The Ninth Circuit went on to note the traditionally lenient standard [**11] for amendment of the pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16 which establishes a timetable for amending pleadings that rule's standards control.' *Id. At 607-08."*

"The Court provided a cogent explanation of the 'good cause' requirement of Rule 16(b):

'A court's evaluation of good cause is not coextensive with an inquiry into the propriety of the amendment under…Rule 15.' Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment.  The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'  Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief…Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus [**12] of the inquiry is upon the moving party's reasons for seeking modification.  It that party was not diligent, the inquiry should end.", *Marcum v. Zimmer,Id., citing Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 1992 U.S. App. LEXIS 21172, (9th Cir. Ct. Appeals 1992)

*Johnson* is distinguished from our case.  In *Johnson*, Plaintiff moved to amend his complaint to add an additional party after the cut-off date of amendments in the scheduling order, without a showing of the Rule 16(b)'s "good cause" standard of diligence of the party seeking the amendment.  Instead, Johnson argued that because the scheduling order was entered within 126 days after the filing of the complaint, rather than the proposed 120 days, the scheduling order was somehow invalidated.  In our case, Plaintiff has met the Rule 16 good cause standard to amend the complaint.

"One of the purposes which the pretrial conference serves is to expedite disposition of cases by simplifying the issues and eliminating surprise.  Rule 16 of the Federal Rules of Civil Procedure provides that the pretrial order 'when entered controls the subsequent course of the action, unless modified at the trial to prevent manifest injustices.' Rule 15(b) of Fed.R.Civ.P. provides: When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings.  Where an issue, not included in the pretrial order, is actually tried by the parties, the aforementioned policies served by Rule 16

would not be served by the trial Court's refusal to consider the issue.  Rule 16 should be read in the light of Rule 15(b)."., *Donald L. Mains v. United States of America*, 508 F.2d 1251, 6th Cir. 1975.

In this case, Defendants have always been aware of the issue and Plaintiff's use of this issue of major life activity was confirmed by the detailed affidavit of Dr. Butterbaugh provided on September 12, 2005 to Plaintiff's Reply to Opposition to Motion for Preliminary Injunction.

Good cause exists because the application of a psychological diagnosis to a major life activity is difficult.  In fact, Plaintiff is still trying to determine how Defendants perform this analysis.  Defendants' expert, Michael Gordon, Ph.D., states he doesn't do this.

"Q.  **And for the case you're talking about, what was the major life activity that was impaired?**
Ms. Johnsen:  Object to the form.
The Witness:  I wasn't – I wasn't responding to issues regarding ADA analyses or qualifications for disability.  I am hired to look at the extent to which somebody's documentation would support the diagnosis of ADHD.
Mr. Domenici:  Okay.
The Witness:  And that's really what I do.  I feel it's – I'm not a lawyer.  I'm not looking to judge major life activities or substantial impairment from a legal point of view. I understand my role is responding to the question from, in this case, the NBME.  Does this person, this documentation, at least at the first cut, does this person's documentation support the diagnosis that's claimed in this case, ADHD?  I see it as their responsibility to see whether that meets their criteria for ADA requirement.
Mr. Domenici:  When you say they, you're talking about whoever hired you, whatever entity you're working for?
The Witness:  Correct.
Mr. Domenici:  Just so I'm clear.
Mr. Domenici:  You view your role for the entities that hire you as seeing whether or not the diagnosis that is presented by the applicant is supported?
A.  By the documentation."
(Deposition of Michael Gordon, Ph.D., November 15, 2005, Page 29, Lines 3–24 and Page 30,Lines 1-15)

To date, despite the Court's Order of January 17, 2006 (doc. 68) on Plaintiff's Motion to Compel (doc. 61), Defendants have not explained how they correlate diagnosis and major life activity.

There is no bad faith.  The issues were presented in detail in Dr. Butterbaugh's affidavit, openly addressed at the preliminary injunction hearing, and addressed in the Court's order.  Prior to this motion, Defendants show no prejudice.  Defendants have not deposed any of Plaintiff's witnesses.  Defendants have obtained substantial discovery on Plaintiff's history, and medical history.  Defendants have time to depose all necessary witnesses and follow up with written discovery if necessary.

Plaintiff's motion is not untimely.  Defendants have always been aware of this theory and were specifically given the evidence on September 12, 2005 in Dr. Butterbaugh's affidavit.  This was one year before the scheduled trial date of September 12, 2006, and prior to any depositions of Plaintiff's witnesses.  The deposition of Defendants' expert, Michael Gordon, Ph.D., confirmed he will <u>not</u> testify on this issue (See Deposition of Michael Gordon, Ph.D., 11/15/05, Page 29, Lines 3-24 and Page 30, Lines 1-15).

<u>CONCLUSION</u>

Based on Defendants' notice of this issue, based on the actual litigation of this issue by the parties, and to conform to the evidence presented as part of the preliminary injunction, in the total absence of a showing of prejudice, the amendment for clarification of the basis for the pending ADA claim, not to add a new claim or party, should be granted.

Respectfully submitted,

DOMENICI LAW FIRM, P.C.

S/ Pete V. Domenici, Jr.
PETE V. DOMENICI, JR., Esq.
320 Gold Avenue SW, Suite 1000
Albuquerque, New Mexico 87102
(505) 883-6250
Attorney for Ralph E. Krolik, M.D.

I hereby certify that on March 2, 2006,
I electronically transmitted the attached document to the
Clerk's Office using the CM/ECF System for filing and
transmittal of a Notice of Electronic Filing to the following
CM/ECF registrants:

Diane M. Johnsen, Esq.
OSBORN MALEDON, P.A.
2929 North Central, Suite 2100
Phoenix, Arizona 85012-2793
Attorneys for National Board of Medical Examiners

S/ Pete V. Domenici, Jr.
PETE V. DOMENICI, JR., Esq.