# EXHIBIT I



National Board of Medical Examiners®
3750 Market Street
Philadelphia, PA 19104-3102
215.590.9500

-Confidential-

November 10, 2003

Ralph Elliott Krolik
9421 W. Saddlehorn Road
Peoria, AZ 85383

RE: USMLE STEP 2 - 2004

USMLE ID #: 0-546-768-3

Dear Mr. Krolik:

We have conducted a preliminary review of your request for test accommodations for the **USMLE STEP 2 - 2004**. However, the information you submitted is incomplete and we are therefore unable to make an informed decision about your request at this time.

In order for us to properly evaluate your request for accommodations, your documentation should include a current comprehensive psychoeducational battery containing *age-based standard and/or scaled scores* for all tests and subtests administered and a detailed explanation of how those test results, along with academic history and level of current functioning, support a diagnosis. A comprehensive evaluation should also assess *current achievement in academic skill areas*. Furthermore, your evaluator should identify your specific functional limitations and provide an explanation of how the recommended accommodations will reduce the impact of those identified functional limitations on the testing activity.

Further, since learning disorders are developmental disorders that usually emerge during childhood, it is important to provide objective historical documentation of substantial limitation in learning throughout your development including any evaluations that were conducted throughout your elementary and/or high school years. You should provide objective records validating your history of impairment such as previous evaluations, grade reports, reports from parents, teachers, tutors or other past treatment providers. Even if it is impossible to obtain such records from your elementary and high school education, it should be possible to obtain transcripts from college and medical school as well as feedback from college and medical school faculty. This information will assist us in determining whether you are a covered individual as defined by the Americans with Disabilities Act and if so, what accommodations would be appropriate.

I encourage you to read the USMLE Guidelines carefully for a comprehensive description of how to document a need for accommodation and to discuss this information with your evaluators to assist you in compiling complete and comprehensive documentation. The Guidelines may be accessed on the National Board of Medical Examiners website at www.nbme.org. Click on "The United States Medical Licensing Examination (USMLE)," then choose "USMLE Test Accommodations for NBME Step 1 & Step 2 Applicants."

We will place your request for accommodations on hold until we receive additional documentation. Please send this information to:

> USMLE Disability Services
> 3750 Market Street
> Philadelphia, PA 19104

You may fax your material to 215-590-9422 and please call 215- 590-9869 to verify receipt.

If you do not plan to submit more information and would like your registration released, please fax a statement to that effect to 215-590-9422 and call 215-590-9869 to confirm receipt. If you have any other questions, please contact Disability Services at 215- 590-9869.

Sincerely,

*[signature]*

J. Abram Doane, MA, JD
Manager, Disability Services

JAD/ay

# EXHIBIT J



Secretariat:
3750 Market Street
Philadelphia, PA 19104
(215) 590-9600
Fax: (215) 590-9470
www.usmle.org

Composite Committee

Carol A. Aschenbrener, MD
Chair

L.D. Britt, MD
D. Clifford Burross, MD
N. Lynn Eckhert, MD, DrPH
William H. Fleming, III, MD
James A. Hallock, MD
Donald E. Melnick, MD
Stephen G. Post, PhD
Alan E. Shumacher, MD
Susan M. Spaulding
James N. Thompson, MD
James E. West, MD
Alexander H. Williams, III
William T. Williams, Jr., MD

Alternates:

Gerald J. Bechamps, MD
Bruce M. Koeppen, MD, PhD
Gerald P. Whelan, MD

Disability Services
215-590-9869
215-590-9422 (Fax)

**CONFIDENTIAL**

February 2, 2004

Ralph Elliott Krolik
9421 Saddlehorn Road
Peoria, AZ 85383

RE: USMLE Step 1         USMLE ID#: 0-546-768-3

Dear Dr. Krolik:

We have carefully reviewed your request for test accommodations for the United States Medical Licensing Examination (USMLE) Step 1 and accompanying material in accordance with USMLE guidelines for examinees with disabilities and within the framework of the Americans with Disabilities Act (ADA). We consulted experts in the disorders of learning and Attention Deficit/Hyperactivity Disorder (ADHD) to assist us in reviewing the documentation.

According to your revised February 2001 Neuropsychological and Educational Evaluation, revised December 2003, your evaluator, Dr. Grant Butterbaugh, assigns you the diagnoses of Attention-Deficit Hyperactivity Disorder (chronic, probably combined type), Reading Disorder (chronic, with comprehension worse than phonics), and Motor Coordination Disorder (probably mild handwriting and drawing deficits). Dr. Butterbaugh reports "Dr. Krolik has relative neuropsychological weaknesses in his reading comprehension, complex verbal/design memory/retrieval, handwriting, and complex design copying, and consistent organizational/attentional control skills." He states in his report, "Given his revised reading scaled scores (based on revised NBME policies about the Nelson-Denny Reading test), we are revising our recommendations that his ADHD, but not Reading Disorder, should be the basis for his substantial limitation in the major life activity of learning" (p. 6).

Attention Deficit/Hyperactivity Disorder is a developmental disability with a childhood onset that typically results in a chronic and pervasive pattern of functional impairment in academic, social, or vocational functioning, and often in daily adaptive functioning. However, the documentation submitted with your

A Joint Program of the Federation of State Medical Boards of the U.S., Inc. and the National Board of Medical Examiners®


Federation of State Medical Boards of the U.S., Inc.
400 Fuller Wiser Road, Suite 300
Euless, TX 76039-3855
(817) 868-4000
Fax: (817) 868-4098
www.fsmb.org


National Board of Medical Examiners
3750 Market Street
Philadelphia, PA 19104
(215) 590-9500
Fax: (215) 590-9555
www.nbme.org

request for accommodation does not adequately support an ADHD diagnosis or the existence of a disability. While it is true, as you suggest, that the diagnostic labels of ADHD and Learning Disabilities were not in use in the 1950s, the lives of impulsive or learning impaired children nonetheless showed the impact of their deficits: They failed classes, were retained in grade, required extensive tutoring, received referrals for evaluations by psychiatrists and psychologists, and/or dropped out because of academic frustration.

The information provided by you does not reflect the manifestations of significant impairment. Your history of academic progress does not indicate that you experienced substantial difficulties in your ability to read and learn. It appears that despite what may well have been an active style, you completed elementary school, high school, college, pharmacy school, and medical school without the need for special accommodations. There is no indication that you ever sought evaluation or accommodations prior to taking the USMLE Step 1. Furthermore, no documentation was provided to indicate current functional impairment such as faculty/supervisor comments, job performance evaluations, or through other sources of information to suggest that you have shown pervasive problems managing the many daily demands for organization and attention that are inherent to the life of a medical student, resident, or employee.

Regulatory decisions and case law have established that the ADA covers individuals who are "substantially limited" in a major life activity as the result of a disability. Determination of whether an individual is substantially limited in functioning as compared to most people is based on assessment of the current impact of the identified impairment. Therefore, a diagnostic label, in and of itself, does not establish coverage under the Americans with Disabilities Act. Overall, the documentation that you have provided does not suggest that you are significantly impaired relative to the average person in the general population. Therefore, after a careful review of all of your documentation, I must inform you that we are unable to provide you with the requested accommodations.

We will request processing of your exam application without test accommodations. You may inquire at permits@ecfmg.org or call Applicant Information Services at (215) 386-5900 with any questions about your scheduling permit.

Sincerely,

J. Abram Doane, MA, JD
Manager, Disability Services

JAD/c