**OSBORN MALEDON**

A PROFESSIONAL ASSOCIATION
ATTORNEYS AT LAW

The Phoenix Plaza
21st Floor
2929 North Central Avenue
Phoenix, Arizona 85012-2794

P.O. Box 36379
Phoenix, Arizona 85067-6379

Telephone    602.640.9000
Facsimile    602.640.9050

Diane M. Johnsen, 007634 / djohnsen@omlaw.com
Ronda R. Fisk, 022100 / rfisk@omlaw.com
OSBORN MALEDON, P.A.
2929 North Central Avenue, Suite 2100
Phoenix, Arizona 85012-2793
(602) 640-9000

Attorneys for National Board of Medical Examiners

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ralph E. Krolik, M.D.,<br><br>Plaintiff,<br><br>vs.<br><br>National Board of Medical Examiners,<br><br>Defendant. | No. CV05-0315 PHX FJM<br><br>**DEFENDANT'S STATEMENT OF UNDISPUTED FACTS PURSUANT TO LOCAL RULE 56.1(A) IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** |

Pursuant to Local Rule 56.1(a), Defendant National Board of Medical Examiners ("NBME" or "Defendant") offers the following undisputed facts in support of its Motion for Summary Judgment:

1. Plaintiff completed grade school and high school with average grades, without ever being held back. Excerpts of Deposition of Ralph E. Krolik dated March 1, 2006 ("**R. Krolik Depo**."), attached hereto as **Exhibit 1**, at 57:13-58:20.

2. While in high school, Plaintiff never received more time to complete his examinations than was allotted to other students. *Id.* at 62:9-16.

3. In Fall 1962, Plaintiff enlisted in the United States Army and served until 1965, when he was honorably discharged after being diagnosed with spina bifida. *Id.* at 64:24-65:16; 70:16-71:9.

4. Plaintiff took an all-day written entrance examination to gain admission as an undergraduate into the University of New Mexico. *Id.* at 60:2-8; 71:5-72:22; 72:5-73:22.

5. While at the University of New Mexico, Plaintiff completed a five-year pharmacy program in four years, without failing a single class. *Id.* at 76:20-77:5; *see also* University of New Mexico Transcript ("**UNM Transcript**"), attached hereto as **Exhibit 2**.

6. The University of New Mexico pharmacy program involved numerous timed examinations. Exhibit 1 (R. Krolik Depo.) at 237:4-10.

7. Plaintiff graduated from the University of New Mexico with a 2.34 G.P.A. *See* Exhibit 2 (UNM Transcript).

8. Following graduation from University of New Mexico pharmacy program, Plaintiff had various pharmacy internships. Exhibit 1 (R. Krolik Depo.) at 94:16-97:3; *see also* Record of Intern Training (ASBP63), attached hereto as **Exhibit 3** *and* Quarterly Reports of Intern Training (ASBP22-24), attached hereto as **Exhibit 4**.

9. On September 10 and 11, 1969, Plaintiff took a two-day timed written examination to become a licensed pharmacist in the State of Arizona. Plaintiff's scores were 78% in Pharmacy, 83% in Chemistry, 72% in Pharmacognosy, and 90% in Mathematics; and 82% in Jurisprudence. Record of Examination of Ralph Krolik, dated February 7, 1970 (ASBP50), attached hereto as **Exhibit 5**; *see also* Exhibit 1 (R. Krolik Depo.) at 90:16-91:20.

10. Plaintiff passed the Arizona examination to become a licensed pharmacist in the State of Arizona on his first try, without studying and without receiving more time than was allotted to other applicants. Exhibit 1 (R. Krolik Depo.) at 92:1-4; 93:25-94:6.

11. Plaintiff had no formal education in running a business. *Id.* at 125:25-126:2.

1222454v2

12. In 1970, Plaintiff bought Savon Drug, a "full-service pharmacy" and "variety store" that employed five or six employees. *Id.* at 107:16-108:23.

