Pete V. Domenici, Jr., Esq.
Domenici Law Firm, P.C.
320 Gold Avenue SW, Suite 1000
Albuquerque, New Mexico 87102
(505) 883-6250
Attorney for Plaintiff Krolik, M.D.

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| RALPH E. KROLIK, M.D., | ) | CASE NO. CV-05-0315 PHX FJM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | **PURSUANT TO LOCAL RULE** |
| | ) | **56.1(A) PLAINTIFF'S RESPONSE TO** |
| | ) | **DEFENDANT'S STATEMENT** |
| | ) | **OF UNDISPUTED FACTS AND** |
| | ) | **PLAINTIFF'S ADDITIONAL** |
| | ) | **UNDISPUTED MATERIAL FACTS IN** |
| | ) | **SUPPORT OF THE OPPOSITION TO** |
| | ) | **MOTION FOR SUMMARY** |
| | ) | **JUDGMENT** |
| | ) | |
| NATIONAL BOARD OF | ) | |
| MEDICAL EXAMINERS, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**COMES NOW** Plaintiff, Dr. Ralph E. Krolik, by and through his attorneys, Domenici Law Firm, P.C. (Pete V. Domenici, Jr., Esq.) and pursuant to Local Rule 56.1(a), offers the following response to Defendant's Statement of Undisputed Facts and Plaintiff's Additional Undisputed Material Facts in support of the Opposition to the Motion for Summary Judgment:

**PLAINTIFF'S RESPONSE TO DEFENDANT'S UNDISPUTED FACTS**

1. Denied.  Regarding Dr. Krolik's grade school and high school grades, "He didn't do well in his grades as I would expect him to do as an above-average --above-average intelligence, and he didn't do as well in all the courses as I would have expected given that he was a fairly motivated person." (**"**Dr. G. Butterbaugh Depo"), attached hereto as Exhibit J, at 49:8-13.

2. Admitted.  However, Plaintiff respectfully submits that the interpretation is incorrect.  Dr. Krolik attended high school during a time prior to ADA accommodation requirements. (Exhibit J, Dr. Butterbaugh Depo, 191:17-192:3)

3. Admitted. However, Plaintiff respectfully submits that this "fact" is irrelevant.

4. Denied. Defendant misquotes and incorrectly characterizes the testimony in the Dr. Krolik deposition transcript. (Exhibit O, Dr. Ralph Krolik Depo, 60:2-8)

5. Denied. Defendant misquotes and incorrectly characterizes the testimony in the Dr. Kroik deposition transcript.  Dr. Krolik does not testify that he never failed a single class at University of New Mexico pharmacy program. (Exhibit O, Dr. Ralph Krolik Depo, 76:20-77:5)

6. Denied.  Defendant misquotes and incorrectly characterizes the testimony; Dr. Krolik did not testify to taking *numerous timed examinations* in pharmacy school. (Exhibit O, Dr. Ralph Krolik Depo, 237:4-10)

7. Admitted.

8. Admitted.  However Plaintiff respectfully submits that this "fact" is irrelevant.

9. Admitted.  However Plaintiff respectfully submits that Defendant incorrectly characterizes the testimony; according to the testimony Plaintiff testified that the

pharmacy board exam was straightforward with math questions and multiple choice, unlike the national board where the questions are very long, you have to try and figure out exactly what they're asking because they're designed to try and confuse you and you only have a minute to do each question. (Exhibit O, Dr. Krolik Depo, 92:6-25)

10. Admitted.

11. Admitted. However Plaintiff respectfully submits that this "fact" is irrelevant.

12. Admitted. However Plaintiff respectfully submits that this "fact" is irrelevant.

13. Admitted.  However Plaintiff respectfully submits that this "fact" is irrelevant.

14. Admitted.  However Plaintiff respectfully submits that this "fact" is irrelevant.

15.  Admitted.  However Plaintiff respectfully submits that this "fact" is irrelevant.

16. Admitted.  However Plaintiff respectfully submits that this "fact" is irrelevant.

17. Admitted.  However Plaintiff respectfully submits that this "fact" is irrelevant.

18. Admitted.  However Plaintiff respectfully submits that this "fact" is irrelevant.

19.  Denied.  Dr. Krolik's private pilot certificate was disapproved based on his unsatisfactory performance in the Flight Operations No. V. (Exhibit N, Notice of Disapproval of Application).

20. Admitted.

21. Admitted.

22. Admitted.

23. Admitted.  However Defendant mischaracterizes the testimony; in medical school exams Dr. Krolik always took longer than any other students in completing the

exams and in most cases he was always the last student in the room taking the exam. (Exhibit O, Dr. Ralph Krolik Depo, 155:8-18)

24. Admitted.

25. Admitted.

26. Admitted.

27. Admitted.

28. Admitted.

29. Denied.  In Plaintiff's response to Defendant's First Set of Interrogatories No. 1, Plaintiff identifies his work history of 22 jobs from the date of his college graduation to the present, and 7 jobs from which he was fired. (Exhibit L, Supplemental Response to Interrogatories)

30. Admitted. However Defendant mischaracterizes the testimony; Plaintiff is working in a temporary situation until the lawsuit is resolved and he can take the NBME exam. (Exhibit O, Dr. Ralph Krolik Depo, 179:19-180:8)

31. Denied.  While Dr. Krolik admits that he has worked very hard to overcome his difficulties, Dr. Pamela R. Hoblit concludes in her 10/2/98 and 11/12/98 report of her psychological evaluation of Dr. Ralph Krolik, "Given his life experiences of success and accomplishment and his personality style of maintaining a confident, self-determined and decisive approach, he may have had a reluctance (possibly unconscious) to admit to the types of deficits associated with Attention Deficit Hyperactivity Disorder.  Therefore, it seems appropriate for him to pursue further evaluation.  He indicated that he has an appointment to see Dr. Mark Zielinski, a psychiatrist with expertise in Adult Attention Deficit Hyperactivity Disorder.

