# Exhibit F

REC'D OSBORN & MALEDON
APR 1 1 2006
13287.1

11361 N 99th Ave
Suite 601
Peoria, AZ 85345
(623) 583-0232

April 1, 2006

Ms. Ronda R. Fisk
Osborn Maledon
P.O. Box 36379
Phoenix, AZ 85067-6379

Dear Ms. Fisk,

Enclosed please find copies of medical records regarding Dr. Ralph Krolik in response to your subpoena for records dated February 21, 2006. As there are only 3 pages of records, I do not request reimbursement for copying charges.

Please contact me at the above address and phone number if further information is desired.

Sincerely Yours,

Vicki A. Alberts, M.D., M.S.
Diplomate, American Board of Psychiatry and Neurology

DRVA000001

650 E Indian School Rd
Phoenix, AZ 85012
(602) 277-5551 ext 7578

Psychiatric Progress Note
November 5, 2004

**Identifying Information:**   Dr. Ralph Krolik is a 59 year old married Caucasian male who presented for follow up on medication management of attention deficit hyperactivity disorder.

**Subjective:**   Dr. Krolik noted that he started the Concerta as recommended and took it for approximately three weeks.  He noted that he had severe headaches that did not resolve over time so he decided to stop the Concerta.  He did notice some improvement in his attention and concentration but felt that the headaches were of such severity that he would rather not take the medication.

**Objective:**   Dr. Krolik arrived a few minutes late for the appointment but was neatly dressed in casual clothes.  He was pleasant and cooperative with the evaluation and endorsed very limited anxiety.  His speech was normal in rate, tone, and volume.  He was somewhat distracted by extraneous stimuli in the room but was able to concentrate adequately.  His mood was described as "ok" and his affect was euthymic, full range, and appropriate.  His thought process was slightly but otherwise logical and goal directed.  His thought content was without suicidal or homicidal ideation, intent, or plan, psychosis, or obsessions.  His insight, judgment, and impulse control were adequate for treatment decision making.

**Assessment:**   Axis I        Attention Deficit Hyperactivity Disorder, predominately inattentive type.
              Axis II       deferred
              Axis III      history of hairy cell leukemia, in remission
              Axis IV       moderate:     underemployed, financial problems, limited social support other than his wife
              Axis V        GAF 65 currently and highest past year

**Plan:**  We will discontinue the Concerta due to adverse reactions.  Other medication options were discussed including Adderall XR and Strattera but Dr. Krolik declines further medication treatment at this time.  This is a reasonable plan of action.  Dr. Krolik can call back to schedule a follow up appointment if he desires to try medication options in the future.

Vicki A. Alberts, M.D., M.S.
Diplomate, American Board of Psychiatry and Neurology

DRVA000002

650 E Indian School Rd
Phoenix, AZ 85012
(602) 277-5551 ext 7578

Psychiatric Evaluation
October 8, 2004

**Identifying Information:** Dr. Ralph Krolik is a 59 year old married Caucasian male who presented for assistance with medication management of attention deficit hyperactivity disorder.

**Chief Complaint:** Dr. Krolik notes that he has suffered from symptoms of inattention, difficulty staying focused on a repetitive task, and time management problems since early childhood.

**History of Present Illness:** Dr. Krolik notes that in childhood he had difficulty staying focused on schoolwork and would frequently daydream during classes. The biggest problem he noted was with standardized, timed tests. He felt that he knew the information, and his grades in school demonstrated this, but he was unable to complete the testing within the time allotted. He noted that this created a great deal of frustration for him and he has felt that his life has been hindered by this problem. As a child he didn't take any medications but as an adult he was seen by other psychiatric providers and was treated with various psychotropic agents such as Ritalin and Wellbutrin. He felt that these helped somewhat but it was difficult for him to remember to take them more than once a day. He has currently been prescribed Effexor XR 150 mg daily in an attempt to control his inattention and concentration but it has been less than optimal.

Dr. Krolik denies ever any manic or psychotic symptoms. He does report some situational anxiety and some neurovegetative symptoms of depression but feels these are currently well controlled with Effexor XR.

**Past Psychiatric History:** Dr. Krolik denies ever any psychiatric hospitalizations or suicide attempts. He has had psychological evaluations which document the presence of attention deficit hyperactivity disorder.

