# Exhibit M

40 Random Sample Applicants – NBME

<u>APPROVED   - 7</u>

GORDON approved – 4

OTHER approved – 3

**File#:** 13

**Disposition:**   Accommodations approved

**Diagnosis supported by documentation:** Yes  **X**   No

**Date of Decision/Recommendation Letter:**  Step 1 5/25/95, Step 2 12/22/97 and Step 3 9/15/99

**NBME Consultant:  Gordon      Other    X**

**USMLE Step:** 1, 2, and 3*

**Rationale:**

The report submitted by File 13 in support of the diagnosis included a review of the DSM-IV ADHD symptoms and indicated File 13 endorsed 8 of the 9 criteria for ADHD Predominantly Inattentive Type.  The report states that both of File 13's parents rated File 13 as having significant symptoms of ADHD on an adult ADHD questionnaire.  File 13's problems with inattention and distractibility are longstanding, dating back to childhood. File 13's symptoms of inattention and distractibility were present before the onset of File 13's problems with depression and anxiety.  Anxiety and mood disorders are considered relatively common co-morbid diagnoses that can exist with ADHD.

* NBME does not itself grant or deny accommodation requests with respect to Step 3 of the USMLE.  Instead, it provides a recommendation concerning requests for accommodations and decisions regarding accommodations on Step 3 are made either by the Federation of State Medical Boards or by the state medical board sponsoring the examinee.

**File#:** 15

**Disposition:**    Accommodations approved

**Diagnosis supported by documentation:** Yes **X**    No

**Date of Decision/Recommendation Letter:**  Step 1  9/17/96, Step 2 7/22/98, and Step 3 4/8/03

**NBME Consultant: Gordon  X    Other**

**USMLE Step:** 1, 2 and 3*


**Rationale:**

File 15 submitted objective evidence from grade school which characterized File 15 as being disorganized and as failing to complete school work.  Interviews of File 15's family members also documented an early history.  Symptoms of inattention and disorganization have been consistent since the fifth grade and continued through high school.  File 15's difficulty with inattention was documented by some academic failure.  File 15's problems with inattention can not be related solely to emotional issues.


\* NBME does not itself grant or deny accommodation requests with respect to Step 3 of the USMLE.  Instead, it provides a recommendation concerning requests for accommodations and decisions regarding accommodations on Step 3 are made either by the Federation of State Medical Boards or by the state medical board sponsoring the examinee.

**File#:** 24

**Disposition:** Accommodations approved

**Diagnosis supported by documentation: Yes  X  No**

**Date of Decision/Recommendation Letter:**   Step 1 3/10/98 was denied and examinee provided additional information and was subsequently approved on 5/26/98. Received accommodations based on history for Step 2 2/28/01, Step 2 8/17/01 and Step 3 11/25/03.

**NBME Consultant: Gordon  X   Other**

**USMLE Step:** 1, 2 and 3*

**Rationale:**

The diagnosis of ADHD hinges on evidence of clinically significant impairment that has a childhood onset.  It must also be documented that such symptoms consistently and pervasively disrupted the individual's functioning.  File 24 submitted evidence of early and current impairment.  File 24 presented evidence that these behaviors existed before age six, are pervasive and interfere with File 24's academic, work, social, and personal life.  File 24 meets all of the criteria noted in the DSM-IV.

\* NBME does not itself grant or deny accommodation requests with respect to Step 3 of the USMLE.  Instead, it provides a recommendation concerning requests for accommodations and decisions regarding accommodations on Step 3 are made either by the Federation of State Medical Boards or by the state medical board sponsoring the examinee.

**File#:** 25

**Disposition:** Recommend approval

**Diagnosis supported by documentation:** Yes  X  No

**Date of Decision/Recommendation Letter:** Step 1 2/8/99, Step 1 1/27/00, Step 2 11/4/01, Step 3 11/8/04, Step 3 8/26/05

**NBME Consultant:  Gordon  X    Other**

**USMLE Step:**  1, 2 and 3*

**Rationale:**

File 25's initial submission lacked solid information on early history and current functioning. The initial materials submitted did not adequately address the possibility that File 25's problems with the Step exam were largely related to File 25's other psychiatric problems.   The subsequent application corrects many of these deficiencies in that there is at least some documentation of longstanding problems with ADHD-type symptoms. Although the evidence still suggested that File 25 was a competent student at least through middle school, File 25's application also has provided verification that ADHD-type symptoms have affected File 25's functioning in employment settings and not just File 25's experience in medical school. Finally, File 25's evaluator provided a current review of symptoms and a rationale for an ADHD diagnosis, despite the co-occurrence of other psychiatric disorders.


* NBME does not itself grant or deny accommodation requests with respect to Step 3 of the USMLE. Instead, it provides a recommendation concerning requests for accommodations and decisions regarding accommodations on Step 3 are made either by the Federation of State Medical Boards or by the state medical board sponsoring the examinee.

**File#:**  30

**Disposition:**   Accommodations approved

**Diagnosis supported by documentation:   Yes  X  No**

**Date of Decision/Recommendation Letter:**  6/5/00

**NBME Consultant:  Gordon    Other  X**

**USMLE Step:** 1

**Rationale:**

File 30 provided a compelling paper trail documenting clear-cut ADHD symptomatology and impairment from early on in childhood.  File 30 has been undergoing standard treatments for ADHD (stimulant medication, tutoring, prior academic accommodations, and IEP) since approximately age 6.  File 30's documentation describes clinically significant impairment in several domains (self-control, peer relationships, school) that is clearly spelled out in past records.  File 30 has experienced chronic and pervasive impairment that interfered with performance in academic areas.

