**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Ralph E. Krolik, M.D., | ) | No. CV-05-0315-PHX-FJM |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| National Board of Medical Examiners, | ) | |
| Defendant. | ) | |

The court has before it defendant's motion for summary judgment (doc. 115), plaintiff's response (doc. 120), and defendant's reply (doc. 143).

Plaintiff graduated from medical school in 1996 at the age of 52. Defendant National Board of Medical Examiners (NBME) administers the United States Medical Licensing Examination (USMLE) to all medical school graduates as a prerequisite to obtaining a medical license. After plaintiff unsuccessfully attempted to pass the USMLE on several different occasions, he requested testing accommodations under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12189, claiming that he suffers from attention deficit/hyperactivity disorder (ADHD) or a learning disability, which prevented him from passing the exam. In particular, plaintiff requested additional time to take the exam and to use paper and a pencil rather than a computer. Defendant NBME denied the request for accommodations, concluding that plaintiff failed to show that he suffers from ADHD or a

1 learning disability and failed to demonstrate a substantial limitation of a major life activity.
2 Plaintiff then filed this action asserting that his impairment substantially limits his major life
3 activity of working and seeking accommodation under the Act.

4 An individual has a disability under the ADA if he has "a physical or mental
5 impairment that substantially limits one or more of the major life activities of such
6 individual." Id. at § 12102(2)(A). The Supreme Court has concluded that "these terms need
7 to be interpreted strictly to create a demanding standard for qualifying as disabled." Toyota
8 Motor Mfg., Ky., Inc. v. Williams, 534 U.S. 184, 197, 122 S. Ct. 681, 691 (2002). A three-
9 part test is applied to determine whether a plaintiff is entitled to an accommodation under the
10 ADA: (1) whether the plaintiff's condition constitutes a mental or physical impairment; (2)
11 whether the impairment impacts a major life activity; and (3) whether the impairment
12 substantially limits the major life activity. Wong v. Regents of the Univ. of Cal., 410 F.3d
13 1052, 1063 (9th Cir. 2005).

14 NBME first challenges whether plaintiff in fact has an impairment, arguing that
15 ADHD by definition is a disorder with an early childhood onset, yet plaintiff was not
16 diagnosed with ADHD until 1998, at the age of 54. NBME argues that notwithstanding that
17 ADHD was not a recognized disorder until more recently, plaintiff's early childhood records
18 fail to indicate that he had behavioral symptoms of the disorder as a child. NBME also
19 contends that plaintiff is unable to satisfy the second prong of the three-part test because
20 working is not recognized as major life activity.[1] We need not reach these issues, however,
21 because even if we assume that plaintiff has an impairment, and that working is a major life
22 activity, he has failed to establish a triable issue of fact as to whether his impairment
23 substantially limits a major life activity.

24 In Sutton v. United Air Lines, Inc., 527 U.S. 471, 492, 119 S. Ct. 2139, 2151 (1999),
25 the Court noted that, even assuming that working is a major life activity, a claimant would

---

[1]The Ninth Circuit has not conclusively determined that working is a major life
28 activity. Wong v. Regents of the Univ. of Cal., 410 F.3d 1052, 1063 (9th Cir. 2005).

- 2 -

1   be required to show an inability to work in a "broad range of jobs," rather than a specific job.
2   Moreover, a claimant's limitation must be substantial "as compared to the average person
3   having comparable training, skills and abilities." Thornton v. McClatchy Newspapers, Inc.,
4   261 F.3d 789, 794-95 (9th Cir. 2001) (assuming without deciding that working is a major life
5   activity). "The inability to perform a single, particular job does not constitute a substantial
6   limitation in the major life activity of working." Id. at 795. See also, McGuinness v. Univ.
7   of N.M. School of Med., 170 F.3d 974, 979 (10th Cir. 1998) ("For the purposes of the ADA,
8   inability to pursue one career, such as medicine, does not constitute a severe impact on an
9   individual's life.").

