## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Ralph E. Krolik, M.D., | ) **JUDGMENT IN A CIVIL CASE** |
| Plaintiff, | ) CV 05-315-PHX-FJM |
| v. | ) |
| National Board of Medical Examiners, | ) |
| Defendant. | ) |

\_\_\_  Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

_X_  Decision by Court. This action came for consideration before the Court. The issues have been considered and a decision has been rendered.

IT IS ORDERED AND ADJUDGED that pursuant to the Court's order filed June 28, 2006, having granted Defendant's Motion for Summary Judgment, judgment is entered in favor of Defendant.

June 28, 2006

RICHARD H. WEARE
District Court
Executive/Clerk

s/Shelly Butout
By: Shelly Butout
Deputy Clerk

cc: (all counsel)

WO

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Ralph E. Krolik, M.D., | ) | No. CV-05-0315-PHX-FJM |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| National Board of Medical Examiners, | ) | |
| Defendant. | ) | |

The court has before it defendant's motion for summary judgment (doc. 115), plaintiff's response (doc. 120), and defendant's reply (doc. 143).

Plaintiff graduated from medical school in 1996 at the age of 52. Defendant National Board of Medical Examiners (NBME) administers the United States Medical Licensing Examination (USMLE) to all medical school graduates as a prerequisite to obtaining a medical license. After plaintiff unsuccessfully attempted to pass the USMLE on several different occasions, he requested testing accommodations under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12189, claiming that he suffers from attention deficit/hyperactivity disorder (ADHD) or a learning disability, which prevented him from passing the exam. In particular, plaintiff requested additional time to take the exam and to use paper and a pencil rather than a computer. Defendant NBME denied the request for accommodations, concluding that plaintiff failed to show that he suffers from ADHD or a

learning disability and failed to demonstrate a substantial limitation of a major life activity. Plaintiff then filed this action asserting that his impairment substantially limits his major life activity of working and seeking accommodation under the Act.

An individual has a disability under the ADA if he has "a physical or mental impairment that substantially limits one or more of the major life activities of such individual." Id. at § 12102(2)(A). The Supreme Court has concluded that "these terms need to be interpreted strictly to create a demanding standard for qualifying as disabled." Toyota Motor Mfg., Ky., Inc. v. Williams, 534 U.S. 184, 197, 122 S. Ct. 681, 691 (2002). A three-part test is applied to determine whether a plaintiff is entitled to an accommodation under the ADA: (1) whether the plaintiff's condition constitutes a mental or physical impairment; (2) whether the impairment impacts a major life activity; and (3) whether the impairment substantially limits the major life activity. Wong v. Regents of the Univ. of Cal., 410 F.3d 1052, 1063 (9th Cir. 2005).

NBME first challenges whether plaintiff in fact has an impairment, arguing that ADHD by definition is a disorder with an early childhood onset, yet plaintiff was not diagnosed with ADHD until 1998, at the age of 54. NBME argues that notwithstanding that ADHD was not a recognized disorder until more recently, plaintiff's early childhood records fail to indicate that he had behavioral symptoms of the disorder as a child. NBME also contends that plaintiff is unable to satisfy the second prong of the three-part test because working is not recognized as major life activity.[1] We need not reach these issues, however, because even if we assume that plaintiff has an impairment, and that working is a major life activity, he has failed to establish a triable issue of fact as to whether his impairment substantially limits a major life activity.

In Sutton v. United Air Lines, Inc., 527 U.S. 471, 492, 119 S. Ct. 2139, 2151 (1999), the Court noted that, even assuming that working is a major life activity, a claimant would

---

[1] The Ninth Circuit has not conclusively determined that working is a major life activity. Wong v. Regents of the Univ. of Cal., 410 F.3d 1052, 1063 (9th Cir. 2005).

be required to show an inability to work in a "broad range of jobs," rather than a specific job. Moreover, a claimant's limitation must be substantial "as compared to the average person having comparable training, skills and abilities." Thornton v. McClatchy Newspapers, Inc., 261 F.3d 789, 794-95 (9th Cir. 2001) (assuming without deciding that working is a major life activity). "The inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working." Id. at 795. See also, McGuinness v. Univ. of N.M. School of Med., 170 F.3d 974, 979 (10th Cir. 1998) ("For the purposes of the ADA, inability to pursue one career, such as medicine, does not constitute a severe impact on an individual's life.").