13. Plaintiff sold Savon Drug after almost two years for cash. *Id.* at 108:4-23.

14. In 1979, Krolik incorporated REK Industries, which manufactured and distributed cleaning products. *Id.* at 109:24-110:9, 116:8-12.

15. Plaintiff built REK Industries from the ground up, learning from the "school of hard knocks" how to manage the various aspects of the company, including developing the chemical formulae for the various products; selecting and purchasing supplies; supervising manufacturing; selecting packaging; hiring and managing employees; maintaining the company's books and payroll; and preparing bids for government contracts. *Id.* at 118:9-25, 122:4-7, 124:4-125:6, 134:13-135:7.

16. At the height of its success, REK Industries was a multi-million dollar company with over 30 employees that could manufacture more than 50 cleaning products. *Id.* at 117:19-118:8, 119:3-6, 125:4-126:6, 126:23-127:2.

17. Plaintiff earned "a good living" as president and sole owner of REK Industries, with an average annual income in the range of $200,000 - $300,000. *Id.* at 127:23-128:8.

18. Plaintiff sold REK Industries in 1991. *Id.* at 131:2-7.

19. Plaintiff obtained his pilot's license in 1981. FAA Registry for Ralph Elliott Krolik, attached hereto as **Exhibit 6**.

20. To obtain his pilot's license, Plaintiff took classes at a ground school and passed a standardized written examination. Exhibit 1 (R. Krolik Depo.) at 139:18-140:4.

21. Plaintiff bought a total of three planes and used them in making sales calls for REK Industries across New Mexico. *Id.* at 135:10-13; 137:2-8.

1222454v2

1    22.   In September 1992, Plaintiff started medical school at the American
2  University of the Caribbean.  *Id.* at 143:15-23; see also Transcript from American
3  University of the Caribbean ("**AUC Transcript**"), attached hereto as **Exhibit 7**.
4    23.   Each of Plaintiff's medical school classes had a final exam, some of
5  which were timed. Although Plaintiff recalls four occasions when he took longer than
6  the allotted time to complete an examination, he neither asked for nor received
7  accommodations. Exhibit 1 (R. Krolik Depo.) at 154:15-25; 157:15-19.
8    24.   Plaintiff graduated from the American University of the Caribbean in
9  Fall 1996 having received passing or honors marks in every class. Exhibit 7 (AUC
10  Transcript); *see also Id.* at 143:24-144:7.
11    25.   After graduating from medical school, Plaintiff chose to continue
12  working as a pharmacist to support his family while his wife, Mary Krolik, completed
13  her first year of residency. Exhibit 1 (R. Krolik Depo.) at 162:18-163:3.
14    26.   Since graduating from medical school, Plaintiff has been gainfully
15  employed as a pharmacist, with various full-time and temporary positions. *Id.* at
16  162:5-163:3; 164:2-4; 165:12-20; 166:23-167:10; 168:4-16; 169:21-170:9; 173:2-19;
17  175:13-176:6; 178:17-179:18.
18    27.   Plaintiff considers himself a "competent pharmacist." *Id.* at 172:23-
19  173:1.
20    28.   Plaintiff believes that Jack Sona, an individual for whom he worked,
21  would say he is "an excellent pharmacist." *Id.* at 87:4-7.
22    29.   Plaintiff cannot name an instance where he was fired for inability to
23  perform the tasks of his job because of his alleged impairment. *Id.* at 246:22-247:10.
24    30.   Although Plaintiff currently works for a temporary agency, he could
25  have a full-time position if he wanted one. *Id.* at 179:19-180:8.
26    31.   Plaintiff has admitted "I understand that I adapted and worked very hard
27  to overcome my difficulties, and I was able to do that by [various] principles"
28  including "competitive values and autonomy," "a high degree of self-confidence," and

"hard-boiled strength, personal strength." *Id.* at 32:5-23; *see also* Report of Pamela R. Hoblit, Ph.D. dated October 2 and November 12, 1998 ("**Hoblit Report**"), attached hereto as **Exhibit 8**, at 4.