> Even though the standard procedures for diagnosis of ADHD used in the current evaluation did not indicate a high probability of the presence of ADHD, there is not definitive test for Attention Deficit Hyperactivity Disorder.  As there is the possibility that he had ADHD, further evaluation and another opinion may be helpful.  (Exhibit E, 10/2/98 and 11/12/98 Psychological Evaluation of Dr. Ralph Krolik by Pamela R. Hoblit, Ph.D.)

32. Admitted.
33. Admitted.
34. Admitted.
35. Admitted.
36. Admitted.
37. Admitted.
38. Admitted.
39. Admitted.
40. Admitted.
41. Admitted.
42. Admitted.
43. Denied.  Defendant mischaracterizes the testimony; Dr. Butterbaugh testified that there is controversy about how a learning disability is defined within the court as well as the professional community. ("Exhibit P, Evd. Hrg. Tr.,"33:22-23)
44. Denied.  Defendant mischaracterizes its interpretation of Dr. Gordon's reputation as an ADHD expert.
45. Admitted.

46. Admitted.

## PLAINTIFF'S ADDITIONAL UNDISPUTED MATERIAL FACTS

1. As identified in the Diagnostic & Statistical Manual for Mental Disorders ("DSM-IV"), Dr. Krolik has had the following symptoms of inattention for at least six months to a point that is disruptive and inappropriate for developmental level:

    a. Dr. Krolik does not give close attention to details or makes careless mistakes in schoolwork, work, or other activities. Excerpts of Deposition of Dr. Grant Butterbaugh dated April 26, 2006 ("Dr. G. Butterbaugh Depo"), attached hereto as Exhibit J, 94:1-96:1)

    b. Dr. Krolik has trouble keeping attention on tasks. *Id.* At Exhibit J, Depo of Dr. Butterbaugh, 94:13-19).

    c. Dr. Krolik often does not seem to listen when spoken to directly. (Exhibit J, Depo of Dr. Butterbaugh, 95:5-14).

    d. Dr. Krolik often does not follow instructions and fails to finish schoolwork, chores, or duties in the workplace (not due to oppositional behavior or failure to understand instructions.) (Exhibit J, 111:1-19).

    e. Dr. Krolik has trouble organizing activities. (Exhibit J, 95:4-14).

    f. Dr. Krolik often avoids, dislikes, or doesn't want to do things that take a lot of mental effort for a long period of time (such as schoolwork or homework).  (Exhibit J, 177:23-178:22).

    g. Dr. Krolik is often easily distracted. (Exhibit J, 79:20-80:9).

    h. Dr. Krolik is often forgetful in daily activities.  (Exhibit J, 100:9-17).

2. As identified in the Diagnostic & Statistical Manual for Mental Disorders ("DSM-IV"), Dr. Krolik has had the following symptoms of hyperactivity-impulsivity for at least six months to a point that is disruptive and inappropriate for developmental level:

   a. Dr. Krolik often gets up from his seat when remaining in the seat is expected. (Exhibit J, 46:17-25 and 100:9-17)(Exhibit K, 93:13-19).

   b. Dr. Krolik often feels restless. (Exhibit J, 46:17-25)(Exhibit K, 93:13-19).

   c. Dr. Krolik is often "on the go" or often acts as if "driven by a motor". (Exhibit J, 46:17-25).

   d. Dr. Krolik often blurts out answers before questions have been finished. *Id.* (Exhibit J, 46:17-25).

   e. Dr. Krolik often has trouble waiting one's turn.  (Exhibit K, Depo of Dr. Mary Krolik, 93:13-19).

   f. Dr. Krolik often interrupts or intrudes on others.  Exhibit K, Depo of Dr. Mary Krolik, 93:13-19).

   g. Dr. Krolik has symptoms of ADHD that were present before age 7 years. (Exhibit J, 192:16-193:11).

   h. Dr. Krolik's symptoms of ADHD are not better accounted for by another mental disorder; i.e. Mood Disorder, Anxiety Disorder, Dissociative Disorder, or a Personality Disorder.  (Exhibit I, Affidavit of Dr. Butterbaugh, page 2).

3. The functional impairments on the part of Dr. Krolik in his work include "the social communication required to get along with people, to work in a team-type

7

work environment, to tolerate people whose views or…skills might be different from one's own.  (Dr. Krolik) is compulsive in his attention to detail, wanting to do the right thing…(and) maybe speaks his mind too directly rather than choosing a better, more diplomatic way of stating things." ("Dr. G. Butterbaugh Depo"), attached hereto as Exhibit J, at 177:23-28; 178:1-7.

DATED this 25th day of May 2006.

>Respectfully submitted,
>
>DOMENICI LAW FIRM, P.C.
>
>S/Pete V. Domenici, Jr., Esq.
>PETE V. DOMENICI, JR., Esq.
>Attorney for Plaintiff
>320 Gold Avenue SW, Suite 1000
>Albuquerque, New Mexico 87102
>(505) 883-6250 office
>(505) 884-3424 fax.

I hereby certify that a true and correct
Copy of the foregoing was electronically transmitted
To the Clerk's Office using the CM/ECF System for filing
On this 25th day of May 2006 and I certify that a true and correct
Copy of the foregoing was mailed by overnight mail
this 25th day of May 2006 to:

Diane M. Johnsen, Esq.
Attorneys for National Board of Medical Examiners
OSBORN MALEDON, P.A.
2929 North Central, Suite 2100
Phoenix, Arizona 85012-2794

S/ Pete V. Domenici, Jr., Esq.
PETE V. DOMENICI, JR., Esq.