**Past Medical History:** Dr. Krolik has been diagnosed with hairy cell leukemia that is currently in remission. He reports no allergies to medications.

**Social History:** Dr. Krolik was raised by his biological parents and had no physical, sexual, or emotional abuse. He completed high school on time and served in the military for several years. He has had numerous jobs including business development, warehouse management, pharmacist, and medical student. He completed medical school in the Caribbean but has not been able to attain medical licensure due to his inability to complete the United States Medical Licensing Exam (USMLE) due to his

time management difficulties. He has been married twice, most recently for 10 years to a psychiatrist who is currently employed at the Carl T. Hayden VA Medical Center. He uses alcohol on a social basis and denies any tolerance or withdrawal. He drinks caffeinated beverages several times a day but denies other drug use. He is currently employed as a pharmacist with a temporary agency. He is hoping to get a variance to be able to take the USMLE with an extended time allowance.

**Mental Status Examination:** Dr. Krolik arrived a few minutes late for the appointment but was neatly dressed in casual clothes. He was pleasant and cooperative with the evaluation and endorsed very limited anxiety. His speech was normal in rate, tone, and volume. He was somewhat distracted by extraneous stimuli in the room but was able to concentrate adequately. His mood was described as "ok" and his affect was euthymic, full range, and appropriate. His thought process was slightly but otherwise logical and goal directed. His thought content was without suicidal or homicidal ideation, intent, or plan, psychosis, or obsessions. His insight, judgment, and impulse control were adequate for treatment decision making. His score on Mini Mental Status Examination was 29 out of 30.

**Diagnosis:** Axis I       Attention Deficit Hyperactivity Disorder, predominately inattentive type.

        Axis II       deferred

        Axis III      history of hairy cell leukemia, in remission

        Axis IV      moderate:   underemployed, financial problems, limited social support other than his wife

        Axis V       GAF 65 currently and highest past year

**Treatment Plan:**  Dr. Krolik would likely benefit from a long acting stimulant medication to help with inattention and concentration. Risks, benefits, and side effects of Concerta discussed and Dr. Krolik agrees to a trial of Concerta 54 mg daily in the morning. He can continue to take Effexor XR as prescribed by another physician. He is to come back in one month for follow up to assess response to Concerta. He is aware that he can call sooner if needed if side effects or other concerns arise.

*[signature]*

Vicki A. Alberts, M.D., M.S.
Diplomate, American Board of Psychiatry and Neurology

## AFFIDAVIT OF CUSTODIAN OF RECORDS

STATE OF ARIZONA )
) ss.
County of Maricopa )

Vicki A Alberts, M Custodian of Records, being first duly sworn upon his/her oath, deposes and says:

1. I am the duly authorized Custodian of Records for Vicki A. Alberts, M.D. described in the attached subpoena and I have authority to certify the records.

2. On 4/1/2006, in response to a subpoena, I produced to defendants copies of Ralph E. Krolik's hospital records, medical records, or records of professional examinations.

3. The attached copies are true copies of all the records described.

4. The records were prepared by personnel of Vicki A. Alberts, M.D., or persons acting under his/her control, in the ordinary course of office business at or near the time of the act, condition or event described therein.

Further your affiant sayeth naught.

_____
Custodian of Records of
Vicki A. Alberts, M.D.

SUBSCRIBED AND SWORN to before me this 4 day of APRIL, 2006.

_____
Notary Public

My Commission Expires:

MARCH 26 2007

RACHEL KEMPER
Notary Public - Arizona
Maricopa County
My Commission Expires
March 26, 2007

DRVA000005

1191539

# Exhibit G



**CONFIDENTIAL**

*Secretariat:*
3750 Market Street
Philadelphia, PA 19104
(215) 590-9600
Fax: (215) 590-9470
www.usmle.org

**Composite Committee**

Carol A. Aschenbrener, MD
*Chair*

L.D. Britt, MD
D. Clifford Burross, MD
N. Lynn Eckhert, MD, DrPH
William H. Fleming, III, MD
James A. Hallock, MD
Donald E. Melnick, MD
Stephen G. Post, PhD
Alan E. Shumacher, MD
Susan M. Spaulding
James N. Thompson, MD
James E. West, MD
Alexander H. Williams, III
William T. Williams, Jr., MD