**File#:** 31

**Disposition:** Accommodations approved

**Diagnosis supported by documentation: Yes  X  No**

**Date of Decision/Recommendation Letter:** Step 1 4/5/00, Step 2 1/2/02, and Step 3 7/11/03

**NBME Consultant: Gordon        Other  X**

**USMLE Step:** 1, 2 and 3*

**Rationale:**

The report submitted by File 31 adequately substantiated the diagnosis of ADHD and sufficiently explained the rationale for File 31's requested accommodations. File 31's evaluator applied the DSM-IV criteria, documented a separate interview with File 31's mother, which corroborated File 31's longstanding ADHD symptomatology and impairment, and explained the nature of the functional impairment arising from File 31's symptoms in a credible way. There were descriptions of impairment in academics, in daily adaptive functioning at home, and in social areas. File 31 provided a compelling paper trail documenting classic ADHD symptomatology throughout File 31's high school years that have continued to cause significant impairment in File 31's life presently. Similarly, the documentation offers sufficient data to substantiate that File 31 experienced clinically significant impairment arising from ADHD symptoms. File 31's well-documented struggles in high school, failing of two courses in medical school, mother's description of childhood problems, history of always struggling in school despite superior intelligence, and the qualitative descriptions of difficulties from high school teachers all suggested that ADHD is a plausible explanation for File 31's history.


* NBME does not itself grant or deny accommodation requests with respect to Step 3 of the USMLE. Instead, it provides a recommendation concerning requests for accommodations and decisions regarding accommodations on Step 3 are made either by the Federation of State Medical Boards or by the state medical board sponsoring the examinee.

**File#:** 35

**Disposition:** Accommodations approved

**Diagnosis supported by documentation:  Yes   X   No**

**Date of Decision/Recommendation Letter**: Step 1 3/19/01, Step 1 9/17/01, Step 2 8/1/03

**NBME Consultant:  Gordon      Other   X**

**USMLE Step:** 1, 2

**Rationale:**

File 35 submitted a compelling paper trail documenting ADHD symptomatology from early on in childhood that has continued to cause significant impairment in File 35's life. File 35 provided diagnostic reports, academic records from early childhood to present, including report cards and transcripts from File 35's earlier school history including numerous teacher's comments documenting provision of accommodations, past IEP records, tutorial progress records, and descriptive advocacy records from prior treatment providers.  All records were consistent in documenting ADHD symptomatology and associated impairment.  File 35 provided current evaluations from qualified diagnosticians containing evidence that File 35 met all DSM-IV criteria for the diagnosis of ADHD. File 35 provided documentation of both academic and behavioral problems in school and problems with peer and family relationships.

40 random sample applicants – NBME

DENIED BY GORDON – 10

**File#:** 1

**Disposition:** Accommodations denied

**Diagnosis supported by documentation: Yes     No  X**

**Date of Decision/Recommendation Letter:** 1/27/2000

**NBME Consultant: Gordon  X    Other**

**USMLE Step:** 2

**Rationale:**

The diagnosis of ADHD hinges on evidence of clinically significant impairment that has a childhood onset. The documentation submitted by File 1 contains no tangible evidence that File 1's progress through elementary school years was hindered by ADHD symptoms. In fact, the psychologist's reports provided by File 1 shows that File 1 was a persistent worker who studied all the time and did well in school. File 1 performed well enough in school to earn acceptance into a university and then to medical school without the need for formal accommodations. This pattern of outstanding achievement continued through File 1's specialty training as File 1 eventually became a surgeon and a psychiatrist. The documentation submitted by File 1 fails to offer any compelling evidence of either early or current impairment associated with ADHD symptomatology. In summary, neither the test data nor File 1's personal and academic history reflect substantial impairment in attention or learning relative to the average person in the general population.

**File#:** 4

**Disposition:** Recommend denial

**Diagnosis supported by documentation: Yes    No  X**

**Date of Decision/Recommendation Letter:** 4/30/2004

**NBME Consultant: Gordon  X    Other**

**USMLE Step:** 3*

**Rationale:**

The diagnosis of ADHD hinges on evidence of clinically significant impairment that has a childhood onset. It must be documented beyond self-report that such symptoms have consistently and pervasively disrupted the individual's functioning. The documentation submitted by File 4 has failed to support a history of early impairment. Nothing was provided via report cards, transcripts, or teachers comments to verify that the examinee was significantly limited in the ability to handle normal developmental, academic and social tasks. To the contrary, File 4 was a successful and well adjusted student. As for current impairment, File 4 offers no convincing evidence that File 4's adjustment has been affected by ADHD-type symptoms. Despite self-reported complaints about adjusting, File 4 graduated from high school and medical school with honors and without requiring formal accommodations. No evidence was provided via faculty/attending comments, job performance reviews, or other sources of information that File 4 had shown pervasive problems managing demands for organization and attention. Problems handling an extremely competitive and complicated high stakes examination, however, are not alone evidence of global impairment associated with ADHD. In addition to a diagnosis, it is important to demonstrate significant impairment in one or more major life activities. This diagnosis would appear to be especially inappropriate given the lack of childhood impairment, the presence of a significant anxiety disorder, and the likelihood that some of File 4's language skills fall below others in File 4's cohort.

* NBME does not itself grant or deny accommodation requests with respect to Step 3 of the USMLE. Instead, it provides a recommendation concerning requests for accommodations and decisions regarding accommodations on Step 3 are made either by the Federation of State Medical Boards or by the state medical board sponsoring the examinee.

**File#:** 8

**Disposition:**   Accommodations denied based on ADHD.  Accommodations approved based on documentation of another disability. Information below pertains only to ADHD review.

**Diagnosis supported by documentation: Yes     No  X**

**Date of Decision/Recommendation Letter:**  Step 1 3/6/03, Step 2 4/22/04, and Step 3 8/31/05

**NBME Consultant:  Gordon   X    Other**

**USMLE Step:** 1, 2 and 3*

**Rationale:**

The diagnosis of ADHD hinges on evidence of clinically significant impairment that has a childhood onset.  It must be documented beyond self-report that such symptoms have consistently and pervasively disrupted the individuals' functioning.  According to File 8's evaluator, File 8 was slow in acquiring reading skills, to the extent that File 8 was retained in second grade.  The documentation did not mention ADHD symptoms (overactivity, inattention, or impulsiveness) as a basis for that retention.  The documentation offers little evidence that File 8 has been impaired by ADHD-type symptoms.  File 8 failed to produce report cards, transcripts or teachers comments to verify that File 8 was significantly limited in the ability to handle normal developmental, academic and social tasks because of ADHD-related deficits.  File 8 failed to supply any documentation from faculty/attending comments, job performance reviews, or through other sources of information that verify File 8's pervasive and significant problems managing the many daily demands for organization that are inherent in the life of a student or employee with ADHD. If File 8 truly suffers from ADHD, impairment should be more widespread across areas of functioning. File 8's evaluator should rule out test anxiety as the primary basis for any problems, since test taking seems to be the only area in which File 8 seems to have concerns or receive accommodations.