10   Plaintiff claims that his impairment prevents him from passing the USMLE and that
11   this in turn affects the major life activity of working as a physician. This analysis, however,
12   disregards the requirement that plaintiff establish that he is unable to work in a broad range
13   of jobs rather than a specific job. Sutton, 527 U.S. at 492, 119 S. Ct. at 2151. The record
14   indicates that plaintiff has had a successful work history for over thirty years. He has worked
15   or been a student almost continuously since he graduated from high school in 1962. He
16   bought his first company in 1970, a "full-service pharmacy," and employed five to six
17   people. He later sold that business and founded RFK Industries, a multi-million dollar
18   company that manufactured and distributed over 50 cleaning products, and had over 30
19   employees. Plaintiff served as president and sole owner of the company with an annual
20   average income in the range of $200,000 to $300,000. Plaintiff eventually sold this business
21   and went to medical school. Since his graduation from medical school, plaintiff has been
22   working as a pharmacist.

23   Plaintiff's long and successful work history undermines his claim that he is
24   substantially limited in the major life activity of working. His inability to pass a particular
25   exam, and the attendant inability to seek employment as a doctor, does not qualify as a
26   disability under the ADA.

27   Plaintiff also claims that he is limited in his major life activities of learning and
28   reading. We denied plaintiff's late motion to amend his complaint for the purpose of

- 3 -

1  including learning and reading as life activities limited by his impairment, concluding that
2  he failed to show good cause for the late amendment (doc. 99).  Nevertheless, plaintiff
3  continues to assert that he is substantially limited in the major life activities of learning and
4  reading.  Even if we were to consider the impact of his alleged impairment on these life
5  activities, our decision granting defendant's motion for summary judgment would be the
6  same.

7  Academic success is "directly inconsistent" with a claim that one is substantially
8  limited in learning, especially where there have been no accommodations.  Wong, 410 F.3d
9  at 1066-67.  Here, plaintiff's extensive record of substantial academic success belies his claim
10 that the major life activity of learning is substantially limited.  Plaintiff attended the
11 University of New Mexico, where he completed a five-year program for a bachelor of
12 science in pharmacy in only four years, and subsequently passed the two-day written exam
13 to become a licensed pharmacist in Arizona.  Plaintiff graduated from the American
14 University of the Caribbean, receiving passing and honors marks in every class.  Each stage
15 of plaintiff's academic success was met without the benefit of any special accommodations.

16 Similarly, to support a claim that a plaintiff is substantially limited in reading, he must
17 establish that "he was substantially limited in his ability to read for purposes of daily living,"
18 such as reading "newspapers, government forms, street signs, or the like." Id. at 1066-67.
19 The "relationship between reading and academic success is sufficiently close" so that it
20 would be difficult for a claimant with academic success to establish that he is substantially
21 limited in reading.  Id. at 1067.  Given plaintiff's substantial history of academic success
22 without accommodations, we conclude that plaintiff has failed to establish a triable issue of
23 fact as to whether he is substantially limited in the major life activities of learning and
24 reading.

25 Finally, we reject plaintiff's argument that because NBME offered accommodations
26 to others who were diagnosed with ADHD, he is similarly entitled to accommodations.  It
27 is clearly established that an individual cannot prove disability status by "merely submit[ting]
28 evidence of a medical diagnosis of an impairment." Toyota Motor, 534 U.S. at 198, 133 S.

1 Ct. at 691.  Instead, the ADA requires claimants "to prove a disability by offering evidence
2 that the extent of the limitation caused by their impairment in terms of their own experience
3 is substantial."  Id. (quotation omitted).  Plaintiff has failed to do so.

Therefore, **IT IS ORDERED GRANTING** defendant's motion for summary judgment (doc. 115), and directing the clerk to enter judgment in favor of defendant.

DATED this 27th day of June, 2006.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge

- 5 -