Plaintiff claims that his impairment prevents him from passing the USMLE and that this in turn affects the major life activity of working as a physician. This analysis, however, disregards the requirement that plaintiff establish that he is unable to work in a broad range of jobs rather than a specific job. Sutton, 527 U.S. at 492, 119 S. Ct. at 2151. The record indicates that plaintiff has had a successful work history for over thirty years. He has worked or been a student almost continuously since he graduated from high school in 1962. He bought his first company in 1970, a "full-service pharmacy," and employed five to six people. He later sold that business and founded RFK Industries, a multi-million dollar company that manufactured and distributed over 50 cleaning products, and had over 30 employees. Plaintiff served as president and sole owner of the company with an annual average income in the range of $200,000 to $300,000. Plaintiff eventually sold this business and went to medical school. Since his graduation from medical school, plaintiff has been working as a pharmacist.

Plaintiff's long and successful work history undermines his claim that he is substantially limited in the major life activity of working. His inability to pass a particular exam, and the attendant inability to seek employment as a doctor, does not qualify as a disability under the ADA.

Plaintiff also claims that he is limited in his major life activities of learning and reading. We denied plaintiff's late motion to amend his complaint for the purpose of

- 3 -

including learning and reading as life activities limited by his impairment, concluding that he failed to show good cause for the late amendment (doc. 99). Nevertheless, plaintiff continues to assert that he is substantially limited in the major life activities of learning and reading. Even if we were to consider the impact of his alleged impairment on these life activities, our decision granting defendant's motion for summary judgment would be the same.

Academic success is "directly inconsistent" with a claim that one is substantially limited in learning, especially where there have been no accommodations. Wong, 410 F.3d at 1066-67. Here, plaintiff's extensive record of substantial academic success belies his claim that the major life activity of learning is substantially limited. Plaintiff attended the University of New Mexico, where he completed a five-year program for a bachelor of science in pharmacy in only four years, and subsequently passed the two-day written exam to become a licensed pharmacist in Arizona. Plaintiff graduated from the American University of the Caribbean, receiving passing and honors marks in every class. Each stage of plaintiff's academic success was met without the benefit of any special accommodations.

Similarly, to support a claim that a plaintiff is substantially limited in reading, he must establish that "he was substantially limited in his ability to read for purposes of daily living," such as reading "newspapers, government forms, street signs, or the like." Id. at 1066-67. The "relationship between reading and academic success is sufficiently close" so that it would be difficult for a claimant with academic success to establish that he is substantially limited in reading. Id. at 1067. Given plaintiff's substantial history of academic success without accommodations, we conclude that plaintiff has failed to establish a triable issue of fact as to whether he is substantially limited in the major life activities of learning and reading.

Finally, we reject plaintiff's argument that because NBME offered accommodations to others who were diagnosed with ADHD, he is similarly entitled to accommodations. It is clearly established that an individual cannot prove disability status by "merely submit[ting] evidence of a medical diagnosis of an impairment." Toyota Motor, 534 U.S. at 198, 133 S.

1  Ct. at 691. Instead, the ADA requires claimants "to prove a disability by offering evidence
2  that the extent of the limitation caused by their impairment in terms of their own experience
3  is substantial." Id. (quotation omitted). Plaintiff has failed to do so.
4  Therefore, **IT IS ORDERED GRANTING** defendant's motion for summary
5  judgment (doc. 115), and directing the clerk to enter judgment in favor of defendant.
6  DATED this 27th day of June, 2006.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge

- 5 -