32. The USMLE is used throughout the United States to test the minimum competency of individuals who wish to become physicians. *See* Declaration of Joseph Abram Doane ("**Doane Decl**."), attached hereto as **Exhibit 9**, ¶ 3.

33. The USMLE is composed of three components, called "Steps." *Id.* ¶ 5.

34. Defendant NBME administers the USMLE through Thomson Prometric, its delivery vendor. *Id.* ¶ 7.

35. State medical boards have chosen to accept passage of the USMLE as demonstrating minimum competency, relying on the integrity and validity of the test. Exhibit 9 (Doane Decl.) ¶ 4. All 50 states require the successful completion of the USMLE as a prerequisite to obtaining a medical license. *Id.*

36. As a screening device, the USMLE tests the minimum knowledge required to be a physician. *Id.* ¶ 3.

37. The NBME is responsible for ensuring that the USMLE impartially tests the qualifications of aspiring physicians. *Id.* ¶ 8.

38. Plaintiff first took Step 1 of the United States Medical Licensing Examination ("USMLE") in 1995. *Id.* ¶ 15. Between September 1995 and August 12, 1998, Plaintiff attempted and failed Step 1 five times and Step 2 (CK) three times. *Id.*

39. Plaintiff was first allegedly diagnosed with ADHD in December 1998. Affidavit of Ralph E. Krolik dated July 7, 2005, attached hereto as **Exhibit 10**, ¶ 6.

40. In late 1998, Plaintiff for the first time requested testing accommodations in connection with the USMLE under the ADA. Exhibit 9 (Doane Decl.) ¶¶ 16-18.

41. Plaintiff submitted other requests for accommodations in 1999, 2001 and 2003. *Id.* ¶¶ 20, 23, 24.

1222454v2

42. Dr. Joseph E. Bernier, Ph.D., a learning disability expert, reviewed the documentation submitted by Plaintiff as part of his November 4, 2003 request for accommodations and found that the documentation did not support a finding of a disability based on reading or other learning disability. Declaration of Joseph E. Bernier, Ph.D., ("**Bernier Decl**."), attached hereto as **Exhibit 11**, ¶¶ 6, 19-22.

43. Dr. Grant Butterbaugh, Plaintiff's expert, does not contend that Plaintiff has a learning disability that entitles him to accommodation under the ADA. Excerpts of March 17, 2006 Evidentiary Hearing ("**Evd. Hrg. Tr.**"), attached hereto as **Exhibit 12**, at 33:19-23.

44. Dr. Michael Gordon is one of the nation's most highly recognized experts on ADHD. *Id.* 29:1-6, 43:2-11; *see also* Report of Michael Gordon, Ph.D. dated 8/8/05 ("**Gordon Report**"), attached hereto as **Exhibit 13**.

45. Dr. Gordon reviewed the documentation that Plaintiff submitted in support of his requests for accommodation on the USMLE. Exhibit 13 (Gordon Report) ¶ 5.

46. The NBME denied Plaintiff' request for accommodation on February 2, 2004. Exhibit 9 (Doane Decl.) ¶ 29.

RESPECTFULLY SUBMITTED this 25th day of April, 2006.

                             OSBORN MALEDON, P.A.

                             s/ Ronda R. Fisk
                             Diane M. Johnsen
                             Ronda R. Fisk
                             2929 North Central Avenue, Suite 2100
                             Phoenix, Arizona 85012-2793
                             Attorneys for
                             National Board of Medical Examiners

6

1222454v2

I hereby certify that on April 25th, 2006, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Pete V. Domenici, Jr.
Domenici Law Firm, PC
320 Gold Avenue, SW, Suite 1000
Albuquerque, New Mexico 87102
pdomenici@domenicilaw.com
Attorneys for Plaintiff Krolik, M.D.


s/ Lindsay B. Jensen