*Alternates:*

Gerald J. Bechamps, MD
Bruce M. Koeppen, MD, PhD
Gerald P. Whelan, MD

Disability Services
215-590-9869
215-590-9422 (Fax)

February 2, 2004

Ralph Elliott Krolik
9421 Saddlehorn Road
Peoria, AZ 85383

RE: USMLE Step 1            USMLE ID#: 0-546-768-3

Dear Dr. Krolik:

We have carefully reviewed your request for test accommodations for the United States Medical Licensing Examination (USMLE) Step 1 and accompanying material in accordance with USMLE guidelines for examinees with disabilities and within the framework of the Americans with Disabilities Act (ADA). We consulted experts in the disorders of learning and Attention Deficit/Hyperactivity Disorder (ADHD) to assist us in reviewing the documentation.

According to your revised February 2001 Neuropsychological and Educational Evaluation, revised December 2003, your evaluator, Dr. Grant Butterbaugh, assigns you the diagnoses of Attention-Deficit Hyperactivity Disorder (chronic, probably combined type), Reading Disorder (chronic, with comprehension worse than phonics), and Motor Coordination Disorder (probably mild handwriting and drawing deficits). Dr. Butterbaugh reports "Dr. Krolik has relative neuropsychological weaknesses in his reading comprehension, complex verbal/design memory/retrieval, handwriting, and complex design copying, and consistent organizational/attentional control skills." He states in his report, "Given his revised reading scaled scores (based on revised NBME policies about the Nelson-Denny Reading test), we are revising our recommendations that his ADHD, but not Reading Disorder, should be the basis for his substantial limitation in the major life activity of learning" (p. 6).

Attention Deficit/Hyperactivity Disorder is a developmental disability with a childhood onset that typically results in a chronic and pervasive pattern of functional impairment in academic, social, or vocational functioning, and often in daily adaptive functioning. However, the documentation submitted with your

*A Joint Program of the Federation of State Medical Boards of the U.S., Inc. and the National Board of Medical Examiners®*


Federation of State Medical Boards of the U.S., Inc.
400 Fuller Wiser Road, Suite 300
Euless, TX 76039-3855
(817) 868-4000
Fax: (817) 868-4098
www.fsmb.org


National Board of Medical Examiners
3750 Market Street
Philadelphia, PA 19104
(215) 590-9500
Fax: (215) 590-9555
www.nbme.org

request for accommodation does not adequately support an ADHD diagnosis or the existence of a disability. While it is true, as you suggest, that the diagnostic labels of ADHD and Learning Disabilities were not in use in the 1950s, the lives of impulsive or learning impaired children nonetheless showed the impact of their deficits: They failed classes, were retained in grade, required extensive tutoring, received referrals for evaluations by psychiatrists and psychologists, and/or dropped out because of academic frustration.

The information provided by you does not reflect the manifestations of significant impairment. Your history of academic progress does not indicate that you experienced substantial difficulties in your ability to read and learn. It appears that despite what may well have been an active style, you completed elementary school, high school, college, pharmacy school, and medical school without the need for special accommodations. There is no indication that you ever sought evaluation or accommodations prior to taking the USMLE Step 1. Furthermore, no documentation was provided to indicate current functional impairment such as faculty/supervisor comments, job performance evaluations, or through other sources of information to suggest that you have shown pervasive problems managing the many daily demands for organization and attention that are inherent to the life of a medical student, resident, or employee.

Regulatory decisions and case law have established that the ADA covers individuals who are "substantially limited" in a major life activity as the result of a disability. Determination of whether an individual is substantially limited in functioning as compared to most people is based on assessment of the current impact of the identified impairment. Therefore, a diagnostic label, in and of itself, does not establish coverage under the Americans with Disabilities Act. Overall, the documentation that you have provided does not suggest that you are significantly impaired relative to the average person in the general population. Therefore, after a careful review of all of your documentation, I must inform you that we are unable to provide you with the requested accommodations.

We will request processing of your exam application without test accommodations. You may inquire at permits@ecfmg.org or call Applicant Information Services at (215) 386-5900 with any questions about your scheduling permit.

Sincerely,

J. Abram Doane, MA, JD
Manager, Disability Services

JAD/c