\* NBME does not itself grant or deny accommodation requests with respect to Step 3 of the USMLE.  Instead, it provides a recommendation concerning requests for accommodations and decisions regarding accommodations on Step 3 are made either by the Federation of State Medical Boards or by the state medical board sponsoring the examinee.

**File#:** 20

**Disposition:**   Accommodations denied based on ADHD.  Accommodations granted based on documentation of another disability.  Information below pertains to ADHD review only.

**Diagnosis supported by documentation:   Yes   No  X**

**Date of Decision/Recommendation Letter:**   Step 1 6/4/04, Step 2 2/8/05

**NBME Consultant:  Gordon   X   Other**

**USMLE Step:** 1, 2

**Rationale:**

The diagnosis of ADHD hinges on evidence of clinically significant impairment that has a childhood onset.  It must be documented beyond self-report that such symptoms have consistently and pervasively disrupted the individual's functioning.  File 20 reported having been diagnosed with ADHD during elementary school but a report of the evaluation that led to that diagnosis was not provided.  As a result, File 20's level of impairment during those years is unclear.   While File 20 reported having required special education services and having to attend summer school, the extent to which any of File 20's problems were due to ADHD-type symptoms is unconfirmed.   File 20 was able to graduate from high school on time with a B- average apparently without accommodations.  Nothing was provided via faculty/attending comments, job performance reviews, or other sources that File 20 has shown pervasive problems managing daily demands for organization and attention.  File 20's diagnosis is based almost entirely on reports by the examinee, the examinee's mother and the examinee's wife.  The documentation fails to offer any convincing evidence of either early or current impairment associated with ADHD symptomatology and should be denied.

**File#:**  27

**Disposition:**   Accommodations denied

**Diagnosis supported by documentation: Yes     No  X**

**Date of Decision/Recommendation Letter:**   10/8/99

**NBME Consultant: Gordon   X     Other**

**USMLE Step:** 2


**Rationale:**

Fundamental issues mitigate against granting accommodations based on a diagnosis of ADHD, most importantly the fact that File 27 has never been diagnosed with ADHD. Distractibility is only mentioned as a consequence of nervousness around taking timed tests.  This pattern of clinical description emerges consistently in past reports, all of which make some mention of inattention around certain academic tasks, but not to the point of justifying a diagnosis.  In addition to the absence of a firm diagnosis of ADHD, it is clear from the record that one would be hard pressed to characterize File 27 as functionally impaired because of ADHD symptoms.  File 27 has been able to manage intense demands of a highly competitive academic environment with only modest accommodations.  File 27 also passed the Step 1 exam without any accommodations.  It is difficult to justify this diagnosis for someone who has attained a level of academic success enjoyed by only a tiny percentage of the population.  In summary, the documentation submitted does not provide evidence of either early or current impairment associated with ADHD symptomatology that results in a substantial limitation when compared with the abilities of the average person.

**File#:** 28

**Disposition:** Recommend Denial

**Diagnosis supported by documentation:    Yes    No  X**

**Date of Decision/Recommendation Letter:** 7/23/04

**NBME Consultant:  Gordon  X    Other**

**USMLE Step:** 3*

**Rationale:**

The diagnosis of ADHD hinges on evidence of clinically significant impairment that has a childhood onset. It must be documented beyond self-report that such symptoms have consistently and pervasively disrupted the individuals' functioning. The documents submitted by File 28 show a normal childhood to the extent that File 28 moved through the elementary years without substantial difficulties; File 28 was never referred for psychiatric or special educational services, retained in grade, or involved in other circumstances that suggest poor adjustment. File 28's mother did not rate File 28 as having displayed a significant number of ADHD symptoms during childhood. File 28's entire case for early impairment rests on unsubstantiated self-report. File 28 attended a private school from which File 28 graduated on time, achieved an SAT score of 1340 under standard conditions and later gained admission to and graduated from a prestigious university. As for current impairment, the documentation offers no convincing evidence that File 28's adjustment was affected by ADHD-type symptoms. No information was provided via faculty/attending comments, job performance reviews, or other sources of information that File 28 has shown pervasive problems managing daily demands for organization and attention.

\* NBME does not itself grant or deny accommodation requests with respect to Step 3 of the USMLE. Instead, it provides a recommendation concerning requests for accommodations and decisions regarding accommodations on Step 3 are made either by the Federation of State Medical Boards or by the state medical board sponsoring the examinee.

**File#:**   29

**Disposition:**   Accommodations denied

**Diagnosis supported by documentation: Yes     No   X**

**Date of Decision/Recommendation Letter:**   3/24/99

**NBME Consultant:  Gordon   X     Other**

**USMLE Step:** 1

**Rationale:**

The diagnosis of ADHD hinges on evidence of clinically significant impairment that has a childhood onset.  It must be documented beyond self-report that such symptoms have consistently and pervasively disrupted the individual's functioning.  Without compelling evidence of early-appearing and chronic impairment across setting, the diagnosis is regarded as inappropriate.  Despite self-reported claims of poor achievement, there is no evidence via report cards, teacher comments, prior psychological evaluations, or disciplinary notes to suggest that File 29 was anything other than a capable and compliant student.  Therefore, it would seem that this documentation fails to confirm the presence of ADHD symptoms during childhood.  As for current impairment, the documentation offers no convincing evidence that File 29's adjustment has been affected by ADHD-type symptoms.  File 29 reported being a "diligent" college student and, again without accommodations, earned a BS in biology and grades sufficient to gain entry to a prestigious medical school.  The documentation fails to indicate how the self-reported concerns around attention have led to actual impairment in medical school.  None of the scores on tests at all associated with attention and concentration fall below average.  To qualify for accommodations under the Americans with Disabilities Act, one must have a physical or mental impairment that substantially limits one or more major life activities. It would be very difficult to classify someone who did well enough to climb to the top rungs of the educational ladder without accommodations as significantly impaired.

**File#:** 34

**Disposition:** Accommodations denied

**Diagnosis supported by documentation: Yes      No   X**

**Date of Decision/Recommendation Letter:** 1/28/00

**NBME Consultant: Gordon   X    Other**

**USMLE Step:** 1

**Rationale:**

The diagnosis of ADHD hinges on evidence of clinically significant impairment that has a childhood onset. It must be documented beyond self-report that such symptoms have consistently and pervasively disrupted the individual's functioning. File 34 moved through primary and secondary school years without substantial difficulties in that there were no psychiatric referrals, special education designations, instances of grade retention, or other events that would suggest poor adjustment. Nothing was offered to substantiate File 34's assertion that symptoms of hyperactivity/impulsivity existed during childhood. As for current impairment, the documentation again offers no convincing evidence that File 34's adjustment has been affected by ADHD-type symptoms. Nothing was provided via faculty/attending comments, job performances reviews, or through other sources of information that show pervasive problems managing the many daily demands for organization and attention that are inherent in the life of a student. Given the threshold of impairment under the ADA, File 34 did not qualify as an individual with a disability under the ADA.

**File#:** 36

**Disposition:** Accommodations denied

**Diagnosis supported by documentation: Yes      No  X**

**Date of Decision/Recommendation Letter:**  4/8/02

**NBME Consultant: Gordon  X    Other**

**USMLE Step:** 1

**Rationale:**

The diagnosis of ADHD hinges on evidence of clinically significant impairment that has a childhood onset. It must be documented beyond self report that such symptoms have consistently and pervasively disrupted the individual's functioning. Without compelling evidence of early-appearing and chronic impairment across settings, the diagnosis is regarded as inappropriate. The documentation submitted by File 36 is devoid of hard evidence via report cards, transcripts, or teacher comments to verify that File 36 was significantly limited in the ability to handle normal developmental, academic and social tasks. As for current impairment, the documentation again offered no convincing evidence that File 36's adjustment had been significantly affected by ADHD-type symptoms. The fact is that File 36 was never evaluated for this disorder until problems in medical school. Prior to struggling within this extraordinarily competitive and demanding professional program, File 36 achieved admirably, without requiring test or other forms of accommodations.   The Americans with Disabilities Act covers individuals who have established the existence of a substantial impairment in one or more major life activities as the result of a disability. Although the documentation submitted includes some information explaining File 36's reported difficulties, the documentation did not describe the magnitude of functional impairment in childhood or currently that is necessary to establish chronic and pervasive impairment in a life function.

**File#:** 38

**Disposition:** Accommodations denied

**Diagnosis supported by documentation:   Yes   No  X**

**Date of Decision/Recommendation Letter:** Step 1 6/27/02, Step 1 12/31/03

**NBME Consultant:  Gordon  X  Other**

**USMLE Step:** 1

**Rationale:**

The diagnosis of ADHD hinges on evidence of clinically significant impairment that has
a childhood onset. It must be documented beyond self-report that such symptoms have
consistently and pervasively disrupted the individuals' functioning. Nothing in this record
substantiates the presence of significant maladjustment during early grades. Despite self-
reported problems with attention and self-control, File 38 moved through each year
without substantial difficulties in that File 38 was never retained, referred for psychiatric
evaluations, identified as in need of special education services, or involved in other
circumstances reflecting significant impairment. The documentation is devoid of hard
evidence via report cards, transcripts, or teacher comments to verify that File 38 was
significantly limited in the ability to handle normal developmental, academic and social
tasks. File 38's normal progress continued through high school where File 38 achieved
mostly A's without formal accommodations. File 38 took the SAT without
accommodations and was admitted into an extremely selective college. File 38 was never
evaluated for ADHD or any other disorder until File 38 encountered some difficulties in
the highly competitive environment of medical school. Based on the information
provided, File 38 is not substantially limited in one or more major life activities.

40 random sample applicants – NBME

DENIED BY OTHER EVALUATORS – 10

**File#:** 2

**Disposition:**   Recommend Denial

**Diagnosis supported by documentation: Yes     No  X**

**Date of Decision/Recommendation Letter:** 11/16/1999

**NBME Consultant:  Gordon      Other  X**

**USMLE Step:** 3*

**Rationale:**

ADHD is a developmental disability with a childhood onset that typically results in chronic and pervasive pattern of functional impairment in academic, social, or vocational arenas, and often in daily adaptive functioning. File 2 provided insufficient evidence that symptoms in childhood or currently resulted in the degree of global impairment required for a clinical diagnosis of ADHD. There is no objective evidence that File 2 had any developmentally deviant difficulties with impulsivity, behavioral regulation, distractibility, or concentration in the past. File 2 offered no documentation of poor/inconsistent grades or that File 2 required special accommodations to succeed during early school history. Retrospective recall of simply experiencing ADHD-like symptoms without documented impairment is not sufficient to substantiate a diagnosis. File 2 failed to provide prior secondary or high school records, medical school transcripts, documentation from any past tutors or counselors, any performance evaluations from past jobs or clerkships held. If File 2 had suffered from ADHD all of File 2's life there would be, by definition, noticeable problems in school, social, vocational or behavioral functioning. However, File 2's problems appeared to be specific to performing poorly on timed standardized examinations specifically File 2's Step 3 examination. It is possible that the difficulties File 2 was experiencing may be related to particular profile strengths or weaknesses (or to a combination of anxiety, grief, or depression) rather than ADHD. To qualify for a disability under the ADA, one must have a physical or mental impairment that substantially limits one or more of the major life activities. File 2 does not meet the legal definition of having a disability.

* NBME does not itself grant or deny accommodation requests with respect to Step 3 of the USMLE. Instead, it provides a recommendation concerning requests for accommodations and decisions regarding accommodations on Step 3 are made either by the Federation of State Medical Boards or by the state medical board sponsoring the examinee.

**File#:**  6

**Disposition:**   Accommodations denied

**Diagnosis supported by documentation: Yes     No  X**

**Date of Decision/Recommendation Letter:** 3/30/03

**NBME Consultant:  Gordon      Other     X**

**USMLE Step:** 1

**Rationale:**

ADHD is a developmental disability with a childhood onset that typically results in a chronic and pervasive pattern of functional impairment in academic, social, or vocational arenas, and often in daily adaptive functioning. File 6 provided insufficient evidence that File 6's symptoms in childhood were of a sufficient magnitude to justify a clinical diagnosis of ADHD. Insufficient objective data were provided to substantiate that File 6 was having developmentally deviant difficulties with impulsivity, behavioral regulation, distractibility, concentration in the past. If File 6 has had ADHD all of File 6's life, by definition, it would have had to cause some significant and persistent problems in school, social, vocational or behavioral functioning. This does not appear to be the case. It is necessary to establish an early onset of impairment in childhood to receive the ADHD diagnosis as an adult. Again, insufficient data was provided to determine evidence of clinically significant impairment in childhood. Despite whatever symptoms/problems File 6 was having, File 6 was able to compensate and self-accommodate effectively. This was evidenced by the fact that File 6 had no history of past psychological treatment or accommodations and apparently performed satisfactorily throughout school. The first time File 6 sought any professional assessment was during medical school after failing Step 1 for the third time. The ADA covers individuals who are "substantially limited" in a major life activity as the result of a disability. Based on the information provided, it does not appear that File 6 is substantially impaired in one or more major life activities.

**File#:** 11

**Disposition:**   Accommodations denied based on ADHD.  Accommodations approved based on documentation of another disability.  Information below pertains only to ADHD review.

**Diagnosis supported by documentation:   Yes     No  X**

**Date of Decision/Recommendation Letter:**  Step 1 5/15/96, Step 1 4/28/97, Step 1 9/24/98, Step 1 10/15/98, Step 2 1/18/00, Step 3 4/24/02

**NBME Consultant:  Gordon        Other  X**

**USMLE Step:** 1, 2, and 3*

**Rationale:**

The diagnosis of ADHD requires that the symptoms of ADHD are currently present and that evidence exists to corroborate the symptoms.  File 11 failed to submit such evidence. The diagnosis of ADHD also requires that the symptoms of ADHD be present since childhood and that there is evidence to support the existence of the symptoms.  File 11 submitted evidence suggesting that symptoms of ADHD were present in childhood. However, simply having a number of behavioral symptoms for a disorder does not in itself provide sufficient justification for a clinical diagnosis of a mental disorder such as ADHD.  Evidence of impairment must be obtained in order for the diagnosis to be applied.  The only evidence submitted by File 11 was File 11's failure to pass USMLE and File 11's significant anxiety in other testing environments. File 11's anxiety disorder seems to much better account for File 11's difficulties with test taking than does the evidence provided for File 11's symptoms of ADHD.  In conclusion, no evidence was provided that the symptoms of ADHD had resulted in a significant impairment in any major life activity.


\*  NBME does not itself grant or deny accommodation requests with respect to Step 3 of the USMLE.  Instead, it provides a recommendation concerning requests for accommodations and decisions regarding accommodations on Step 3 are made either by the Federation of State Medical Boards or by the state medical board sponsoring the examinee.

**File#:** 14

**Disposition:**   Recommend denial

**Diagnosis supported by documentation: Yes     No  X**

**Date of Decision/Recommendation Letter:** 10/15/2003

**NBME Consultant: Gordon      Other  X**

**USMLE Step:** 3*


**Rationale:**

The evaluation submitted was not sufficiently comprehensive to provide an understanding of the full diagnostic criteria for ADHD based on DSM.   There is little indication that File 14 was exhibiting the range and severity of behavioral problems typical of ADHD.  No history was presented of any subsequent academic or behavioral problem after 4th grade.  There has been little explanation of current impairment across settings and it appeared that no attempt was made to externally validate File 14's developmental history of ADHD symptoms or to validate File 14's  report of current symptoms.  File 14 has been successful, completing undergraduate school with a 3.1 GPA, medical school and Step 1 and 2 of USMLE without having been diagnosed with ADHD, treated for this condition or provided with accommodations.  File 14's long history of academic success belied any possibility that File 14 could be considered developmentally disabled.  Alternate explanations for File 14's difficulty passing Step 3 of USMLE have not been adequately explored or addressed.


* NBME does not itself grant or deny accommodation requests with respect to Step 3 of the USMLE.  Instead, it provides a recommendation concerning requests for accommodations and decisions regarding accommodations on Step 3 are made either by the Federation of State Medical Boards or by the state medical board sponsoring the examinee.

**File#:** 18

**Disposition:** Accommodations denied

**Diagnosis supported by documentation: Yes     No  X**

**Date of Decision/Recommendation Letter:**   11/10/03

**NBME Consultant: Gordon        Other   X**

**USMLE Step:** 2

**Rationale:**

ADHD is a developmental disability with a childhood onset that typically results in a chronic and pervasive pattern of functional impairment in academic, social, or vocational arenas, and often in daily adaptive functioning.  No objective data from previous educational or medical evaluations was provided to suggest a pattern of chronic and pervasive problems with inattention resulting in substantial limitations in any major life activity.  Despite grade-school report cards that File 18 provided indicating early attentional difficulties, no detailed documentation was provided that would allow for a diagnosis of ADHD.  No information was provided to verify that File 18 was significantly limited in the ability to handle normal developmental, academic, and social tasks.  No documentation was provided via faculty/supervisor comments, job performance evaluations, or through other sources of information verifying that File 18 shown pervasive problems managing the many daily demands for organization and attention that are inherent to the life of a medical student.  The ADA covers individuals who are substantially limited in a major life activity as a result of a disability.  Determination of whether an individual is substantially limited in functioning as compared to most people is based on assessment of the current impact of the identified impairment.  The documentation submitted by File 18 does not present evidence of a substantial impairment as required by the ADA.

**File#:** 23

**Disposition:** Accommodations denied based on ADHD. Accommodations approved based on another disability. Information below pertains to ADHD review only.

**Diagnosis supported by documentation:** Yes      No  X

**Date of Decision/Recommendation Letter:** Step 1 5/6/97, Step 2 12/2/98, Step 3 2/23/00

**NBME Consultant: Gordon      Other  X**

**USMLE Step:** 1, 2, 3*

**Rationale:**

File 23 requested accommodations based on a learning disability and on ADHD (mild). The documentation submitted in support of the diagnosis of ADHD was insufficient. Since File 23's request for accommodations was approved based on another disability, no further documentation was requested.

**File#:** 26

**Disposition:** Accommodations denied

**Diagnosis supported by documentation: Yes    No  X**

**Date of Decision/Recommendation Letter:** 10/18/02

**NBME Consultant:  Gordon     Other   X**

**USMLE Step:** 2

**Rationale:**

ADHD is a developmental disability with a childhood onset that typically results in chronic and pervasive pattern of functional impairment in academic, social, or vocational arenas, and often in daily adaptive functioning. File 26 provided insufficient evidence of symptoms in childhood or presently which resulted in the degree of global impairment required for a clinical diagnosis of ADHD. File 26 offered no evidence that File 26's grades were poor or inconsistent or that File 26 required accommodations during earlier school history. Other than self-reported symptoms, there was no hard data provided to substantiate an ADHD-like history. The first time File 26 sought professional treatment was in the fourth year of medical school. The question of ADHD seems to have come up only recently in response to encountering the Step exam. There was no documentation validating any impairment outside of the testing situation. File 26 has performed well in all life domains. The Americans with Disabilities Act covers individuals who have established the existence of a substantial impairment in one or more major life activities as a result of a disability. The documentation submitted does not present evidence of a substantial limitation in current functioning.

**File#:** 32

**Disposition:**  Accommodation denied

**Diagnosis supported by documentation: Yes     No  X**

**Date of Decision/Recommendation Letter:**  1/28/00

**NBME Consultant: Gordon        Other  X**

**USMLE Step:** 1

**Rationale:**

ADHD is a developmental disability with a childhood onset that typically results in a chronic and pervasive pattern of functional impairment in academic, social, or vocational arenas, and often in daily adaptive functioning.  File 32 provided insufficient evidence that symptoms in childhood (or presently) resulted in the degree of global impairment required for a clinical diagnosis of ADHD.  If File 32 has had ADHD by definition, it would have had to cause some noticeable problems in school, social, vocational, or behavioral functioning.  File 32's diagnosticians did not specify which or how many of the DSM-IV symptoms of ADHD File 32 endorsed currently or during childhood.  File 32 has not established the degree of current impairment that rises to the level of a disability.  To qualify for a disability under the ADA, one must have a physical or mental impairment that substantially limits one or more of the major life activities. Consequently, after a careful review of the file, the NBME could not conclude that File 32 was substantially limited in a major life activity.

**File#:** 37

**Disposition:** Accommodations denied

**Diagnosis supported by documentation: Yes     No   X**

**Date of Decision/Recommendation Letter:** Step 1 7/7/04, Step 1 1/14/05

**NBME Consultant: Gordon     Other   X**

**USMLE Step:** 1

**Rationale:**

ADHD is a developmental disability with a childhood onset that typically results in a chronic and pervasive pattern of functional impairment in academic, social, or vocational areas. File 37's records were not reflective of a frequency, intensity, or magnitude of symptomatology/impairment to support a clinical diagnosis of ADHD currently or during childhood. Although there were a few comments from File 37's elementary and secondary teachers stating that File 37 missed details, made some careless mistakes, and needed to be more consistently attentive and less social, these were relatively few and far between and did not represent a developmentally deviant pattern of impairment that would justify a clinical diagnosis of ADHD. Most teachers viewed File 37 as a dedicated student who was a pleasure to have in class. The childhood descriptions of File 37 difficulties and objective records did not paint a compelling picture consistent with ADHD. The evaluator who assessed File 37 did not adequately apply full DSV-IV criteria. DSM-IV requires clinically significant impairment in at least two life domains and File 37 described impairment only in one area - timed testing. ADHD affects people over time and across situations in multiple life domains, not in one circumscribed area such as testing. Prior to entering medical school, File 37 had worked successfully as an investment banker without any evidence of impairment. In addition, File 37 had successfully completed an undergraduate degree without receiving any formal test accommodations. Difficulties described by File 37 may have been better explained by a slow, deliberate test taking style.

File#:  39

**Disposition:**   Accommodations based on ADHD denied.  Accommodations
approved based on another disability.  Information below pertains only to
ADHD review.

**Diagnosis supported by documentation:   Yes    No  X**

**Date of Decision/Recommendation Letter:**  Step 1 3/19/03, Step 2 CK 2/23/04

**NBME Consultant:  Gordon         Other  X**

**USMLE Step:** 1, 2

**Rationale:**

The documentation submitted by File 39 is problematic, as it does not provide a detailed
history of File 39's problems, adequate psychological history (academic background,
work, interpersonal, medical, etc.), explanation of impairment across settings over time,
or clear evidence of current impairment.  All that can be objectively documented about
File 39 is that File 39 was able to achieve an extraordinary level of success as an
undergraduate without accommodations.

40 random sample applicants – NBME

APPROVED – 3

BASED ON RECORD OF PRIOR ACCOMMODATIONS.
NO EVALUATOR USED.

**File#:  5**

**Disposition:** Accommodations approved

**Diagnosis supported by documentation: Yes     No     Not Available  X**

**Date of Decision/Recommendation Letter:**  Step 1 9/7/95 (ECFMG), Step 1 6/96 (ECFMG), Step 1 6/97 (ECFMG), Step 2 4/99 (ECFMG), Step 2 6/99 (NBME)

**NBME Consultant:  Gordon      Other         None  (Based on history)  X**

**USMLE Step:** 1 and 2

**Rationale:**

The decision to grant File 5 accommodations was based on File 5's history of receiving accommodations from ECFMG since 1995.

NBME page 5 of 40

**File#:** 10

**Disposition:** Accommodations Granted

**Diagnosis supported by documentation: Yes      No      Not Available   X**

**Date of Decision/Recommendation Letter:**   Approved for "Special Test Arrangements" for Part I 8/7/90 (Pre –ADA), Step 1 1993, Step 2 CK 1994, Step 2 CK 1995, Step 2 CK 1996, Step 2 CK 1997, Step 2 CK 1998, Step 3 1999, Step 3 2000, Step 3 2002, Step 3 2003.

**NBME Consultant:  Gordon      Other      None  (Based on history)   X**

**USMLE Step:** 1, 2, and 3*

**Rationale:**

Examinee initially received special test arrangements prior to the enactment of the ADA and continued to receive accommodations on subsequent administrations of USMLE based upon the initial grant of special testing arrangements in 1990.

* NBME does not itself grant or deny accommodation requests with respect to Step 3 of the USMLE.  Instead, it provides a recommendation concerning requests for accommodations and decisions regarding accommodations on Step 3 are made either by the Federation of State Medical Boards or by the state medical board sponsoring the examinee.

NBME page 10 of 40

**File#:** 3

**Disposition:** Recommend grant

**Diagnosis supported by documentation: Yes      No      Not Available  X**

**Date of Decisions/Recommendations Letter:** Step 1 6/96 (ECFMG), 10/96 (ECFMG), Step 2 3/96 (ECFMG), 3/ 97 (ECFMG), 8/97 (ECFMG), Step 3 9/15/99, 6/21/01, 9/7/01, 2/12/02, 8/27/02, 1/28/03, 6/13/03, 11/6/03

**NBME Consultant: Gordon      Other      None (Based on history)  X**

**USMLE Step: 3\***

**Rationale:**

The recommendation to grant File 3 accommodations on Step 3 was based on File 3's history of receiving accommodations through the ECFMG since 1996.

\*  NBME does not itself grant or deny accommodation requests with respect to Step 3 of the USMLE.  Instead, it provides a recommendation concerning requests for accommodations and decisions regarding accommodations on Step 3 are made either by the Federation of State Medical Boards or by the state medical board sponsoring the examinee.

40 random sample applicants – NBME

DENIED – 10

WITHDREW APPLICATION, INCOMPLETE SUBMISSION, INELIGIBLE TO SIT
FOR EXAM.

**File#:** 12

**Disposition:**   Recommend denial

**Diagnosis supported by documentation: Yes    No    Not Available  X**

**Date of Decision/Recommendation Letter:** 11/10/99

**NBME Consultant: Gordon    Other    Not Available   (Incomplete Submission) X**

**USMLE Step:** 3*

**Rationale:**

The documentation submitted was older than three years.  File 12 was advised that as noted in the Guidelines, documentation should be current, in order to demonstrate a current need for accommodations.  File 12 later submitted a one page letter which did not provide current information to support attentional disorder or substantial limitation in a major life activity.

* NBME does not itself grant or deny accommodation requests with respect to Step 3 of the USMLE.  Instead, it provides a recommendation concerning requests for accommodations and decisions regarding accommodations on Step 3 are made either by the Federation of State Medical Boards or by the state medical board sponsoring the examinee.

**File#:**  17

**Disposition:**  Other – Ineligible to sit for USMLE for reasons unrelated to disability

**Diagnosis supported by documentation:**  Yes      No      Not Available   X

**Date of Decision/Recommendation Letter:**  1/20/04

**NBME Consultant:  Gordon**      Other      Not Available (Incomplete submission) X

**USMLE Step:** 1

**Rationale:**

File 17 submitted incomplete information.  More importantly, File 17 failed to submit appropriate documentation from File 17's medical school establishing eligibility to take the examination.  Therefore, File 17's request for accommodations could not be processed in the absence of a valid registration for the examination.

**File#:** 19

**Disposition:**   Other – Withdrew request

**Diagnosis supported by documentation: Yes      No      Not Done  X**

**Date of Decision/Recommendation Letter:**   Examinee withdrew on 2/17/03

**NBME Consultant:  Gordon        Other      Not Available (Incomplete submission) X**

**USMLE Step:** 1

**Rationale:**

File 19 was advised that in order for the NBME to make an informed decision, it was
necessary to submit additional information regarding reported ongoing and current
impairment.  Since ADHD is a developmental disability with a childhood onset that
typically results in a chronic and pervasive pattern of functional impairment in academic,
social, vocational or daily adaptive functioning, it is important that the examinee provide
objective documentation endorsing chronic impairment historically and currently.  The
examinee should provide objective records validating a history of impairment such as
diagnostic evaluations, reports cards, reports from parents, teachers, tutors or other past
treatment providers describing the nature of the academic and behavioral problems.  The
examinee should also submit a comprehensive neuropsychological evaluation using age
based norms for all tests and subtests.  This information will assist the NBME in
determining whether the examinee is covered individual as defined by the Americans
with Disabilities Act.

**File#:** 16

**Disposition:** Other – Withdrew Request

**Diagnosis supported by documentation: Yes    No    Not Done (Incomplete Submission)  X**

**Date of Decision/Recommendation Letter:**  Examinee withdrew on 2/17/02

**NBME Consultant:  Gordon      Other    None (Withdrew)    X**

**USMLE Step:** 1

**Rationale:**

The information submitted was incomplete.  File 16 was advised that the request for accommodations should have included the evaluator's current comprehensive battery with a professionally recognized diagnostic formulation. All testing results, including subtests should be reported using age-based scores.  The report submitted should have been provided with a detailed explanation of how those test results, along with academic history and level of current functioning support the diagnosis of a learning disability.  In addition, ADHD is a developmental disability with a childhood onset that typically results in a chronic and pervasive pattern of functional impairment in academic, social, vocational, or daily adaptive functioning.  File 16 failed to provide objective documentation validating chronic impairment historically and currently.  File 16 subsequently withdrew the request for accommodations.

**File#:** 7

**Disposition:**   Other-Withdrew Request

**Diagnosis supported by documentation: Yes      No    Not Done (Incomplete Submission)  X**

**Date of Decision/Recommendation Letter:** Examinee withdrew on 8/10/01

**NBME Consultant: Gordon      Other    None (Withdrew)    X**

**USMLE Step:** 1

**Rationale:**

File 7 did not provide the proper documentation needed for processing a request for accommodations. File 7 was informed that for the NBME to properly evaluate the request for accommodations, the evaluation should include a current comprehensive evaluation including a formal diagnosis based on a review of professionally recognized diagnostic criteria. Additionally, the evaluator should identify specific functional limitations and provide an explanation of how the recommended accommodations will reduce the impact of those identified functional limitations on the testing activity. This information would assist in determining whether File 7 is a covered individual as defined by the Americans with Disabilities Act and if so, what accommodations would be appropriate.   File 7 subsequently faxed a letter requesting the file to be released for registration as examinee had decided to take USMLE without accommodations.

**File#:** 9

**Disposition:** Other - Withdrew Request

**Diagnosis supported by documentation: Yes     No     Not Done (Incomplete Submission)  X**

**Date of Decision/Recommendation Letter:** Examinee withdrew on 6/13/05

**NBME Consultant:  Gordon      Other     Not Done (Incomplete Submission) X**

**USMLE Step:** 1

**Rationale:**

File 9 did not submit a current comprehensive evaluation and was denied accommodations.  File 9 was advised that in order for NBME to evaluate the request, File 9 should submit a current, comprehensive evaluation for both Learning Disorder and Attention Deficit Hyperactivity Disorders (ADHD) by a qualified evaluator.  The updated evaluation must include age-appropriate measures and report scores for all tests and subtests administered.  All academic achievement areas must be reported as age-based standard or scaled scores.  The evaluator must provide specific information concerning current functional limitations (what the examinee can and cannot do on a regular and continuing basis).  He/she must review and discuss the Diagnostic and Statistical Manual of Mental Disorders, Fourth Edition (DSM-IV).  Furthermore, since learning disorder and ADHD are developmental disorders, they have a childhood onset that typically results in a chronic and pervasive pattern of functional impairment in academic, social, or vocational arenas, and often in daily adaptive functioning.  It is important to provide original, objective documentation endorsing chronic impairment historically and currently as well as official reports regarding any accommodations received throughout the examinee's education. Subsequently, File 9 withdrew the request for accommodations.

**File#:** 21

**Disposition:** Other – Withdrew Request

**Diagnosis supported by documentation: Yes     No     Not Done (Incomplete Submission)  X**

**Date of Decision/Recommendation Letter:** Examinee withdrew on 5/19/04

**NBME Consultant: Gordon   Other     Not Done (Incomplete Submission)  X**

**USMLE Step:** 1

**Rationale:**

File 21 was advised that to assist the NBME in making a proper determination regarding the request, File 21 must submit additional information describing current functional impairment.  The examinee will need to submit a current comprehensive evaluation that includes a behavioral assessment and describes current level of functioning.  All psychoeducational testing must be reported using age norms.  ADHD is a developmental disability with a childhood onset that typically results in a chronic and pervasive pattern of functional impairment in academic, social, vocational or daily adaptive functioning.  It is important that the examinee provides objective documentation endorsing chronic impairment historically and currently as well as official reports regarding any accommodations received throughout the examinee's education.  File 21 was directed to provide objective records validating a history of impairment such as diagnostic evaluations, reports cards, reports from parents, teachers, tutors or other past treatment providers describing the nature of any academic and behavioral problems. This information will assist us in determining whether you are a covered individual as defined by the Americans with Disabilities Act.   Subsequently, File 21 withdrew the request for accommodations.

**File#:** 22

**Disposition:**   Other – Withdrew Request

**Diagnosis supported by documentation: Yes      No      Not Done   X**

**Date of Decision/Recommendation Letter:**   Examinee withdrew on 6/17/04

**NBME Consultant: Gordon      Other      Not Done   X**

**USMLE Step:** 1

**Rationale:**

File 22 was advised that, in order for the NBME to properly evaluate the request for accommodations, the results of all standardized testing must be presented using age norms as a standard score across all measures.  It is important to understand that a diagnostic label, in and of itself, does not establish coverage under the ADA.  The documentation must clearly establish substantial functional impairment in a major life activity (learning, school) and specify what, if any accommodations would be appropriate to ameliorate the impact of the impairment so as to assure equal access to USMLE. Subsequently, File 22 withdrew the request for accommodations.

**File#:** 33

**Disposition:**   Other - Withdrew

**Diagnosis supported by documentation: Yes      No      Not Done  X**

**Date of Decision/Recommendation Letter:**   Examinee withdrew on 2/22/00

**NBME Consultant: Gordon       Other      Not Done  X**

**USMLE Step:** 1

**Rationale:**

File 33 was advised that the documentation submitted was not sufficient to allow the
NBME to determine whether or not File 33 qualified as a disabled individual under the
Americans with Disabilities Act (ADA).  To rise to the level of a disability, an
impairment must significantly restrict one or more of an individual's major life activities.
Despite the attentional struggles described, File 33 presented very little objective
information to indicate that ADHD symptoms currently and significantly interfere with a
major life activity.  Individuals with ADHD show a lifelong pattern of poor adjustment
that leaves a trail of disruption in its wake.  Retrospective recall of simply experiencing
ADHD-like symptoms without documented impairment in functioning is not enough to
justify a diagnosis.  In summary, the information that File 33 and File 33's evaluators
have provided does not indicate substantially limitation in functioning.  Therefore, the
NBME could not currently conclude that File 33 was eligible for test accommodations
under the ADA.  Subsequently, File 33 withdrew the request for accommodations.

**File#:**  40

**Disposition:**   Other- Withdrew Request

**Diagnosis supported by documentation:**   Yes    No        Not Done (Incomplete Submission) X

**Date of Decision/Recommendation Letter:**   Examinee withdrew on 8/9/05

**NBME Consultant:  Gordon        Other        Not Done  X**

**USMLE Step:** 1

**Rationale:**

File 40 was advised that in order for the NBME to make an informed decision, the NBME would need additional information regarding File 40's reported ongoing and current impairment, and was asked to submit a comprehensive evaluation from a qualified diagnostician experienced in rendering diagnoses of ADHD.  The evaluator must review and discuss the Diagnostic and Statistical Manual of Mental Disorders, Fourth Edition (DSM-IV) diagnostic criteria for ADHD and describe the extent to which File 40 meets these criteria.  The report must include information about the specific symptoms exhibited and document that File 40 meets criteria for long-standing history, impairment and pervasiveness.  Additionally File 40 was asked to provide objective primary documentation of current functional impairment (what File 40 can and cannot do on a regular and continuing basis) beyond the test taking activity as it is important to demonstrate significant impairment in one or more major life activities.  This information will assist in determining whether File 40 is covered individual as defined by the Americans with Disabilities Act and if so, what accommodations would be appropriate.  Subsequently, File 40 withdrew the request for accommodations.